Charles P. Maher, State Bar No. 124748
RINCON LAW, LLP
200 California Street, Suite 400
San Francisco, CA 94111
Telephone No.: 415-840-4199
Facsimile No.: 415-680-1712
Email: cmaher@rinconlawllp.com

Counsel for Andrea A. Wirum,
Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>    SVP,<br><br>        Debtor. | Case No. 17-10067 RLE<br>Chapter 11<br>Hon. Roger L. Efremsky |

**STIPULATION RE: DIVISION OF SALE PROCEEDS,
PAYMENT OF ADMINISTRATIVE EXPENSES,
AND LIQUIDATION OF UNSECURED INTERCOMPANY DEBT**

Andrea A. Wirum, Chapter 11 Trustee of the estate of the above Debtor, and Timothy W. Hoffman, Chapter 11 trustee of the estate of SVC (Case No. 17-10065 RLE) and predecessor Chapter 11 trustee in the above case, stipulate as follows:

1.  The appointment of Timothy W. Hoffman as Chapter 11 trustee of the jointly administered estates of SVC and SVP was confirmed by order dated August 29, 2017.

2.  SVP owned a 26.1-acre parcel of land with significant improvements at 1090 Galleron Road in Saint Helena, California (the "Property"). SVP cultivated approximately 24 acres of wine grapes on the Property. The Property is considered to be within the Rutherford American Viticultural Area.

3.  By agreement with SVP, SVC operated a winery business in the improvements on the Property. SVC and SVP are related entities and throughout the years engaged in inter-company transactions, including the sale by SVP of wine grapes to SVC.

4.      From time to time, the debtors or their principals have proposed reorganization plans that, in effect, would have combined the two reorganized debtors into a single entity in significant respects. Those plans were not confirmed, but Mr. Hoffman and the debtors' principals contemplated a joint plan that provided for a similar reorganization scenario.

5.      By motion filed on November 10, 2017, Mr. Hoffman proposed a sale of the Property in the SVP case and the winery business and all of its assets in the SVC case. The proposed sale was free and clear of certain liens and encumbrances under 11 U.S.C. § 363(f). The Court approved the motion by order dated December 11, 2017. Most of the liens and encumbrances were satisfied from escrow. The remaining liens and encumbrances reattached to the proceeds of sale as provided by the Court's order, including a producer's lien in favor of SVP securing $445,721.44 that attached to SVC's share of the proceeds of sale.

6.      Section 55631 *et seq.* of the California Food and Agricultural Code imposes a "producer's lien" to secure the contractual amount owed by a winery business to a grape grower. Under Section 55633 of the California Food and Agricultural Code, producer's liens have priority over financial institutions that have lent money to the buyer.

7.      At the time Mr. Hoffman filed the sale motion, the 2017 "crush" had just been completed and SVP had delivered to SVC 82.85 tons of wine grapes (Cabernet Franc, Cabernet Sauvignon, Merlot, Petit Verdot, Malbec, and Chardonnay). SVC received the grapes, crushed and fermented them into wine, and added the product to SVC's inventory that was sold to the buyer.

8.      The amount owed was finalized in January 2017. After the sale closed, the aggregate contract price for the 2017 grapes was $506,600.20 based on prevailing prices in the Rutherford area of the Napa Valley. The increase in price from 2016 was 11.5 percent across the Napa Valley.

9.      The account receivable from purchase of the 2017 grapes was not specifically characterized as a producer's lien in the sale motion, but was and is an administrative expense of the SVC estate.

10.     Section 55638 of the California Food and Agricultural Code provides that the producer's lien statutes "shall not prohibit the sale of any farm product or processed form of the product to which such a lien has attached, so long as the total proceeds of the sale are used to satisfy

obligations to producers which are secured by a lien established pursuant to this chapter."

11. The sale to the buyer produced sufficient proceeds for payment of the amount owed for the 2017 crop.

12. Mr. Hoffman and the buyer determined the appropriate allocation of gross sales proceeds among the assets, which resulted in a tentative division of the proceeds between the estates.

13. In their schedules filed in early 2017, SVP disclosed an amount receivable from SVC on inter-company transactions in the amount of $2,130,720. SVC noted a debt to SVP in the same amount. The amount was not challenged until Stephen Finn filed an objection to the SVP claim in the SVC case which made a potential conflict and actual conflict between the two estates (which had been recognized from the beginning of Mr. Hoffman's appointment). As contemplated at the time of his appointment, Mr. Hoffman resigned as Chapter 11 trustee of the SVP estate.

14. Ms. Wirum and her professionals have reviewed the proposed allocation and have found the 61.43/38.57 percent allocation of gross sale proceeds to be justified. After an adjustment for the payment of interest to Winery Rehabilitation, LLC, during 2017 ($390,000 total, with $239,578 allocated to SVP and $150,422 allocated to SVC), the allocation of net proceeds is 57.55 percent to SVP and 42.45 percent to SVC.

15. The trustees and their professionals have discussed the remaining pre-petition and post-petition debts owed by SVC to SVP. They agree that the pre-petition debt from SVC to SVP reflected in the schedules of the two debtors has been reduced from $2,130,720 to $62,838.56 (in recognition of the $445,721.44 producer's lien secured by sale proceeds and $1,572,160 paid from escrow to Mr. Finn, and elimination of a $50,000 discrepancy that could not be identified).

16. The trustees and their professionals have agreed that the post-petition amount owed to SVP is $572,458.28 ($506,600.20 for the grape purchase, $70,000 in unpaid post-petition rent for February 2017, December 2017, and the first ten days of January 2018, less $4,141.92 in amounts owed by SVP to SVC).

17. This stipulation will be filed in the SVP case and in the SVC case and is subject to Bankruptcy Court approval on adequate notice in both cases.

By this stipulation, the Ms. Wirum and Mr. Hoffman are requesting an order authorizing Mr.

Hoffman to (a) transfer 57.55 percent of the net sale proceeds from the account he maintained for SVP to the account maintained by Ms. Wirum, (b) pay $572,458.28 in administrative expense debt to the SVP estate, and (c) release to Ms. Wirum the $445,721.44 secured by the producer's lien on SVC's share of sale proceeds. They are further seeking recognition of the reduction in SVP's general unsecured claim in the SVC case to $62,838.56 which will be paid if and when funds are available for distribution to unsecured creditors according to the order approving the settlement with Mr. Finn approved by order dated May 20, 2019.

DATED: October 17, 2019     DUANE MORRIS LLP

*/s/Aron M. Oliner*
Aron M. Oliner
Counsel for Timothy W. Hoffman,
Chapter 11 Trustee of the estate of SVC

DATED: October 17, 2019     RINCON LAW, LLP

By: */s/Charles P. Maher*
Charles P. Maher
Counsel for Andrea A. Wirum,
Chapter 11 Trustee of the SVP estate