Charles P. Maher, State Bar No. 124748
RINCON LAW, LLP
200 California Street, Suite 400
San Francisco, CA 94111
Telephone No.: 415-840-4199
Facsimile No.: 415-680-1712
Email: cmaher@rinconlawllp.com

Counsel for Andrea A. Wirum,
Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>     SVP,<br><br>          Debtor. | Case No. 17-10067 RLE<br>Chapter 11<br>Hon. Roger L. Efremsky |

**OBJECTION TO CLAIMS**

Andrea A. Wirum, Chapter 11 Trustee of the estate of the above Debtor, hereby objects to claims filed against the above Debtor by Stephen A. Finn and Winery Rehabilitation, LLC.

**I.    INTRODUCTION**

The above Debtor's case and the case of SVC were jointly administered by order dated March 13, 2017. As the earlier filed case, the SVC case has been the lead case and all proofs of claim except one tax claim have been filed under the SVC case number regardless of the debtor against which the claim was asserted. Winery Rehabilitation, LLC ("WR") filed Claim No. 11 against SVP and Claim No. 12 against SVC. Stephen A. Finn filed Claim No. 13 against SVP and Claim No. 14 against SVC. The claims were most recently amended on September 11, 2018 (Claims 11-2 and 13-3). Authentic copies of the first pages of Claims 11-2 and 13-3 are attached as **Exhibits A** and **B**, respectively. WR is controlled by Mr. Finn.

Joint administration of the estates was severed by order dated August 26, 2019.

## II. PERTINENT FACTS

The debtors-in-possession filed a complaint (the "Adversary Proceeding") in the Bankruptcy Court against Mr. Finn and Angelica DeVere (a former SVC employee) on July 14, 2017, seeking the following relief: (a) disallowance of their claims in both bankruptcy cases and (b) damages to both entities caused by Mr. Finn's and Ms. DeVere's alleged misconduct in management of the two debtors and other misconduct. WR was not named as a defendant.

Approximately one month later, Timothy W. Hoffman was appointed Chapter 11 trustee of both estates and became sole representative of each estate and the real party-in-interest in the Adversary Proceeding.

On October 6, 2017, two of five SVP general partners, Kelleen Sullivan and Ross Sullivan, filed a complaint against Mr. Finn and Trust Company of America, an entity Mr. Finn controlled, in the United States District Court for the Northern District of California (the "District Court Action") by which they as individuals sought damages for alleged misconduct caused by Mr. Finn and Trust Company of America. WR was not named as a defendant.

On January 10, 2018, Mr. Hoffman completed the sale of most of the assets of both estates and paid Mr. Finn's secured claim for principal, interest, other charges, and attorney fees and WR's secured claim for principal, interest, other charges, and attorney fees. Except for the Adversary Proceeding, payment on the Finn and WR payoff demands should have ended the relationship of the debtors with Mr. Finn and WR.

In March 2018, Kelleen Sullivan and Ross Sullivan, acting on their own behalf, filed objections to the existing claims of Mr. Finn and WR. Those claim objections were resolved in part by recognition of the payments to Mr. Finn and WR made from escrow. However, objections to other aspects of Mr. Finn's and WR's claims remain pending.

In September 2018, Mr. Finn and Ms. DeVere brought a summary judgment motion in the Adversary Proceeding. The Bankruptcy Court did not rule on the motion; it transferred the Adversary Proceeding to the District Court and it was assigned to the Honorable William Orrick who was presiding over the District Court Action and who had been involved in another action brought by Mr. Finn against Joanna Sullivan.

In March 2019, Mr. Hoffman, Ms. DeVere, other former employees, WR, and Mr. Finn reached a compromise of the estate's claims against Mr. Finn and Ms. DeVere, and the claims of Ms. DeVere and the other employees against the two estates. The compromise was approved by the Bankruptcy Court by order dated May 20, 2019. Mr. Hoffman dismissed the Adversary Proceeding against Mr. Finn and Ms. DeVere with prejudice. The settlement agreement provided that (a) Mr. Finn's and WR's claims in the two bankruptcy cases "are [not] being liquidated or resolved" by the settlement agreement and (b) the parties to the agreement "shall bear their own costs, expenses and attorneys' fees incurred in connection with the Napa County Action [i.e., involving the employees], Adversary Proceeding, District Court Action and the Bankruptcy Cases, and the negotiation, preparation and application for Bankruptcy Court approval of this Agreement."

In July 2019, Mr. Finn and Trust Company of America brought a motion for judgment on the pleadings in the District Court Action. On September 6, 2019, the District Court granted that motion with leave for Kelleen Sullivan and Ross Sullivan to file an amended complaint. They filed an amended complaint. Mr. Finn and Trust Company of America filed a second motion for judgment on the pleadings, which Kelleen Sullivan and Ross Sullivan have opposed. A hearing is scheduled for November 20, 2019.

### III. TRUSTEE'S OBJECTION

The Trustee's objections are to Claim No. 11 and Claim No. 13 against SVP as amended or to be amended. There is no intent on the part of the Trustee for her objection to pertain to the claims filed against SVC by WR and Mr. Finn or to claims among SVP's individual partners.

