Charles P. Maher, State Bar No. 124748
RINCON LAW, LLP
200 California Street, Suite 400
San Francisco, CA 94111
Telephone No.: 415-840-4199
Facsimile No.: 415-680-1712
Email: cmaher@rinconlawllp.com

Counsel for Andrea A. Wirum,
Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>    SVP,<br><br>        Debtor. | Case No. 17-10067 RLE<br>Chapter 11<br><br>Date:    December 17, 2019<br>Time:   1:30 p.m.<br>Place:   1300 Clay Street<br>           Hon. Roger L. Efremsky<br>           Courtroom 201<br>           Oakland, CA 94612 |

**OBJECTION TO DISCLOSURE STATEMENT**

      Andrea A. Wirum, Chapter 11 Trustee of the estate of the above Debtor, files this objection to the Disclosure Statement component of the Joint Plan and Disclosure Statement filed by Ross Sullivan and Kelleen Sullivan on November 12, 2019.

      1.     Page 2, Lines 22-28: A Chapter 7 liquidation would result in payment in full of all allowed claims other than the currently disputed claims of Stephen A. Finn and Winery Rehabilitation, LLC. The Disclosure Statement should make clear to creditors that they will not be paid interest under the Plan and will be paid interest in a Chapter 7 liquidation. Reference is made to an Exhibit 1 with a liquidation analysis; however, the Exhibit has not yet been provided. In short, the Trustee's liquidation analysis is as follows: there are sufficient funds on hand to pay all

administrative expenses and claims (with interest) and a large surplus to equity holders. As proposed, the plan does not comply with Section 1129(a)(7)(ii). For that reason, whether it has been proposed in good faith as required by Section 1129(a)(3) can be questioned, and it is questionable whether it is fair and equitable as required by Section 1129(b).

    2.    Page 9, Line 14: The stipulations have been approved in both cases and the Disclosure Statement should be amended to reflect approval.

    3.    Page 12, lines 7 – 20: If affirmative claims other than the claim against the Buchalter firm exist, they should be identified in some manner.

    4.    Page 15, Lines 18-21: References to Sections 544, 546, 547, and 548 should be clarified to reflect that statutes of limitations have passed and that claims under those statutes may no longer exist. If there are such claims, they should be identified in some form.

    5.    Page 9, lines 18 – 21. The sentence referring to the SVP claim being paid as a Class 3 claim in the SVP case is incorrect and should be deleted.

    6.    Page 18, lines 9 – 11: The description of the two Class 1 creditors implies that they have not already been paid when those secured claims received substantial payments without objection almost two years ago when the sale of assets closed. It is not clear whether there is intent is to revisit those claims under Section 502(j), or whether the disputes are limited to the amended, secured claims filed after the sale of assets closed.

    7.    Page 18, Lines 12-13: The description of Class 2 should eliminate reference to the SVP inter-company pre-petition receivable because it is not a debt in the SVP case.

    8.    Page 18, Lines 14-15: There do not appear to be any Class 3 creditors. SVP appeared to be the only creditor that fit within Class 3 but it cannot be a creditor in its own case. See paragraph 5 above. If there are no Class 3 creditors as presently defined, the term "class 3" should be used to describe the holders of equity interests who are presently in Class 4.

    9.    Page 19, Lines 18-28: The discussion of the Finn and Winery Rehabilitation secured claims is unclear. A creditor could infer from this discussion that the debts to these two disputed creditors have not already been paid in large part. Section 7.1 should be rewritten to explain to creditors that the underlying principal debts and interest, late fees, and attorney fees secured by the

deeds of trust were paid previously (without objection), and identify what aspect of the amended claims the Reorganized Debtor proposes to contest and the anticipated outcome.

10. Page 20, Lines 24-25: Ross Sullivan will be appointed managing general partner. The reorganized debtor will primarily be a fund of money that will be held in trust by the partnership's law firm. This paragraph should include a satisfactory explanation that justifies the apparent conflict of interest in Mr. Sullivan's roles as (a) the estate's fiduciary and (b) plaintiff in a District Court action against the largest creditor. On its face, the dual role appears inappropriate.

11. Pages 20 – 21 ("Professional Compensation"): If "persons" other than actual professionals will be paid (e.g., Ross Sullivan), they should be identified and the title of the section should be changed to "Professional and Management Compensation" or something similar.

12. Page 21, Lines 23-28: Ms. Sullivan and Mr. Sullivan seek access to and turnover of privileged communications between the trustees and their professionals and any work product of the trustees or their professionals. This provision appears to derive from the United States Supreme Court's opinion in *Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343, 105 S.Ct. 1986 (1985), and attempts to extend its holding to the successor to a bankruptcy estate. The *Weintraub* case involved a corporation, not a general partnership, and the Trustee is aware of no case that extends *Weintraub*'s holding to a general partnership case, let alone in the situation contemplated by the plan that has been proposed. A general partnership is different in many respects from a corporation and the Trustee is not aware of any case law that applies Weintraub in the context of a general partnership. The Trustee believes that it should be disclosed adequately that there may be no authority for this provision and it may be unenforceable.

13. Page 22, Section 8.7: The "plan disbursement account" section is murky. It appears that the "reorganized debtor payment cap" can be increased for any purpose. Creditors should be given assurance that under no circumstance with money be paid out to or for the benefit of partners until all claims are paid or otherwise resolved. This goes back to the appearance of conflict in Mr. Sullivan's role. If no Class 3 creditors exist as defined in the current version of the plan (see paragraphs 5 and 8 above) and holders of equity are given that title, the reference to Class 4 should be eliminated.

Case: 17-10067    Doc# 55    Filed: 11/27/19    Entered: 11/27/19 11:58:39    Page 3 of 4

3

14. Page 22, Section 8.8: This section on timing of distributions is not clear. There should be specific time given for the distribution or distributions to Class 2 creditors.

15. Article IX (Pages 25-26): This entire section suggests that executory contracts exist. If there are any, they should be identified in some form. If there are not, the section is confusing and should either be eliminated or prefaced with a statement that there are no known executory contracts.

DATED: November 27, 2019  RINCON LAW, LLP

By: */s/Charles P. Maher*
Charles P. Maher
Counsel for Andrea A. Wirum,
Chapter 11 Trustee of the SVP estate