Charles P. Maher, State Bar No. 124748
RINCON LAW, LLP
200 California Street, Suite 400
San Francisco, CA 94111
Telephone No.: 415-840-4199
Facsimile No.: 415-680-1712
Email: cmaher@rinconlawllp.com

Counsel for Andrea A. Wirum,
Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>    SVP,<br><br>        Debtor. | Case No. 17-10067 RLE<br>Chapter 11<br><br>Date:   December 17, 2019<br>Time:  1:30 p.m.<br>Place:  1300 Clay Street<br>          Hon. Roger L. Efremsky<br>          Courtroom 201<br>          Oakland, CA 94612 |

**TRUSTEE'S REPORT UNDER 11 U.S.C. SECTION 1106(a)(4) AND (5)**

    Andrea A. Wirum, Chapter 11 Trustee of the estate of the above Debtor, files this report on her investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor's estate and submits her recommendation regarding disposition of this case.

    Section 1106(a)(3) charges a Chapter 11 trustee with the investigation of the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan. The Trustee has conducted that investigation.

    Section 1106(a)(4) charges the Trustee with filing a statement of her investigation, including any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or

irregularity in management of the affairs of the Debtor or to a cause of action available to the estate. This statement fulfills the Trustee's obligation under 11 U.S.C. § 1106(a)(4).

Section 1106(a)(5) charges the Chapter 11 Trustee with filing a plan under Section 1121, filing a report of why the Trustee will not file a plan, or recommending conversion of the case to a case under Chapter 7, 12, or 13 of this title or dismissal of the case. This report constitutes the Trustee's report under § 1106(a)(5).

## I. BACKGROUND

The general background of this case and the related case of SVC is well known to the Court and parties in interest and, the Trustee believes, need not be repeated here. In short, the Debtor operated a vineyard in Rutherford, California that produced grapes which it sold to its related entity, Sullivan Vineyards Corporation, which operated a winery on the Debtor's property subject to an agreement on possession with the Debtor.

The major creditors of both estates were Stephen A. Finn, ex-spouse of Kelleen Sullivan, former general partner of the Debtor, and former majority shareholder of SVC, and Winery Rehabilitation, LLC, an entity controlled by Mr. Finn which acquired a debt secured by a first priority deed of trust against the Debtor's property and the assets of SVC when SVC and the Debtor defaulted in their payments and Silicon Valley Bank called Mr. Finn's guaranty.

After acquiring the Silicon Valley Bank debt, Mr. Finn commenced foreclosure proceedings which, the Trustee understands, prompted the filing of the Chapter 11 petitions by the Debtor and SVC. Approximately six months after the filings, in July 2017, the Debtor and SVC commenced an adversary proceeding against Mr. Finn and Trust Company of America seeking damages for breach of fiduciary duty and under other theories against them. One month after the debtors filed the complaint against Mr. Finn and Winery Rehabilitation, a hearing was held on confirmation of a plan proposed by the two debtors. The Trustee is informed and believes that not only did the Court decline to confirm the joint plan, it ordered the appointment of a Chapter 11 trustee; the appointment of Timothy W. Hoffman as Chapter 11 Trustee in each case was confirmed by order dated August 29, 2017.

In October 2017, Kelleen Sullivan and Ross Sullivan filed their own action in District Court against Mr. Finn and Trust Company of America for damages on theories similar to those stated in the adversary proceeding they had caused the two debtors to file in July 2017.

The Trustee is informed and believes that Mr. Hoffman analyzed the businesses of the two debtors and quickly concluded that they were not viable as going concerns and that their assets should be sold for maximum value. The Trustee is informed and believes that Ross Sullivan, the Debtor's responsible individual, was instrumental in locating a buyer willing to pay top price for the assets. Mr. Hoffman negotiated the sale and obtained approval of the Court for a sale of substantially all of the assets of both estates. The sale closed on January 10, 2018. The underlying debts to Mr. Finn and Winery Rehabilitation were paid from escrow.