When Claim Nos. 11 and 13 were filed, they were based on amounts due under two promissory notes executed by SVP and SVC. The underlying principal amounts due with interest, attorney fees, and other charges to date were paid from escrow on or about January 10, 2018, in connection with the sale by the Chapter 11 trustee of the jointly administered estates of most of the assets of the estates. The Trustee is aware that the payoff demands submitted by WR and Mr. Finn may not have included attorney fee charges between December 1, 2017, and January 10, 2018. It is the Trustee's position that those fees and charges have been waived.

The stated basis for WR's amended Claim No. 11-2 filed on September 11, 2018 is that: (a)

WR is entitled to reimbursement of attorney fees and expenses in connection with claims asserted against WR arising from or relating to the underlying loan agreement under *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F 3d. 525, 528-29 (9th Cir. 1998) and (b) WR is entitled to attorney fees and expenses in connection with defense against the Adversary Proceeding brought by the debtors-in-possession, the District Court action brought against WR by Kelleen Sullivan and Ross Sullivan, and the claim objection filed by Ross Sullivan and Kelleen Sullivan.

The stated basis for Mr. Finn's amended claim 13-3 filed on September 11, 2018, is that (a) Mr. Finn asserts that he is entitled to attorney fees and expenses in connection with his defense against the Adversary Proceeding brought by the debtors-in-possession, the District Court action brought by Ross Sullivan and Kelleen Sullivan, and the claim objection filed by Ross Sullivan and Kelleen Sullivan. Mr. Finn does not mention the *Siegel* case but the Trustee assumes for purposes of this objection that he will assert that the *Siegel* case is authority for his recovery of defense costs from the partnership.

The Trustee is aware that the amended WR and Finn claims are subject to further amendment to increase the amounts requested. The amounts in the amended claims on file were liquidated as of August 30, 2018.

**A.   The Settlement Agreement Extinguished Any Right of Recovery of Attorney Fees, Costs, and Expenses from the Estate**

The first and most obvious ground for the Trustee's objection is the settlement agreement by which Mr. Finn and WR agreed to bear their own "costs, expenses and attorneys' fees in connection with the Napa County Action, the Adversary Proceeding, the District Court Action and the Bankruptcy Cases, and the negotiation, preparation and application for Bankruptcy Court approval of this Agreement."  Unless Mr. Finn and WR can show that this provision of the agreement has no meaning and that the Bankruptcy Court's approval of the settlement with this provision in the agreement is of no importance, their claims should be disallowed in their entirety.

If Mr. Finn and WR manage to persuade the Court that it should consider the claims on the merits, the Trustee has substantive objections.

## B. The Siegel Case Provides Only Limited Relief if it is Applicable

The Trustee objects to the WR and Finn claims against SVP on the grounds that the *Siegel* case does not apply to their claims with a limited exception for Mr. Finn only. SVP and its estate did not "return to the fray" as the *Siegel* case and subsequent cases require. The limited exception is fees and expenses incurred by Mr. Finn only in the Adversary Proceeding between January 10, 2018, and May 20, 2019. January 10, 2018, is the date on which the sale of assets closed; May 20, 2019, is the date on which the Bankruptcy Court approved the settlement of the Adversary Proceeding.

Unlike the Adversary Proceeding which was commenced by the two debtors-in-possession, the other litigation for which Mr. Finn and WR seek fee and expense reimbursement has been driven by two of SVP's five general partners, not by the SVP estate. Those two partners (a) filed the District Court Action against Mr. Finn and Trust Company of America for damage to them personally and (b) filed objections to the claims of WR and Mr. Finn. The two partners have taken other actions that have required response or other action by Mr. Finn's and WR's counsel. The two partners had and have no control over the bankruptcy estate and have taken actions on their own for their own benefit. The distinction between the bankruptcy estate and the two general partners has been the foundation of Mr. Finn's argument that the claims of the two general partners are derivative claims that were owned by SVP and released by Mr. Hoffman. Mr. Finn and WR cannot argue that (a) the two general partners do not have standing to assert derivative claims that were owned by the estate and were settled by Mr. Hoffman, and (b) if the two general partners do assert those claims, the estate is liable for the fees and expenses Mr. Finn and WR incur in responding to them.

Mr. Finn and WR will have to live with the positions they have taken in the District Court and in this Court. At most, *Siegel* can apply only to reasonable fees and expenses Mr. Finn incurred in defense of the Adversary Proceeding between January 10, 2018 (the date on which the underlying debt to Mr. Finn and WR was paid) and May 20, 2019, the date on which the settlement agreement with Mr. Hoffman was approved. *Siegel* has no applicability to any component of WR's claim or any of Mr. Finn's other claims.

C. **The Trustee's Objection Should Be Sustained**

Based on Mr. Finn's and WR's execution of the settlement agreement and approval of the agreement by the Bankruptcy Court, their claims are unenforceable under applicable law under any theory and should be disallowed in their entirety under 11 U.S.C. § 502(b)(1) in the SVP bankruptcy case.