Several months after the sale closed, Mr. Finn activated the adversary proceeding by filing a motion for summary judgment. The Bankruptcy Court transferred the adversary proceeding to the District Court to be considered with the action filed by Ms. Sullivan and Mr. Sullivan. Mr. Hoffman discussed settlement with both the Sullivans and Mr. Finn and arranged for a judicially supervised mediation with all parties. That mediation did not succeed. Later, Mr. Hoffman arranged for a mediation at Judicial Arbitration & Mediation Services ("JAMS") in which all parties participated. A partial settlement was reached among the (a) two estates, (b) Mr. Finn and Winery Rehabilitation, and (c) several former employees who had sued SVC in Napa County Superior Court and who had asserted large claims in the SVC estate. The Sullivans participated in discussions but did not become parties to the agreement and the agreement did not affect their rights or liabilities. The Bankruptcy Court approved the compromise in May 2019. The compromise resulted in dismissal of the adversary proceeding, withdrawal by the employees of their claims in the cases, release of all claims against Mr. Finn or related entities the estates might own, and agreement by all signatories that each would bear its own costs incurred in specifically identified matters.

The District Court litigation continued. Mr. Finn and Trust Company of America filed a motion for judgment on the pleadings against Kelleen Sullivan and Ross Sullivan. The hearing was held in August 2019; District Court granted the motion with leave for the Sullivans to amend their complaint. The Sullivans amended their complaint which drew another motion for judgment on the

pleadings by Mr. Finn and Trust Company of America. The hearing on that motion took place on November 20, 2019. The Trustee attended the hearing. The District Court made comments that suggested parts of the complaint would survive the motion but it did not rule from the bench. The motion is under submission.

On July 31, 2019, Mr. Finn and Winery Rehabilitation filed an objection to the $2.3 million inter-company claim asserted by the Debtor against the SVC estate. The objection made apparent a conflict between the two estates and, as anticipated at the time of his appointment, Mr. Hoffman resigned as trustee in the Debtor's estate which resulted in the appointment of Ms. Wirum as successor trustee.

Upon her appointment, the Trustee turned her attention to the objection to the inter-company claim and, with her professionals, negotiated an agreement with Mr. Hoffman regarding the inter-company claim, recognition of debts that had been paid on behalf of the Debtor's estate, and the allocation of the gross proceeds and net proceeds of the sale of assets. The two trustees executed a stipulation and each provided notice to creditors of the stipulation and their intent to obtain Court approval of it. The Court approved the stipulation in both cases by orders dated November 14, 2019, and November 15, 2019. The stipulation has resulted in receipt by the Trustee of approximately $4 million.

Shortly after her appointment, the Trustee learned that, before her appointment and after Mr. Hoffman resigned, Ross Sullivan signed and filed a tax return that did not reflect the sale of assets but did contain a vague note that the return might be amended. The Trustee found the note to be an inadequate disclosure.

The Trustee obtained authority from the Bankruptcy Court to file an amended 2018 tax return for the Debtor that reflected the sale of the Debtor's assets in January 2018. In the amended return filed by the Trustee, she opted out of the Centralized Partnership Audit Regime and reported the sale. The K-1 forms issued to partners show a substantial taxable gain which will result in tax liability for the general partners, depending on their own tax attributes.

The Trustee reviewed the claims on file and identified 12 claims asserted against the SVP estate: ten claims totaling approximately $124,000 are referred to as the "trade claims." The other

two claims are in favor of Mr. Finn and Winery Rehabilitation. These two claims are disputed. The Finn and Winery Rehabilitation claims are also obligations of the SVC estate. As part of the settlement approved by the Court in May 2019, Mr. Finn and Winery Rehabilitation agreed to subordinate their claims to the trade claims.

With the exception of the 10 prepetition trade claims, both bankruptcy cases are in large part a dispute between Ms. Sullivan and Mr. Sullivan and Mr. Finn that has grown out of the divorce of Ms. Sullivan and Mr. Finn.

Of the 10 non-Finn claims, seven were scheduled as undisputed and three were filed as proofs of claim and appear to be valid and unobjectionable. The 10 creditors have been unfairly caught up in the battle and the Trustee may seek authority from the Court to pay them with statutory interest on an interim basis. She sees no reason for those creditors to go unpaid for additional time.

The Trustee is informed and believes that, at this time, the aggregate amount of the Finn and Winery Rehabilitation claims against both estates is $1.6 million or more. They are likely to increase by amendments. The Trustee believes that grounds exist for objection to both claims in the Debtor's estate and she intends to prosecute claim objections. She believes that both claims may be disallowed or significantly reduced based on legal issues only.