If Mr. Finn has a *Siegel* claim, it is limited to the fees and expenses he alone incurred in the defense of the Adversary Proceeding during the time period identified above. To the extent Mr. Finn seeks to recover fees on any other matter and to the extent WR seeks to recover anything, the claims are unenforceable under applicable law and should be disallowed under 11 U.S.C. § 502(b)(1) in the SVP bankruptcy case.

DATED: November 27, 2019     RINCON LAW, LLP

By: */s/Charles P. Maher*
Charles P. Maher
Counsel for Andrea A. Wirum,
Chapter 11 Trustee of the SVP estate

Fill in this information to identify the case:

Debtor 1: Sullivan Vineyards Partnership

Debtor 2: _____
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of California

Case number: 17-10067 (Joint Adm. with 17-10065)

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Winery Rehabilitation, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☐ No
☑ Yes. From whom? Silicon Valley Bank, a California banking corporation

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Pillsbury Winthrop Shaw Pittman LLP
Name

Four Embarcadero Center, 22nd Floor
Number   Street

San Francisco        CA        94111
City                 State     ZIP Code

Contact phone (415) 983-1000

Contact email philip.warden@pillsburylaw.com

Where should payments to the creditor be sent? (if different)

Name _____
Number Street _____
City State ZIP Code _____
Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**
☐ No
☑ Yes. Claim number on court claims registry (if known) 11-1        Filed on 04/10/2017
                                                                     MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $ See Attachment 1 . **Does this amount include interest or other charges?**
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Attachment 1

**9. Is all or part of the claim secured?**

☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☑ Other. Describe: See Attachment 1

**Basis for perfection:** See Attachment 1

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ See Attachment 1
**Amount of the claim that is secured:** $ See Attachment 1
**Amount of the claim that is unsecured:** $ See Attachment 1 (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

Official Form 410 — Proof of Claim — page 2

Case 17-10065    Claim 11-2    Filed 09/11/18    Desc Main Document    Page 2 of 7

**EXHIBIT A**

Case: 17-10067    Doc# 52    Filed: 11/27/19    Entered: 11/27/19 11:47:35    Page 8 of 12

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No ☐ Yes. Check one: | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ |

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 9/11/2018

Signature

Print the name of the person who is completing and signing this claim:

Name: Philip S. Warden
Title: Attorney
Company: Pillsbury Winthrop Shaw Pittman LLP
Address: Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Contact phone: (415) 983-1000
Email: philip.warden@pillsburylaw.com

**EXHIBIT A**

**Fill in this information to identify the case:**

Debtor 1: Sullivan Vineyards Partnership

Debtor 2 (Spouse, if filing): _____

United States Bankruptcy Court for the: Northern District of California

Case number: 17-10067 (Joint Adm. with 17-10065)

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

---

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Stephen A. Finn
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Pillsbury Winthrop Shaw Pittman LLP
Name
Four Embarcadero Center, 22nd Floor
Number  Street
San Francisco   CA   94111
City    State   ZIP Code

Contact phone (415) 983-1000
Contact email philip.warden@pillsburylaw.com

Where should payments to the creditor be sent? (if different)
Name _____
Number  Street _____
City   State   ZIP Code
Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___

**4. Does this claim amend one already filed?**
☐ No
☑ Yes. Claim number on court claims registry (if known) 13-2    Filed on 03/06/2018
                                                                 MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

---

Official Form 410                Proof of Claim                page 1

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. Do you have any number you use to identify the debtor?
   ☑ No
   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. How much is the claim? $ See Attachment 1 . Does this amount include interest or other charges?
   ☐ No
   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

   See Attachment 1

9. Is all or part of the claim secured?
   ☐ No
   ☑ Yes. The claim is secured by a lien on property.
   
   Nature of property:
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☑ Other. Describe: See Attachment 1
   
   Basis for perfection: See Attachment 1
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)
   
   Value of property: $ See Attachment 1
   Amount of the claim that is secured: $ See Attachment 1
   Amount of the claim that is unsecured: $ See Attachment 1 (The sum of the secured and unsecured amounts should match the amount in line 7.)
   
   Amount necessary to cure any default as of the date of the petition: $_____
   
   Annual Interest Rate (when case was filed) ____%
   ☐ Fixed
   ☐ Variable

10. Is this claim based on a lease?
    ☑ No
    ☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

11. Is this claim subject to a right of setoff?
    ☑ No
    ☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. Check one: | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

### Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  9 / 11 / 2018
            MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

Name: Philip S. Warden
Title: Attorney
Company: Pillsbury Winthrop Shaw Pittman LLP
Identify the corporate servicer as the company if the authorized agent is a servicer.
Address: Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Contact phone: (415) 983-1000
Email: philip.warden@pillsburylaw.com

Official Form 410 — Proof of Claim — page 3

Case 17-10065   Claim 13-3   Filed 09/11/18   Desc Main Document   Page 3 of 7

**EXHIBIT B**

Case: 17-10067   Doc# 52   Filed: 11/27/19   Entered: 11/27/19 11:47:35   Page 12 of 12