## II. THE SULLIVAN PLAN OF REORGANIZATION

Ross Sullivan and Kelleen Sullivan have proposed a plan of reorganization that, in the Trustee's opinion, would result in substantial delay of administration of the estate at significant cost and to the detriment of the 10 creditors. The Sullivans have created an impaired class for confirmation purposes by declining to pay interest on the trade claims as part of the plan. With $4 million in the estate, administrative expenses of less than $500,000, and subordination of the Finn and Winery Rehabilitation debts, there is no logical or sound reason for the trade creditors to have their interests impaired. The Trustee believes that the maneuver has not been adequately disclosed in the plan and disclosure statement and is unjustified given the amount of the surplus. There is no reason not to pay these creditors in full. They have not been paid for three years and should not be held hostage while there is litigation over the claims of Mr. Finn and Winery Rehabilitation who have agreed that other creditors should be paid first.

The goal of the plan is to put control of the Debtor and SVC in the hands of Ross Sullivan. The focus of the plan is continued litigation with Mr. Finn and Winery Rehabilitation over their claims, not immediate payment to innocent creditors who could be paid in full with interest immediately given the cash on hand (approximately $4 million), the relatively small aggregate amount of those claims ($124,000 plus interest), and the agreement of Mr. Finn and Winery Rehabilitation that the other creditors should be paid ahead of themselves. The term "reorganized debtor" is a term of art in bankruptcy, but can be misleading to lay persons. The business was sold and there no longer is a business to operate: there is only a fund of money and claims against it. The merits of the Finn and Winery Rehabilitation claims must be addressed and the Trustee is in the process of addressing them and believes she will resolve the claims in a manner that will be acceptable to the Court.

### III.    EFFECT OF CONVERSION TO CHAPTER 7

With the exception of a "retained claim" against the Buchalter law firm (the value of which is uncertain), there are no assets other than the cash on hand. A Chapter 7 trustee would review the claims after expiration of the claims bar date, and would likely abandon any claim against the Buchalter firm because it would be of inconsequential value to the estate. A Chapter 7 trustee would file objections to the Finn and Winery Rehabilitation claims (or continue to prosecute the objections filed by the Chapter 11 Trustee before conversion) and would (a) obtain disallowance of or reduction in those claims, (b) would seek Court approval of a settlement of those claims, or (c) would have orders allowing the claims. A Chapter 7 trustee would then file a final report calling for payment of allowed administrative expenses and allowed, filed proofs of claim, and payment of a surplus to the Debtor's general partners.

With the exception of the claim objections, all litigation between the estate and Mr. Finn has been resolved. Administration of the Chapter 7 estate would not have any effect on the litigation of Ross Sullivan and Kelleen Sullivan against Mr. Finn or his claims against them for attorney fees under the Debtor's partnership agreement. The Trustee does not perceive a detriment to Ross Sullivan and Kelleen Sullivan from conversion of the case and believes no significant delay would be caused by conversion. Given the propensity of Kelleen Sullivan and Ross Sullivan to litigation,

Case: 17-10067    Doc# 56    Filed: 11/27/19    Entered: 11/27/19 12:03:01    Page 6 of 7

6

resolution of the case and ultimate distribution of surplus to them and the other general partners could take far longer than efficient administration of a Chapter 7 case as outlined above.

If a Chapter 7 trustee believed that dealing with the Finn claims might cause unnecessary delay, the trustee might consent to a motion by the general partners for "abandonment" of part of the anticipated surplus to them to enable them to pay their tax liability on the condition that creditors other than Mr. Finn and Winery Rehabilitation would be paid at the same time if the Court has not previously authorized them to be paid.

### IV. RECOMMENDATION UNDER 11 U.S.C. § 1106(a)(5)

The Trustee's investigation has led to the conclusion that the case should be converted to Chapter 7. There is no business to operate. There is only a fund of money and outstanding debt to the 10 creditors and, if allowed, Mr. Finn and Winery Rehabilitation. Prosecution of claim objections involving Mr. Finn and Winery Rehabilitation can take place in a Chapter 7 case as easily as in a Chapter 11 case.

Dated: November 27, 2019           RINCON LAW, LLP


                                   By: */s/Charles P. Maher*
                                       Charles P. Maher
                                       Counsel for Andrea A. Wirum,
                                       Chapter 11 Trustee