PHILIP S. WARDEN (SBN 54752)
  philip.warden@pillsburylaw.com
NAN MCGARRY (SBN 318677)
  nan.mcgarry@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:    415.983.1000
Facsimile:    415.983.1200

*Attorneys for Stephen A. Finn*
*and Winery Rehabilitation, LLC*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SANTA ROSA DIVISION

|  |  |
|---|---|
| In re<br><br>        SVP,<br><br>                    Debtor. | Case No. 17-10067-RLE<br><br>CHAPTER 11<br><br>**DECLARATION OF PHILIP S. WARDEN**<br><br>Hearing:    January 31, 2020<br>Time:    10:00 a.m.<br>Place:    1300 Clay Street, Room 201<br>    Oakland CA 94612<br>Judge:    Hon. Roger L. Efremsky |

I, Philip S. Warden, declare under penalty of perjury as follows:

1.    I make this declaration in support of the Secured Creditors' Response to Trustee's Objection to Claims of Stephen A. Finn and Winery Rehabilitation, LLC. Unless noted otherwise, I have personal knowledge of the facts stated below and I could and would testify to the following if called as a witness to do so. I will appear at the January 31, 2020 hearing.

2.    I am a partner in Pillsbury Winthrop Shaw Pittman LLP. I am based in our San Francisco office.

3.    I am lead counsel of record to the Secured Creditors in this case.

-1-

4.     Attached as Exhibit "A" to this Declaration is a true copy of the *Notice of Trustee's Intention to Compromise Controversy with Various Creditors and Litigants* (the "Notice of Intention to Compromise") filed on January 31, 2019 in Case No. 17-10065-RLE (the "SVC Case") [SVC Case Dkt. No. 408].

5.     Attached as Exhibit "B" to this Declaration is a true copy of the *Application for Order Authorizing Trustee to Enter into Compromise with Various Creditors and Litigants* (the "Compromise Motion") filed on April 3, 2019 in the SVC Case [SVC Case Dkt. No. 422].

6.     Attached as Exhibit "C" to this Declaration is a true copy of the *Declaration of Aron M. Oliner in Support of Application for Order Authorizing Trustee to Enter into Compromise with Various Creditors and Litigants* (the "Oliner Declaration") filed on April 3, 2019 in the SVC Case [SVC Case Dkt. No. 422-1].

7.     Attached as Exhibit "D" to this Declaration is a true copy of the Settlement Agreement entered into by and among Angelica de Vere, Teresa Sullivan, Sonyia Grabski, Elizabeth Matulich, Trinity Scott, Stephen A. Finn, Winery Rehabilitation, LLC, and Timothy W. Hoffman, chapter 11 trustee of the bankruptcy estates of SVC and SVP (the "Settlement Agreement") filed on April 3, 2019 as Exhibit A to the Oliner Declaration in the SVC Case [SVC Case Dkt. No. 422-1, Exhibit A].

8.     Attached as Exhibit "E" to this Declaration is a true copy of the *Trustee's Chapter 11 Status Conference Statement* (the "Status Conference Statement") filed on May 13, 2019 in the SVC Case [SVC Case Dkt. No. 433].

9.     Attached as Exhibit "F" to this Declaration is a true copy of this Court's *Order Authorizing Trustee to Enter into Compromise with Various Creditors and Litigants* (the "Compromise Order") filed on May 13, 2019 in the SVC Case [SVC Case Dkt. No. 435].

10.     Attached as Exhibit "G" to this Declaration is a true copy of the Transcript of Proceedings Before The Honorable Jennifer Roger L. Efremsky, United States Bankruptcy Judge, dated May 8, 2019.

-2-

4824-2610-9617

Dated: January 13, 2020

By    */s/ Philip S. Warden*
      Philip S. Warden

-3-

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SANTA ROSA DIVISION

| | |
|---|---|
| In re | Case No. 17-10065 RLE |
| SVC, | (Jointly Administered) |
| Debtor. | Chapter 11 |
| | **NOTICE OF TRUSTEE'S INTENTION TO COMPROMISE CONTROVERSY WITH VARIOUS CREDITORS AND LITIGANTS; OPPORTUNITY FOR HEARING** |
| | [NO HEARING SCHEDULED] |
| In re | |
| SVP, | |
| Debtor. | |

**TO THE DEBTORS, ALL CREDITORS, PARTIES IN INTEREST, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**PLEASE TAKE NOTICE** that Timothy W. Hoffman ("Trustee"), the duly appointed, qualified and acting chapter 11 trustee of the bankruptcy estates ("Estates") of SVC and SVP (together, "Debtors"), intends to apply for an order authorizing the Trustee to compromise the Estates' controversies with Angelica de Vere, Theresa Sullivan, Sonyia Grabski, Elizabeth Matulich, Trinity Scott, Stephen A. Finn and Winery Rehabilitation, LLC (collectively, the "Settling Creditors"). This notice summarizes the disputes, the terms of the proposed compromise, and the procedure for objection, if any.

On February 1 and 2, 2017, SVC and SVP, respectively, filed voluntary petitions for relief in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division ("Bankruptcy Court") under the provisions of chapter 11 of the Bankruptcy Code, Case Nos. 17-10065 RLE and 17-10067 RLE ("Bankruptcy Cases"). The Debtors, which operated a winery in Rutherford, California, administered the Estates as debtors in possession until the Trustee was appointed on August 29, 2017.

In early 2018, the Trustee, with Bankruptcy Court's approval, sold the winery to Vite USA, Inc. for a confidential sale price. After payment of secured claims and other costs associated with the sale, the Trustee is holding net proceeds for the benefit of the Estates.

DUANE MORRIS LLP
SAN FRANCISCO

DM3\5594535.5 R1034/00002

1

NOTICE OF TRUSTEE'S INTENTION TO COMPROMISE CONTROVERSY
WITH VARIOUS CREDITORS AND LITIGANTS – CASE NO. 17-10065 RLE

Case: 17-10067    Doc# 7082    Filed: 06/25/2020    Entered: 06/25/2020 14:34:24    Page 5 of 5

101

Five former employees of SVC have filed proofs of claim totaling $9,055,560: Angelica de Vere ($3,822,060), Theresa Sullivan ($1,717,000), Sonyia Grabski ($2,019,500), Elizabeth Matulich ($1,012,000), and Trinity Scott ($485,000) (collectively, the "Former Employees" or "Former Employee Claims" as applicable). The Former Employee Claims are tied to the claims these individuals are asserting in the Napa County Action (as defined and discussed below).

In addition, Stephen A. Finn and his company Winery Rehabilitation LLC (together, the "Finn Parties") assert claims against the Estates for indemnification of attorneys' fees and expenses (in the amounts of $516,097.44 and $247,970.82, respectively) and other unliquidated amounts that have been or may be incurred in both the District Court Action (as defined below) and the Bankruptcy Cases (together, the "Finn Claims"). The Finn Claims are predicated upon the terms of (i) certain prepetition loan documents entered into with the Debtors, (ii) the terms of SVC's bylaws, (iii) an indemnification agreement entered into between Finn and SVC, (iv) applicable California state law, and (v) *Siegel v. Federal Home Loan Mortgage Corp.*, 143 F.3d 525 (9th Cir. 1998).

In addition to the Former Employee Claims and the Finn Claims, there are three pending lawsuits involving most of the Settling Creditors. The first is an adversary proceeding the Debtors filed against Finn and Angelica de Vere ("de Vere") prior to the Trustee's appointment, entitled SVC v. Finn, A.P. No. 17-01023 (the "Adversary Proceeding"). The Adversary Proceeding has been reassigned to the U.S. District Court for the Northern District of California for consideration together with the second pending lawsuit, Sullivan v. Finn, Case No. 3:17-cv-05799-WHO ("District Court Action"). The District Court Action was commenced against Finn and another of his companies, Trust Company of America, Inc., by Kelleen and Ross Sullivan (together, the "Sullivans"), two members of the Sullivan Family that formerly owned the winery. Broadly speaking, the Estates in the Adversary Proceeding and the Sullivans in the District Court Action assert claims against the respective defendants for alleged breaches of their fiduciary duties while Finn was a partner of SVP and a controlling shareholder of SVC, and de Vere was an officer of SVC.

The Former Employees filed the third pending lawsuit against the Sullivans and SVC prepetition, in Napa County Superior Court, Case No. 26-67976 ("Napa County Action"), asserting a variety of claims, including labor code violations, wrongful termination, and breach of contract. The Estates filed a cross-complaint against de Vere in the Napa County Action which mirrors the allegations made in the Adversary Proceeding. With Bankruptcy Court approval, the Trustee has hired state court counsel to defend SVC, and prosecute counter-claims in the Napa County Action. In addition, insurance defense counsel is representing the Estates.

Over a period of several months, with the assistance of the Bankruptcy Court and a bankruptcy judge who volunteered his time to serve as mediator, and, separately, through mediation at JAMS, the Trustee worked very hard to try to bring all parties to the table and reach a global resolution of all claims, including any non-derivative claims the Sullivans assert against Finn. During that time, the Trustee kept the Court and parties apprised of his efforts to broker a global settlement. Unfortunately, a global settlement is not possible at this time. Thus, the Trustee has negotiated a compromise involving all principal parties in the Bankruptcy Cases save for the Sullivans.

DUANE MORRIS LLP
SAN FRANCISCO

DM3\5594535.5 R1034/00002

**NOTICE OF TRUSTEE'S INTENTION TO COMPROMISE CONTROVERSY WITH VARIOUS CREDITORS AND LITIGANTS, CASE NO. 17-10065-RLE**

The terms of the compromise are described below. However, for sake of clarity and avoidance of doubt, <u>the proposed compromise does not resolve claims between the Finn Parties and the Sullivans</u>. The terms of the compromise are as follows:

Upon entry of a final order approving this compromise, the Former Employee Claims will be withdrawn with prejudice. The Napa County Action (including the Estates' Cross-Complaint against de Vere) will be dismissed with prejudice. All of the Parties to the Napa County Action will execute a release of any and all claims against each other, including a waiver of § 1542 of the California Civil Code, and will bear their own attorneys' fees and costs.

Moreover, the Finn Claims will be subordinated to all trade debt claims reflected in the Debtors' schedules and proofs of claim currently on file in the Bankruptcy Cases, to the extent such claims are allowed. Finn will undertake full responsibility to completely resolve the Former Employee Claims without increasing the Finn Claims, *i.e.*, Finn will not seek indemnification from the Estates for sums paid to resolve the Former Employee Claims, or expenses incurred in resolving these claims. However, the Finn Claims are not being liquidated or otherwise resolved and settled as part of this compromise.

The Trustee, on behalf of the Estates, will dismiss all of the Estates' claims against the Finn Parties and de Vere in the District Court Action with prejudice. The Estates will execute a release of any and all claims against the Finn Parties, including a waiver of § 1542 of the California Civil Code. However, the Sullivans' claims against Finn and Trust Company of American, Inc. in the District Court Action will not be dismissed and are not being released as part of this compromise.

The Trustee believes this compromise is in the best interest of creditors and the Estates. In making this determination, the Trustee took into account (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of creditors (collectively, the "A&C Factors"). <u>In re A&C Properties</u>, 784 F.2d 1377, 1381 (9th Cir. 1986).

<u>Probability of Success</u>. This factor supports the proposed compromise. As an initial matter, the Trustee believes the Estates are solvent. In other words, funds in the Estates should be sufficient to pay all claims in full. The Settling Creditors' claims and defenses, and those held by the Estates, if litigated to conclusion are hard to quantify and predict. There is great uncertainty as to the ultimate outcomes. The Court is well familiar with the docket, but among other things, the Former Employee Claims have been amended from time-to-time, their former counsel has been disqualified by Order of the Court, and the same claims asserted in the Bankruptcy Cases are heading to trial in the Napa County Action. Meanwhile, in the Adversary Proceeding and District Court Action, the Estates will be forced to continue incurring expenses prosecuting their claims against Finn and de Vere. If Finn were ultimately to prevail in the District Court Action and obtain a defense verdict, he would assert his alleged entitlement to indemnification for his accruing attorneys' fees and costs, which would inflate his claim substantially higher than it is now. In short, there are unforeseeable twists and turns in these disputes, and the Trustee cannot realistically advise the Court that the Estates' success is probable, much less predictable.

Case: 17-10065    Doc# 7032    Filed: 00/23/20    Entered: 00/23/20 14:24:24    Page 37 of 5
101

Difficulties in Collection. The difficulty in ultimately collecting against Finn is uncertain in one respect. While the Trustee believes that Finn can respond, in funds, to any judgment, the Trustee is absolutely certain that Finn will exhaust any and all available appeals, motions for reconsideration and the like in the event the District Court rules against Finn. This will drive up fees substantially. The Estates' ability to collect on a potential judgment against de Vere is unknown. With respect to the Former Employee claims, this factor is neutral because the Estates are not asserting claims against the Former Employees. Rather, if this compromise is approved, there will be over $9 million in unsecured claims withdrawn from the Estates.

Complexity, Delay and Expense of Litigation. This factor strongly supports the proposed compromise. At present, absent a compromise, the Napa County Action will continue to proceed to trial, judgment, and any appeals that follow. The District Court Action will proceed on a similar track. Given the history between the Settling Creditors and the Sullivans, the Trustee believes it will take many years to fully and finally resolve these disputes, all at great cost and significant delay to the Estates. Moreover, in the Napa County Action, coverage counsel may discontinue its defense on behalf of the Estates.

Paramount Interest of Creditors. This factor also strongly supports the proposed compromise. When approved by this Bankruptcy Court, the compromise will result in the withdrawal of over $9 million of unsecured claims in the Bankruptcy Cases. It will also resolve the Napa County Action and Adversary Proceeding in full, while resolving all the Estates' claims in the District Court Action. With these disputes fully and finally resolved, the Trustee will be in a position to either proceed with a structured dismissal, or, more likely, a simple Chapter 11 plan. In either instance, this compromise will benefit creditors in that the intractable disputes between the Estates and the Settling Creditors will be resolved, clearing the way for an orderly conclusion to these cases.

**PLEASE TAKE FURTHER NOTICE** that the Trustee intends to apply to the above-entitled Court for an order approving this compromise. Bankruptcy Local Rule 9014 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed in the event that you have an objection to the compromise as proposed. To that end:

**Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**

**Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**

**If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default.**

**In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

DUANE MORRIS LLP
SAN FRANCISCO

DM3\5594535.5 R1034/00002

4

**NOTICE OF TRUSTEE'S INTENTION TO COMPROMISE CONTROVERSY WITH VARIOUS CREDITORS AND LITIGANTS – CASE NO. 17-10065-RLE**

Case: 17-10065   Doc# 7082   Filed: 02/13/20   Entered: 02/13/20 14:34:24   Page 48 of 5
101

1    Any objections or requests for hearing should be filed with the United States Bankruptcy
2 Court, 99 South "E" Street, Santa Rosa, California 95404. A copy of the objection should be
  served on the Office of the United States Trustee and counsel for the Trustee at the address shown
3 below. The Office of the United States Trustee is located at 450 Golden Gate Avenue, 5th Floor,
  Suite #05-0153, San Francisco, California 94102. For further information regarding the foregoing,
4 please contact counsel for the Trustee at the address shown below.

5
  Dated: January 31, 2019                        **DUANE MORRIS LLP**
6
7                                                By: /s/ Aron M. Oliner (152373)
                                                      ARON M. OLINER
8                                                     **DUANE MORRIS LLP**
                                                      One Market Plaza
9                                                     Spear Street Tower, Suite 2200
                                                      San Francisco, California 94105-1127
10                                                    Telephone: (415) 957-3000
                                                      Facsimile: (415) 957-3001
11                                                    Email: roliner@duanemorris.com
                                                      Attorneys for Chapter 11 Trustee
12                                                    TIMOTHY W. HOFFMAN
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DUANE MORRIS LLP
SAN FRANCISCO

DM3\5594535.5 R1034\00002

5

**NOTICE OF TRUSTEE'S INTENTION TO COMPROMISE CONTROVERSY
WITH VARIOUS CREDITORS AND LITIGANTS   CASE NO. 17-10065-RLE**

# EXHIBIT B

Aron M. Oliner (SBN: 152373)
Geoffrey A. Heaton (SBN: 206990)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email: gheaton@duanemorris.com

Counsel for Chapter 11 Trustee
TIMOTHY W. HOFFMAN

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>SVC,<br><br>　　　　　Debtor. | Case No. 17-10065 RLE<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO ENTER INTO COMPROMISE WITH VARIOUS CREDITORS AND LITIGANTS**<br><br>Date:　　May 8, 2019<br>Time:　　2:00 p.m.<br>Place:　　1300 Clay Street, Room 201<br>　　　　　Oakland, CA 94612<br><br>Judge:　The Hon. Roger L. Efremsky |
| In re<br><br>SVP,<br><br>　　　　　Debtor. | |

Timothy W. Hoffman ("Trustee"), the duly appointed, qualified and acting chapter 11

trustee of the bankruptcy estates ("Estates") of SVC and SVP (together, "Debtors") respectfully

**APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO ENTER INTO COMPROMISE WITH VARIOUS CREDITORS AND LITIGANTS - CASE NO. 17-10065 RLE**

Case: 17-10065　Doc# 422　Filed: 03/08/19　Entered: 03/08/19 12:48:44　Page 11 of 101

applies for entry of an order authorizing the Trustee to enter into a compromise with Angelica de Vere, Teresa Sullivan, Sonyia Grabski, Elizabeth Matulich, Trinity Scott, Stephen A. Finn and Winery Rehabilitation, LLC (collectively, the "Settling Creditors"), as follows:

1. On February 1 and 2, 2017, SVC and SVP, respectively, filed voluntary petitions for relief in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division ("Bankruptcy Court") under the provisions of chapter 11 of the Bankruptcy Code, Case Nos. 17-10065 RLE and 17-10067 RLE ("Bankruptcy Cases").

2. The Debtors, which operated a winery in Rutherford, California, administered the Estates as debtors in possession until the Trustee was appointed on August 29, 2017.

3. In early 2018, the Trustee, with Bankruptcy Court approval, sold the winery to Vite USA, Inc. for a confidential sale price. After payment of secured claims and other costs associated with the sale, the Trustee is holding net proceeds for the benefit of the Estates.

4. Five former employees of SVC have filed proofs of claim totaling $9,055,560: Angelica de Vere ($3,822,060), Theresa Sullivan ($1,717,000), Sonyia Grabski ($2,019,500), Elizabeth Matulich ($1,012,000), and Trinity Scott ($485,000) (collectively, the "Former Employees" or "Former Employee Claims" as applicable).

5. The Former Employee Claims are tied to the claims these individuals are asserting in the Napa County Action (as defined and discussed below).

6. In addition, Stephen A. Finn and his company Winery Rehabilitation LLC (together, the "Finn Parties") assert claims against the Estates for indemnification of attorneys' fees and expenses (in the amounts of $516,097.44 and $247,970.82, respectively) and other unliquidated amounts that have been or may be incurred in both the District Court Action (as defined below) and the Bankruptcy Cases (together, the "Finn Claims").

DUANE MORRIS LLP
SAN FRANCISCO

DM3\5625132.2 R1034/00002

2

APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO ENTER INTO COMPROMISE WITH
VARIOUS CREDITORS AND LITIGANTS, CASE NO. 17-10065 RLE

Case: 17-10067   Doc# 422   Filed: 09/05/19   Entered: 09/05/19 12:44:44   Page 2 of 11

7. The Finn Claims are predicated upon the terms of (i) certain prepetition loan documents entered into with the Debtors, (ii) the terms of SVC's bylaws, (iii) an indemnification agreement entered into between Finn and SVC, (iv) applicable California state law, and (v) *Siegel v. Federal Home Loan Mortgage Corp.*, 143 F.3d 525 (9th Cir. 1998).

8. In addition to the Former Employee Claims and the Finn Claims, there are three pending lawsuits involving most of the Settling Creditors.

9. The first is an adversary proceeding the Debtors filed against Finn and Angelica de Vere ("de Vere") prior to the Trustee's appointment, entitled SVC v. Finn, A.P. No. 17-01023 (the "Adversary Proceeding").

10. The Adversary Proceeding has been reassigned to the U.S. District Court for the Northern District of California for consideration together with the second pending lawsuit, Sullivan v. Finn, Case No. 3:17-cv-05799-WHO ("District Court Action").

11. The District Court Action was commenced against Finn and another of his companies, Trust Company of America, Inc., by Kelleen and Ross Sullivan (together, the "Sullivans"), two members of the Sullivan Family that formerly owned the winery.

12. Broadly speaking, the Estates in the Adversary Proceeding and the Sullivans in the District Court Action assert claims against the respective defendants for alleged breaches of their fiduciary duties while Finn was a partner of SVP and a controlling shareholder of SVC, and de Vere was an officer of SVC.

13. The Former Employees filed the third pending lawsuit against the Sullivans and SVC prepetition, in Napa County Superior Court, Case No. 26-67976 ("Napa County Action"), asserting a variety of claims, including labor code violations, wrongful termination, and breach of contract. SVC filed a cross-complaint against de Vere in the Napa County Action which mirrors the allegations made in the Adversary Proceeding.

DUANE MORRIS LLP
SAN FRANCISCO

DM3\5625132.2 R1034/00002

3

APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO ENTER INTO COMPROMISE WITH
VARIOUS CREDITORS AND LITIGANTS - CASE NO. 17-10065 RLE

Case: 17-10065    Doc# 422    Filed: 09/05/19    Entered: 09/05/19 12:46:44    Page 13 of 101

14. With Bankruptcy Court approval, the Trustee hired state court counsel to defend SVC and prosecute counter-claims in the Napa County Action. In addition, insurance defense counsel is representing the Estates.

15. Over a period of several months, with the assistance of the Bankruptcy Court and a bankruptcy judge who volunteered his time to serve as mediator, and, separately, through mediation at JAMS, the Trustee worked very hard to try to bring all parties to the table and reach a global resolution of all claims, including any non-derivative claims the Sullivans assert against Finn. During that time, the Trustee kept the Court and parties apprised of his efforts to broker a global settlement.

16. Unfortunately, a global settlement is not possible at this time. Thus, the Trustee has negotiated a compromise involving all principal parties in the Bankruptcy Cases save for the Sullivans.

17. The terms of the compromise are described below. However, for sake of clarity and avoidance of doubt, the proposed compromise does not resolve claims between the Finn Parties and the Sullivans. The terms of the compromise are as follows:

- Upon entry of a final order approving this compromise, the Former Employee Claims will be withdrawn with prejudice. The Napa County Action (including the Estates' Cross-Complaint against de Vere) will be dismissed with prejudice.[1] The Estates and Former Employees will execute a release of any and all claims against each other, including a waiver of § 1542 of the California Civil Code, and will bear their own attorneys' fees and costs.

- The Finn Claims will be subordinated to all trade debt claims reflected in the Debtors' schedules and proofs of claim currently on file in the Bankruptcy Cases,

---

[1] The Former Employees' claims against the Sullivans will be dismissed without prejudice.

DM3\5625132.2 R1034/00002

4

Case: 17-10067   Doc# 422   Filed: 09/05/20   Entered: 09/05/20 12:44:44   Page 14 of 101

Duane Morris llp
San Francisco

to the extent such claims are allowed. Finn will undertake full responsibility to completely resolve the Former Employee Claims without increasing the Finn Claims, *i.e.*, Finn will not seek indemnification from the Estates for sums paid to resolve the Former Employee Claims, or expenses incurred in resolving these claims. However, the Finn Claims will not be subordinated to a scheduled intercompany receivable owed by SVC to SVP in the mount of $1,046,826, and will not be liquidated or otherwise resolved and settled as part of this compromise.

- The Trustee, on behalf of the Estates, will dismiss all of the Estates' claims against the Finn Parties and de Vere in the Adversary Proceeding (now pending before the District Court) with prejudice. The Estates will execute a release of any and all claims against the Finn Parties, including a waiver of § 1542 of the California Civil Code. However, the Sullivans' claims against Finn and Trust Company of American, Inc. in the District Court Action will not be dismissed and are not being released as part of this compromise.

18. The Trustee believes that this settlement is in the best interest of creditors and the Estate. In making this determination, the Trustee took into account (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of creditors. In re A&C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986).

19. Probability of Success. This factor supports the proposed compromise. As an initial matter, the Trustee believes the Estates are solvent. In other words, funds in the Estates should be sufficient to pay all claims in full. The Settling Creditors' claims and defenses, and

Case: 17-10067   Doc# 422   Filed: 09/05/19   Entered: 09/05/19 12:48:44   Page 15 of 101

DUANE MORRIS LLP
SAN FRANCISCO

those held by the Estates, if litigated to conclusion are hard to quantify and predict. There is great uncertainty as to the ultimate outcomes. The Court is well familiar with the docket, but among other things, the Former Employee Claims have been amended from time-to-time, their former counsel has been disqualified by Order of the Court, and the same claims asserted in the Bankruptcy Cases are heading to trial in the Napa County Action. Meanwhile, in the Adversary Proceeding, the Estates will be forced to continue incurring expenses prosecuting their claims against Finn and de Vere. If Finn were ultimately to prevail in the District Court Action and obtain a defense verdict, he would assert his alleged entitlement to indemnification for his accruing attorneys' fees and costs, which would inflate his claim substantially higher than it is now. In short, there are unforeseeable twists and turns in these disputes, and the Trustee cannot realistically advise the Court that the Estates' success is probable, much less predictable.

20. <u>Difficulties in Collection</u>. The difficulty in ultimately collecting against Finn is uncertain in one respect. While the Trustee believes that Finn can respond, in funds, to any judgment, the Trustee is absolutely certain that Finn will exhaust any and all available appeals, motions for reconsideration and the like in the event the District Court rules against Finn. This will drive up fees substantially. The Estates' ability to collect on a potential judgment against de Vere is unknown. With respect to the Former Employee claims, this factor is neutral because the Estates are not asserting claims against the Former Employees. Rather, if this compromise is approved, there will be over $9 million in unsecured claims withdrawn from the Estates.

21. <u>Complexity, Delay and Expense of Litigation</u>. This factor strongly supports the proposed compromise. At present, absent a compromise, the Napa County Action will continue to proceed to trial, judgment, and any appeals that follow. The District Court Action will proceed on a similar track. Given the history between the Settling Creditors and the Sullivans, the Trustee believes it will take many years to fully and finally resolve these disputes, all at great

Case: 17-10065    Doc# 4222    Filed: 09/05/20    Entered: 09/05/20 12:44:44    Page 61 of 101

cost and significant delay to the Estates. Moreover, in the Napa County Action, coverage counsel may discontinue its defense on behalf of the Estates.

22. _Paramount Interest of Creditors_. This factor also strongly supports the proposed compromise. When approved by this Bankruptcy Court, the compromise will result in the withdrawal of over $9 million of unsecured claims in the Bankruptcy Cases. It will also resolve the Napa County Action and Adversary Proceeding in full. With these disputes fully and finally resolved, the Trustee will be in a position to either proceed with a structured dismissal, or, more likely, a simple Chapter 11 plan. In either instance, this compromise will benefit creditors in that the intractable disputes between the Estates and the Settling Creditors will be resolved, clearing the way for an orderly conclusion to these cases.

23. On January 31, 2019, the Trustee caused his Notice of Trustee's Intention to Compromise Controversy with Various Creditors and Litigants; Opportunity for Hearing (the "Notice") to be served upon the Debtors and all creditors and parties in interest in this case. A true and correct copy of the Notice, together with certificate of service and confirmation of electronic filing, is attached to the Declaration of Aron M. Oliner ("Oliner Declaration") submitted herewith.

24. Pursuant to the terms of the Notice and Bankruptcy Local Rule 9014-1(b), the last date to object and/or request a hearing with respect to the matters contained therein was February 21, 2019.

25. Before this deadline expired, the Sullivans' counsel requested an extension to object to the Notice. The Trustee consented to extend the Sullivans' objection deadline through March 13, 2019.

/ / /

/ / /

DUANE MORRIS LLP
SAN FRANCISCO

DM3\5625132.2 R1034/00002

7

**APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO ENTER INTO COMPROMISE WITH VARIOUS CREDITORS AND LITIGANTS - CASE NO. 17-10065 RLE**

Case: 17-10065    Doc# 422    Filed: 03/08/19    Entered: 03/08/19 12:44:44    Page 17 of 101

26.     On March 13, 2019, the Sullivans filed a response to the Notice [Docket No. 417] ("Response").     An unexecuted copy of the parties' settlement agreement ("Settlement Agreement"), which Trustee's counsel provided to the Sullivans' counsel, is attached to the Response.

27.     The Response raises three points, and requests that the proposed compromise be set for hearing.

28.     First, the Response contends, or at least suggests, that the compromise should not be approved because the Former Employees are not releasing claims against the Sullivans.  The Sullivans, who are not parties to the Settlement Agreement, indeed are not receiving any releases under the Settlement Agreement.  There is nothing objectionable about that, and, contrary to footnote 2 in the Response, approval of the compromise should not be made contingent upon the Former Employees and Sullivans entering into a side agreement to release claims against one another.  Any settlement between the Former Employees and Sullivans is between them and does not involve the Estates.

29.     Second, the Response questions whether, under the terms of the Settlement Agreement, the Buchalter law firm ("Buchalter") will receive a release from the Estates. Buchalter previously represented the Debtors, and, by order of this Court, was disqualified from representing the Former Employees in the Bankruptcy Cases due to the conflict of interest.  It is not the Trustee's intention to release any claims against Buchalter.  In order to resolve any ambiguity, the Trustee proposes that the order approving this compromise clarify that Buchalter and its attorneys will not receive a release of claims from the Estates.  The Trustee does not believe that either Finn or the Former Employees will object to inclusion of this language in the order.

DUANE MORRIS LLP
SAN FRANCISCO

DM3\5625132.2 R1034/00002

8

APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO ENTER INTO COMPROMISE WITH VARIOUS CREDITORS AND LITIGANTS - CASE NO. 17-10065 RLE

Case: 17-10067    Doc# 4022    Filed: 09/05/19    Entered: 09/05/19 12:46:44    Page 18 of 101

30. Third, the Response questions whether, under the Settlement Agreement, the Finn Claims are being liquidated or are otherwise immune from challenge. The Settlement Agreement, however, makes clear that the Finn Claims are not being liquidated or otherwise resolved under the Settlement Agreement, and that the settling parties reserve all rights vis-à-vis the Finn Claims. See Settlement Agreement at ¶ 2.

Areas of Dispute over Form of Order Approving Compromise

31. Both Finn's counsel and the Sullivans' counsel requested to review and comment on the proposed order approving the compromise. Trustee's counsel forwarded the proposed order to both counsel, and spent considerable time attempting to come up with language in the order that was mutually agreeable to both. Unfortunately, despite Trustee's counsel's efforts, this was not possible. Accordingly, the Trustee has set the matter for hearing.

32. The areas of dispute over the form of order appear involve two areas: (i) preservation of rights to challenge the Finn Claims, and (ii) the potential release of the Sullivans' claims against Finn (as opposed to the Estates' claims against Finn).

33. With respect to the first area of dispute, as discussed, paragraph 2 of the Settlement Agreement states unambiguously that the Finn Claims are not "being liquidated or otherwise resolved" by the Settlement Agreement, and that the settling parties "reserve all rights" as to the Finn Claims. The Trustee does not believe that any further clarification in the order is required.

34. As to the second area of dispute, paragraph 8(b) of the Settlement Agreement makes clear that the Estates are only releasing claims held by the Estates, and are not releasing claims held directly and exclusively by the Sullivans. Simply put, the Trustee is releasing the Estates' claims against the Finn Parties and Former Employees, nothing more or less. The language in the Settlement Agreement makes that clear. The Trustee is not releasing any claims

DUANE MORRIS LLP
SAN FRANCISCO

DM3\5625132.2 R1034/00002

9

APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO ENTER INTO COMPROMISE WITH VARIOUS CREDITORS AND LITIGANTS - CASE NO. 17-10065 RLE

Case: 17-10067   Doc# 422   Filed: 09/05/20   Entered: 09/05/20 12:44:44   Page 19 of 101

that are not property of the Estates. Indeed, the Trustee does he have the ability to release claims that are not estate property.

35. Other than as discussed above, neither the Trustee nor his counsel of record, Duane Morris LLP, have received notice of any objection to the compromise as proposed, or any request for hearing, and more than twenty-one days have elapsed since the Notice was served.

36. With respect to the withdrawal with prejudice of the Former Employees' claims, paragraph of 1 of the Settlement Agreement (Exhibit A to the Oliner Declaration) provides: "Withdrawal of Former Employee Claims. Claim Nos. 5, 6, 7, 8, 9 and 17 (collectively, the 'Former Employee Claims') filed by the Former Employees shall be withdrawn with prejudice. The Bankruptcy Court's order approving this settlement may provide for withdrawal of the Former Employee Claims with prejudice."

37. Accordingly, the proposed order submitted for approval of this compromise will provide for the withdrawal with prejudice of Claim Nos. 5, 6, 7, 8, 9 and 17 in SVC's claims register, as set forth above and in the Settlement Agreement. It does not appear that Finn or the Settling Creditors object to these provisions in the form of order.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order authorizing the Trustee to enter into the compromise described hereinabove.

Dated: April 3, 2019        **DUANE MORRIS LLP**

By: /s/ Aron M. Oliner (#152373)
    ARON M. OLINER
    Attorneys for Chapter 11 Trustee
    TIMOTHY W. HOFFMAN

DUANE MORRIS LLP
SAN FRANCISCO

DM3\5625132.2 R1034/00002

10

APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO ENTER INTO COMPROMISE WITH VARIOUS CREDITORS AND LITIGANTS - CASE NO. 17-10065 RLE

Case:17-10065  Doc#422-2  Filed:04/03/20  Entered:04/03/20 13:34:44  Page 20 of 101

# EXHIBIT C

Aron M. Oliner (SBN: 152373)
Geoffrey A. Heaton (SBN: 206990)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email:  gheaton@duanemorris.com

Counsel for Chapter 11 Trustee
TIMOTHY W. HOFFMAN

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re | Case No. 17-10065 RLE |
| SVC, | (Jointly Administered) |
| Debtor. | Chapter 11 |
| | **DECLARATION OF ARON M. OLINER IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO ENTER INTO COMPROMISE WITH VARIOUS CREDITORS AND LITIGANTS** |
| | Date:  May 8, 2019<br>Time:  2:00 p.m.<br>Place:  1300 Clay Street, Room 201<br>     Oakland, CA  94612<br>Judge:  The Hon. Roger L. Efremsky |
| In re | |
| SVP, | |
| Debtor. | |

Duane Morris llp
San Francisco

DM3\5625126.2 R1034/00002

1

Case: 17-10065    Doc# 40221    Filed: 04/02/19    Entered: 04/02/19 12:46:44    Page 22
of 101

I, Aron M. Oliner, declare:

1.      I am an attorney at law duly licensed to practice before this Court, and am a partner in the law firm of Duane Morris LLP, counsel to Timothy W. Hoffman ("Trustee"), the duly appointed, qualified and acting chapter 7 trustee of the bankruptcy estates ("Estates") of SVC and SVP (together, "Debtors"). The matters stated below are made and based upon my personal knowledge, except for those matters stated upon information and belief, and as to those matters I believe them to be true. If called as a witness, I could and would competently testify to the matters set forth below.

2.      I submit this declaration in support of the Application for Entry of Order Authorizing Trustee to Enter into Compromise with Various Creditors and Litigants ("Application"), filed herewith.

3.      I am familiar with the compromise described herein and the underlying facts related to the same.

4.      On February 1 and 2, 2017, SVC and SVP, respectively, filed voluntary petitions for relief in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division ("Bankruptcy Court") under the provisions of chapter 11 of the Bankruptcy Code, Case Nos. 17-10065 RLE and 17-10067 RLE ("Bankruptcy Cases").

5.      The Debtors, which operated a winery in Rutherford, California, administered the Estates as debtors in possession until the Trustee was appointed on August 29, 2017.

6.      In early 2018, the Trustee, with Bankruptcy Court's approval, sold the winery to Vite USA, Inc. for a confidential sale price. After payment of secured claims and other costs associated with the sale, the Trustee is holding net proceeds for the benefit of the Estates.

7.      Five former employees of SVC have filed proofs of claim totaling $9,055,560: Angelica de Vere ($3,822,060), Theresa Sullivan ($1,717,000), Sonyia Grabski ($2,019,500),

DUANE MORRIS LLP
SAN FRANCISCO

DM3\5625126.2 R1034/00002

2

OLINER DECL. I/S/O APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO ENTER INTO COMPROMISE WITH VARIOUS CREDITORS AND LITIGANTS - CASE NO. 17-10065 RLE

Case: 17-10065    Doc# 40221    Filed: 04/02/19    Entered: 04/02/2019 12:46:44    Page 23 of 101

Elizabeth Matulich ($1,012,000), and Trinity Scott ($485,000) (collectively, the "Former Employees" or "Former Employee Claims" as applicable).

8.     The Former Employee Claims are tied to the claims these individuals are asserting in the Napa County Action (as defined and discussed below).

9.     In addition, Stephen A. Finn and his company Winery Rehabilitation LLC (together, the "Finn Parties") assert claims against the Estates for indemnification of attorneys' fees and expenses (in the amounts of $516,097.44 and $247,970.82, respectively) and other unliquidated amounts that have been or may be incurred in both the District Court Action (as defined below) and the Bankruptcy Cases (together, the "Finn Claims").

10.    In addition to the Former Employee Claims and the Finn Claims, there are three pending lawsuits involving most of the Settling Creditors.

11.    The first is an adversary proceeding the Debtors filed against Finn and Angelica de Vere ("de Vere") prior to the Trustee's appointment, entitled SVC v. Finn, A.P. No. 17-01023 (the "Adversary Proceeding").

12.    The Adversary Proceeding has been reassigned to the U.S. District Court for the Northern District of California for consideration together with the second pending lawsuit, Sullivan v. Finn, Case No. 3:17-cv-05799-WHO ("District Court Action").

13.    The District Court Action was commenced against Finn and another of his companies, Trust Company of America, Inc., by Kelleen and Ross Sullivan (together, the "Sullivans"), two members of the Sullivan Family that formerly owned the winery.

14.    Broadly speaking, the Estates in the Adversary Proceeding and the Sullivans in the District Court Action assert claims against the respective defendants for alleged breaches of their fiduciary duties while Finn was a partner of SVP and a controlling shareholder of SVC, and de Vere was an officer of SVC.

DUANE MORRIS LLP
SAN FRANCISCO

DM3\5625126.2 R1034\00002

3

Case: 17-10065   Doc# 221   Filed: 04/02/19   Entered: 04/02/19 12:24:44   Page 23 of 101

15.     The Former Employees filed the third pending lawsuit against the Sullivans and SVC prepetition, in Napa County Superior Court, Case No. 26-67976 ("Napa County Action"), asserting a variety of claims, including labor code violations, wrongful termination, and breach of contract. The Estates filed a cross-complaint against de Vere in the Napa County Action which mirrors the allegations made in the Adversary Proceeding.

16.     With Bankruptcy Court approval, the Trustee has hired state court counsel to defend SVC, and prosecute counter-claims in the Napa County Action. In addition, insurance defense counsel is representing the Estates.

17.     Over a period of several months, with the assistance of the Bankruptcy Court and a bankruptcy judge who volunteered his time to serve as mediator, and, separately, through mediation at JAMS, the Trustee, with assistance from his counsel, worked very hard to try to bring all parties to the table and reach a global resolution of all claims, including any non-derivative claims the Sullivans assert against Finn. During that time, the Trustee kept the Court and parties apprised of his efforts to broker a global settlement.

18.     While a global settlement is not possible at this time, the Trustee has negotiated a compromise involving all principal parties in the Bankruptcy Cases save for the Sullivans.

19.     The terms of the compromise are described below. The proposed compromise does not resolve claims between the Finn Parties and the Sullivans. The terms of the compromise are as follows:

- Upon entry of a final order approving this compromise, the Former Employee Claims will be withdrawn with prejudice. The Napa County Action (including the Estates' Cross-Complaint against de Vere) will be dismissed with prejudice. (The Former Employees' claims against the Sullivans will be dismissed without prejudice.) The Estates and Former Employees will execute a release of any and

DUANE MORRIS LLP
SAN FRANCISCO

Case: 17-10065    Doc# 40221    Filed: 04/03/19    Entered: 04/03/19 12:40:44    Page 25 of 101

all claims against each other, including a waiver of § 1542 of the California Civil Code, and will bear their own attorneys' fees and costs.

- The Finn Claims will be subordinated to all trade debt claims reflected in the Debtors' schedules and proofs of claim currently on file in the Bankruptcy Cases, to the extent such claims are allowed. Finn will undertake full responsibility to completely resolve the Former Employee Claims without increasing the Finn Claims, *i.e.*, Finn will not seek indemnification from the Estates for sums paid to resolve the Former Employee Claims, or expenses incurred in resolving these claims. However, the Finn Claims are not being subordinated to a scheduled intercompany receivable owed by SVC to SVP in the mount of $1,046,826, and are not being liquidated or otherwise resolved and settled as part of this compromise.

- The Trustee, on behalf of the Estates, will dismiss all of the Estates' claims against the Finn Parties and de Vere in the Adversary Proceeding (now pending before the District Court) with prejudice. The Estates will execute a release of any and all claims against the Finn Parties, including a waiver of § 1542 of the California Civil Code. However, the Sullivans' claims against Finn and Trust Company of American, Inc. in the District Court Action will not be dismissed and are not being released as part of this compromise.

20. For reasons set forth in the Application, I believe, as does the Trustee, that the proposed compromise is in the best interest of creditors and the Estate.

21. Attached hereto as **Exhibit "A"** is a true and correct copy of the Settlement Agreement entered into among the parties. The agreement is expressly subject to Bankruptcy Court approval.

DUANE MORRIS LLP
SAN FRANCISCO

DM3\5625126.2 R1034/00002

5

OLINER DECL. I/S/O APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO ENTER INTO COMPROMISE WITH VARIOUS CREDITORS AND LITIGANTS - CASE NO. 17-10065-RLE

Case: 17-10065    Doc# 42221    Filed: 04/02/19    Entered: 04/02/19 12:46:44    Page 26 of 101

22.     On January 31, 2019, my office caused a Notice of Trustee's Intention to Compromise Controversy with Various Creditors and Litigants (the "Notice") to be served upon the Debtors, all creditors and parties in interest.  A true and correct copy of the Notice, together with certificate of service and confirmation of electronic filing, is attached hereto as **Exhibit "B."**

23.     Pursuant to Bankruptcy Local Rule 9014, the last day for any party to object to the compromise as set forth in the Notice, or request a hearing thereon, was February 21, 2019.

24.     Prior to the objection deadline, the Sullivans' counsel requested an extension of time to object to the Notice.  The Sullivans' counsel, Mr. John Fiero, requested that he be provided an opportunity to review the proposed settlement, and accorded modest additional period of time to file a response.  This was, to my mind, a reasonable request given the myriad issues involved in the proposed settlement.  The Trustee consented to extend the Sullivans' objection deadline through March 13, 2019.

25.     On March 13, 2019, the Sullivans filed a response to the Notice [Docket No. 417] ("Response").  An unexecuted copy of the parties' settlement agreement ("Settlement Agreement"), which I provided to the Sullivans' counsel, is attached to the Response.

26.     The Response raises three principal points, and requests that the matter be set for hearing.

27.     On behalf of the Trustee, I attempted to resolve the matter without a hearing.

28.     Both Finn's counsel and the Sullivans' counsel requested to review and comment on the proposed order approving the compromise.  I forward the proposed order to both counsel, and spent considerable time communicating with counsel in an effort to come up with language in the order that was mutually agreeable to both.  Unfortunately, this was not possible.  Accordingly, I caused this matter to be set for hearing.

DUANE MORRIS LLP
SAN FRANCISCO

OLINER DECL. I/S/O APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO ENTER INTO COMPROMISE WITH VARIOUS CREDITORS AND LITIGANTS - CASE NO. 17-10065-RLE

Case: 17-10065    Doc# 421    Filed: 04/03/19    Entered: 04/03/19 12:46:44    Page 27 of 101

29.     The areas of dispute over the form of order appear involve two areas:   (i) preservation of rights to challenge the Finn Claims, and (ii) the potential release of the Sullivans' claims against Finn (as opposed to the Estates' claims against Finn).

30.     As of the date of this declaration, except as described above, I am informed and believe that my office has not received any objection to the proposed compromise, nor have I been served with any request for hearing.

31.     I would like the Court to note also, that while there are a number of earlier available dates on this Court's law and motion calendar, in deference to Mr. Philip Warden, counsel to Finn, I have set this hearing for May 8, 2019, at his specific request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 3, 2019, at San Francisco, California.


_/s/ Aron M. Oliner (152373)_
ARON M. OLINER

DM3\5625126.2 R1034/00002

DUANE MORRIS LLP
SAN FRANCISCO

**OLINER DECL. I/S/O APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO ENTER INTO COMPROMISE WITH VARIOUS CREDITORS AND LITIGANTS - CASE NO. 17-10065-RLE**

# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and among Angelica de Vere, Teresa Sullivan, Sonyia Grabski, Elizabeth Matulich, Trinity Scott, Stephen A. Finn, Winery Rehabilitation, LLC and Timothy W. Hoffman ("Trustee"), chapter 11 trustee of the bankruptcy estates ("Estates") of SVC and SVP (together, "Debtors").

## RECITALS

A.      On December 31, 2015, Angelica de Vere ("de Vere"), Teresa Sullivan ("Teresa"), Sonyia Grabski ("Grabski"), Elizabeth Matulich ("Matulich") and Trinity Scott ("Scott") (collectively, the "Former Employees") filed a complaint in Napa County Superior Court against SVC, Kelleen Sullivan and Ross Sullivan, asserting claims for, inter alia, wrongful termination, breach of contract, slander and civil assault, Case No. 26-67976 ("Napa County Action").

B.      On January 12, 2017, SVC filed a cross-complaint ("Napa County Cross-Complaint") against de Vere in the Napa County Action.

C.      On February 1 and 2, 2017, SVC and SVP, respectively, filed voluntary petitions for relief in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division ("Bankruptcy Court") under the provisions of chapter 11 of the Bankruptcy Code, Case Nos. 17-10065 RLE and 17-10067 RLE ("Bankruptcy Cases").

D.      On February 15, 2017, SVC filed its bankruptcy schedules [Docket No. 25], wherein it scheduled SVP as holding a general unsecured claim in the amount of $2,130,720.00 based upon a trade payable (the "SVP Intercompany Claim").

E.      On March 1, 2017, de Vere filed a general unsecured proof of claim in SVC's case in the amount of $1,046,826.00, assigned Claim No. 5 in SVC's case. On March 7, 2018, de Vere filed an amendment to Claim 5 in the amount of $3,822,060.00, assigned Claim No. 17 in SVC's case.

F.      On March 1, 2017, Teresa filed a general unsecured proof of claim in SVC's case in the amount of $185,769.00, assigned Claim No. 6. On March 9, 2018, Teresa amended Claim No. 6. As amended, Claim No. 6 is asserted in the amount of $1,717,000.00.

G.      On March 1, 2017, Grabski filed a general unsecured proof of claim in SVC's case in the amount of $429,134.00, assigned Claim No. 7. On March 15, 2018, Grabski amended Claim No. 7. As amended, Claim No. 7 is asserted in the amount of $2,019,500.00.

H.      On March 1, 2017, Matulich filed a general unsecured proof of claim in SVC's case in the amount of $305,000.00, assigned Claim No. 8. On March 16, 2018, Matulich amended Claim No. 8. As amended, Claim No. 8 is asserted in the amount of $1,012,000.00.

I.      On March 1, 2017, Scott filed a general unsecured proof of claim in SVC's case in the amount of $55,000.00, assigned Claim No. 9. On March 19, 2018, Scott amended Claim No. 9. As amended, Claim No. 9 is asserted in the amount of $485,000.00.

1

J.    On April 10, 2017, Winery Rehabilitation, LLC ("WR") filed Claim Nos. 11 and 12 in SVC's case against SVP and SVC, respectively, asserting secured claims in the amount of $9,940,098.42.

K.    On April 10, 2017, Finn filed Claim Nos. 13 and 14 in SVC's case against SVP and SVC, respectively, asserting secured claims in the amount of $4,656,692.36.

L.    On July 14, 2017, the Debtors, as debtors-in-possession, filed an adversary proceeding against Stephen A. Finn ("Finn") and de Vere, asserting claims for money damages and objection to the claims of Finn and de Vere, A.P. No. 17-01023 ("Adversary Proceeding").

M.    On August 29, 2017, the Trustee was appointed as chapter 11 trustee of the Estates, and succeeded to the Debtors as plaintiff in the Adversary Proceeding and cross-complainant in the Napa County Action.

N.    On October 6, 2017, Kelleen Sullivan and Ross Sullivan, who are not parties to this Agreement, filed a complaint against Finn and Trust Company of America, Inc. in the United States District Court for the Northern District California, San Francisco Division ("District Court"), asserting claims for, inter alia, breach of fiduciary duty and unfair business practices, Case No. 3:17-cv-05799-WHO ("District Court Action").

O.    On December 11, 2017, as authorized by the *Order Authorizing Trustee to (1) Sell Real and Personal Property Assets of Debtors Free and Clear of Liens and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f), and (2) Assume and Assign Executory Contracts Pursuant to 11 U.S.C. § 365* [Docket No. 249], the Trustee paid distributions to Finn and WR on account of their secured claims, in the aggregate amount of $17,798,383.20, from the proceeds of the sale of substantially all assets of the Debtors.

P.    On March 6, 2018, Finn amended Claim Nos. 13 and 14 to assert further secured claims for attorneys' fees in the amount of $200,000.00.  On September 11, 2018, Finn amended Claim Nos. 13 and 14 a second time to assert secured claims for attorneys' fees in the amount of $516,097.44 and to assert general unsecured claims for indemnification in an unliquidated amount.

Q.    On September 11, 2018, WR amended Claim Nos. 11 and 12 to assert further secured claims for attorneys' fees in the amount of $247,970.82.

R.    In November of 2018, the Adversary Proceeding was transferred to the District Court for consideration with the District Court Action.  The Adversary Proceeding is currently pending as Case No. 3:18-cv-07088-WHO.

S.    Finn, WR and the Former Employees (collectively, the "Settling Creditors") and the Trustee have engaged in settlement discussions concerning the matters set forth above.

T.    Finn has agreed to provide confidential consideration to the Former Employees to resolve the Former Employees' claims.

U.    The Former Employees are participating in this Agreement due to the economic benefit it provides in alleviating the need for further litigation.

2

**NOW THEREFORE**, in consideration of the foregoing, and intending to be bound as set forth herein, the Settling Creditors and the Trustee agree as follows:

## AGREEMENT

1. <u>Withdrawal of Former Employee Claims</u>. Claim Nos. 5, 6, 7, 8, 9 and 17 (collectively, the "Former Employee Claims") filed by the Former Employees shall be withdrawn with prejudice. The Bankruptcy Court's order approving this settlement requires withdrawal of the Former Employee Claims with prejudice.

2. <u>Subordination of Finn Party Claims</u>. Claim Nos. 11, 12, 13 and 14 (collectively, the "Finn Party Claims") filed by WR and Finn shall be subordinated to all trade debt reflected in the Debtors' schedules and proofs of claim currently on file in the Bankruptcy Cases, to the extent such trade debt claims are allowed; provided, however, that the Finn Party Claims shall not be subordinated to the SVP Intercompany Claim or any part thereof. For the avoidance of doubt, the amount of trade debt claims to which the Finn Party Claims shall be subordinated is anticipated to be approximately $250,000 in the aggregate. The Bankruptcy Court's order approving this settlement provides for subordination of the Finn Party Claims as set forth herein. Neither the Finn Party Claims nor the SVP Intercompany Claim are being liquidated or otherwise resolved by this Agreement. Except as set forth in this Agreement, the Parties reserve all rights as to the Finn Party Claims and the SVP Intercompany Claim.

3. <u>Dismissal of Napa County Action</u>. The Former Employees shall cause the claims against SVC in the Napa County Action to be dismissed with prejudice. The Trustee shall cause the Napa County Cross-Complaint to be dismissed with prejudice. The Former Employees' claims against Kelleen Sullivan shall be dismissed without prejudice.

4. <u>Dismissal of Adversary Proceeding</u>. The Trustee shall cause the Adversary Proceeding to be dismissed with prejudice.

5. <u>Waiver of Right to Amend Proofs of Claims to Include Any Consideration Finn Provides to Former Employees</u>. Finn and WR (together, the "Finn Parties") waive and release any rights to, and shall not, amend any of the Finn Party Claims to seek to recover any consideration provided to resolve the Former Employee Claims.

6. <u>Costs and Expenses of Settlement</u>. The Settling Creditors and the Trustee shall bear all their own costs, expenses and attorneys' fees incurred in connection with the Napa County Action, Adversary Proceeding, District Court Action and the Bankruptcy Cases, and the negotiation, preparation and application for Bankruptcy Court approval of this Agreement.

7. <u>Approval by Bankruptcy Court</u>. The Trustee shall cause his attorneys to obtain all necessary orders of the Bankruptcy Court to approve this Agreement. If the Agreement is not approved by the Bankruptcy Court, it shall be of no force or effect.

8. <u>Release of Claims</u>.

    (a) Except as expressly set forth herein, the Former Employees, for themselves and on behalf of any and all parties claiming by or through them, hereby forever release and discharge the Trustee, his agents, attorneys, successors, representatives and the Estates (together,

3

the "Trustee Released Parties") from any and all causes of action, actions, liabilities, demands, obligations, costs, expenses, or claims (hereinafter collectively "Claims") of any nature whatsoever, whether arising before or after the commencement of the Bankruptcy Cases, including, without limitation, any Claims that arise under the United States Bankruptcy Code, whether such Claims are known, unknown, suspected, unsuspected, fixed, contingent, liquidated, unliquidated, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, and which have existed at any time up until the date of this Agreement. For the avoidance of doubt, the Trustee Released Parties do not include Kelleen Sullivan or Ross Sullivan.

      (b)     Except as expressly set forth herein, the Trustee, on behalf of SVC and SVP and on behalf of himself, his agents, attorneys, successors, representatives, and any and all parties claiming by or through him or the Estates, including all officers, directors, shareholders, independent contractors, employees, subsidiaries, affiliates, partners, joint venturers, co-venturers, insurers, investors, licensees, and all persons acting by, through, under, or in concert with them, hereby forever releases and discharges the Settling Creditors, their agents, attorneys, successors, representatives, officers, directors, shareholders, independent contractors, employees, subsidiaries, affiliates, partners, joint venturers, co-venturers, insurers, investors, licensees, and all persons acting by, through, under, or in concert with them, from any and all causes of action, actions, liabilities, demands, obligations, costs, expenses, accounts, promises, indemnifications, losses or claims of any nature whatsoever, whether at law or in equity, arising before or after the commencement of the Bankruptcy Cases, including, without limitation, any Claims that arise under the United States Bankruptcy Code, and all Claims in the Napa County Cross Complaint, whether such Claims are known, unknown, suspected, unsuspected, fixed, contingent, liquidated, unliquidated, matured, unmatured, disputed, undisputed, legal, equitable, due or become due, secured, or unsecured, and which they now have or hold or which have existed at any time up until the date of this Agreement, and expressly including any Claims asserted in the Adversary Proceeding now pending in the District Court (Case No. 3:18-cv-07088-WHO), and any and all Claims which could have been brought by the Estates or Trustee, on a direct or derivative basis, in any court or through the pursuit of any administrative agency or governing body. For avoidance of doubt, the Trustee is providing the Settling Creditors with the broadest possible release he may provide on behalf of the Estates, and is releasing any and all Claims held by the Estates including any claims that could have been brought by the Estates including all derivative claims. See Stein vs. United Artists 691F.2nd 885 (9th Circuit 1982). The Trustee is not releasing any Claims held directly and exclusively by Ross Sullivan or Kelleen Sullivan as individuals, but the Trustee is releasing Claims of the Estate that could discharge derivative or indirect claims by Ross Sullivan or Kelleen Sullivan, including (without limitation) Claims by or through the Debtor, its Estates, or either of their agents. With respect to the matters released herein, the Former Employees and the Trustee acknowledge that they have each been advised to consult with legal counsel and are familiar with the provisions of California Civil Code Section 1542 and expressly waive any and all rights they each may have under § 1542, which provides as follows:

      A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

      This Agreement together with the releases herein contained, shall be binding upon and inure to the benefit of the heirs, executors, administrators, personal representatives, successors-in-

4

interest, partners, directors, officers, insurers, employees, predecessors and assignees of the respective parties.

9. <u>Compromise of Disputed Claim</u>. The Settling Creditors and the Trustee acknowledge that the execution of this Agreement and consummation of the transactions contemplated hereby do not constitute an admission of liability or of any facts by any of the parties hereto.

10. <u>Representations and Warranties</u>. The parties each further expressly warrant and represent to one another as follows:

(a) They have read this Agreement and consulted with their respective attorneys concerning its contents and legal consequences;

(b) They have investigated the facts to the extent that they have deemed necessary in their sole discretion and have assumed any risk of mistake of fact and any facts proven to be other than or different from the facts now known to any of the parties and therefore intend this Agreement to be binding without regard to any mistake of fact or law relating to the subject matter of this Agreement;

(c) They have taken all actions and obtained all authorizations, consents and approvals as are conditions precedent to their authority to execute this Agreement and thus warrant that they are fully authorized to bind the party for which they execute this Agreement; and

(d) There has been and will be no assignment or other transfer of any claim released, or any part thereof.

The foregoing warranties and representations shall survive the execution and delivery of this Agreement.

11. <u>Integration</u>. This Agreement contains the entire agreement between the Settling Creditors and the Trustee regarding its subject matter. This Agreement cannot be modified or amended, except in writing executed by the party to be charged. Except as expressly set forth herein, there have been no representations or promises made by any party and relied upon by the other in entering into this Agreement.

12. <u>Execution of Documents</u>.

(a) The parties agree to act in good faith and to cooperate fully with and amongst one other in carrying out the provisions of this Agreement, and for that purpose the parties hereto each agree to execute any further documents which may be necessary to effectuate the transactions contemplated by this Agreement.

(b) This Agreement may be executed in several counterparts and, as executed, shall constitute one agreement, binding on all parties who have executed a counterpart, notwithstanding that all parties are not signatories to the original or to the same counterparts. All parties signing this Agreement acknowledge and represent they have complete authority to execute this Agreement.

5

(c)     This Agreement may be executed by telecopy or electronically submitted signatures.  This Agreement shall be binding on all parties notwithstanding that all parties' telecopied or electronically submitted signature pages are not to the same counterparts.

13.     <u>Non-disparagement.</u>  The Trustee, Debtors and Settling Creditors each agree that they will not make any disparaging or negative statements, whether written or oral, or engage in any negative communication about one another, including, but not limited to any communications about work, professional conduct or business.  Trustee and Debtors further agree they will not disparage Former Employees' job performance or otherwise take any action which could reasonably be expected to adversely affect Former Employees', and each of their, personal or professional reputation.

14.     <u>Construction/Severability.</u>  In the event of a suit or other legal proceeding arising out of this Agreement, any such action shall be brought in the Bankruptcy Court and the parties hereto shall submit to the jurisdiction of the Bankruptcy Court.  If any provision of this Agreement shall be determined to be invalid, void or illegal, such provision shall be construed and amended in a manner which would permit its enforcement, but in no event shall such provision affect, impair or invalidate any other provision in this Agreement.  Each party acknowledges that he/she/it has participated in the drafting of this Agreement and reviewed the terms of the Agreement and as such, no rule of construction shall apply in any interpretation of this Agreement which might result in this Agreement being construed in favor of or against any party, including without limitation, any rule of construction to the effect that ambiguities ought to be resolved against the drafting party.

15.     <u>Miscellaneous</u>.

(a)     Notwithstanding any provision contained in this Agreement to the contrary, in the event of a dispute relative to any provision in this Agreement, the prevailing party shall recover his/her/its reasonable attorneys' fees, costs and expenses incurred in enforcing this Agreement, in addition to any damages caused by such dispute.

(b)     Each party hereto warrants that he/she/it has made no assignment, and will hereafter make no assignment, of any claim, chose in action, right of action or any other right of any kind which is the subject of this Agreement or which is released pursuant to this Agreement, and that no other person or entity has or had any interest of any kind in the Claims referred to above.

(c)     As used in this Agreement, captions and paragraph headings are provided solely for convenience and shall not be deemed to restrict or limit the meaning of the text.  The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning and not strictly for or against any of the parties

16.     <u>Governing Law</u>.  This Agreement shall be governed by the laws of the State of California, without regard for choice-of-law provisions, and shall be utilized in construing or interpreting this Agreement and in enforcing the rights and remedies of the parties.

17.     <u>Notice</u>.  Any notice required or permitted to be given pursuant to this Agreement shall be deemed effective upon personal delivery or within five days after deposit with the United

6

States Postal Service by certified mail, postage pre-paid, return receipt requested and addressed as follows, and to such other addresses as either party may designate in writing:

If to the Former Employees: Jonathan M. Cohen
Joseph & Cohen
Professional Corporation
1855 Market Street
San Francisco, CA 94103

If to the Finn Parties: Philip S. Warden
Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998

If to the Trustee: Aron M. Oliner
Duane Morris LLP
One Market Plaza, Spear Tower, Suite 2200
San Francisco, CA 94105-1127

18.  Terms Read and Understood.  The undersigned hereby certify that they have read all of the foregoing Agreement, have conferred with counsel of their choosing pertaining to the same, fully understand all of the terms hereof, and have authority to enter into the foregoing Agreement.  The parties acknowledge and represent that they enter into this Agreement and all of the contemplated documents of their own free will and not due to any representation, commitment, promise, pressure or duress from any other party.

Dated:_____, 2019    _____
ANGELICA DE VERE

Dated:_____, 2019    _____
TERESA SULLIVAN

Dated:_____, 2019    _____
SONYIA GRABSKI

Dated:_____, 2019    _____
ELIZABETH MATULICH

Dated:_____, 2019    _____
TRINITY SCOTT

7

Dated:_____, 2019     _____
                                                    STEPHEN A. FINN


                                           WINERY REHABILITATION, LLC

Dated:_____, 2019     By:_____

                                           Printed Name:_____

                                           Title:_____




Dated:_____, 2019     _____
                                                    TIMOTHY W. HOFFMAN
                                           Chapter 11 Trustee of the Bankruptcy Estates of
                                                         SVC and SVP

8

**APPROVED AS TO FORM:**

JOSEPH & COHEN, P.C.

Dated:_____, 2019    By:_____
                                           JONATHAN M. COHEN
                                Attorneys for Angelica de Vere, Teresa Sullivan,
                                    Sonyia Grabski, Elizabeth Matulich and
                                              Trinity Scott

PILLSBURY WINTHROP SHAW PITTMAN LLP

Dated:_____, 2019    By:_____
                                            PHILIP S. WARDEN
                                     Attorneys for Stephen A. Finn,
                                Winery Rehabilitation, LLC and Angelica de Vere
                                         in the Adversary Proceeding

DUANE MORRIS LLP

Dated:_____, 2019    By:_____
                                            ARON M. OLINER
                                   Attorneys for Timothy W. Hoffman,
                                         Chapter 11 Trustee

9

# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>SVC,<br><br>          Debtor. | Case No. 17-10065 RLE<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**NOTICE OF TRUSTEE'S INTENTION TO COMPROMISE CONTROVERSY WITH VARIOUS CREDITORS AND LITIGANTS; OPPORTUNITY FOR HEARING**<br><br>[NO HEARING SCHEDULED] |
| In re<br><br>SVP,<br><br>          Debtor. | |

**TO THE DEBTORS, ALL CREDITORS, PARTIES IN INTEREST, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**PLEASE TAKE NOTICE** that Timothy W. Hoffman ("Trustee"), the duly appointed, qualified and acting chapter 11 trustee of the bankruptcy estates ("Estates") of SVC and SVP (together, "Debtors"), intends to apply for an order authorizing the Trustee to compromise the Estates' controversies with Angelica de Vere, Theresa Sullivan, Sonyia Grabski, Elizabeth Matulich, Trinity Scott, Stephen A. Finn and Winery Rehabilitation, LLC (collectively, the "Settling Creditors"). This notice summarizes the disputes, the terms of the proposed compromise, and the procedure for objection, if any.

On February 1 and 2, 2017, SVC and SVP, respectively, filed voluntary petitions for relief in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division ("Bankruptcy Court") under the provisions of chapter 11 of the Bankruptcy Code, Case Nos. 17-10065 RLE and 17-10067 RLE ("Bankruptcy Cases"). The Debtors, which operated a winery in Rutherford, California, administered the Estates as debtors in possession until the Trustee was appointed on August 29, 2017.

In early 2018, the Trustee, with Bankruptcy Court's approval, sold the winery to Vite USA, Inc. for a confidential sale price. After payment of secured claims and other costs associated with the sale, the Trustee is holding net proceeds for the benefit of the Estates.

Case 17-10065   Doc# 402   Filed 04/29/21   Entered 04/29/21 12:43:44   Page 40 of 101

Five former employees of SVC have filed proofs of claim totaling $9,055,560: Angelica de Vere ($3,822,060), Theresa Sullivan ($1,717,000), Sonyia Grabski ($2,019,500), Elizabeth Matulich ($1,012,000), and Trinity Scott ($485,000) (collectively, the "Former Employees" or "Former Employee Claims" as applicable). The Former Employee Claims are tied to the claims these individuals are asserting in the Napa County Action (as defined and discussed below).

In addition, Stephen A. Finn and his company Winery Rehabilitation LLC (together, the "Finn Parties") assert claims against the Estates for indemnification of attorneys' fees and expenses (in the amounts of $516,097.44 and $247,970.82, respectively) and other unliquidated amounts that have been or may be incurred in both the District Court Action (as defined below) and the Bankruptcy Cases (together, the "Finn Claims"). The Finn Claims are predicated upon the terms of (i) certain prepetition loan documents entered into with the Debtors, (ii) the terms of SVC's bylaws, (iii) an indemnification agreement entered into between Finn and SVC, (iv) applicable California state law, and (v) *Siegel v. Federal Home Loan Mortgage Corp.*, 143 F.3d 525 (9th Cir. 1998).

In addition to the Former Employee Claims and the Finn Claims, there are three pending lawsuits involving most of the Settling Creditors. The first is an adversary proceeding the Debtors filed against Finn and Angelica de Vere ("de Vere") prior to the Trustee's appointment, entitled <u>SVC v. Finn</u>, A.P. No. 17-01023 (the "Adversary Proceeding"). The Adversary Proceeding has been reassigned to the U.S. District Court for the Northern District of California for consideration together with the second pending lawsuit, <u>Sullivan v. Finn</u>, Case No. 3:17-cv-05799-WHO ("District Court Action"). The District Court Action was commenced against Finn and another of his companies, Trust Company of America, Inc., by Kelleen and Ross Sullivan (together, the "Sullivans"), two members of the Sullivan Family that formerly owned the winery. Broadly speaking, the Estates in the Adversary Proceeding and the Sullivans in the District Court Action assert claims against the respective defendants for alleged breaches of their fiduciary duties while Finn was a partner of SVP and a controlling shareholder of SVC, and de Vere was an officer of SVC.

The Former Employees filed the third pending lawsuit against the Sullivans and SVC prepetition, in Napa County Superior Court, Case No. 26-67976 ("Napa County Action"), asserting a variety of claims, including labor code violations, wrongful termination, and breach of contract. The Estates filed a cross-complaint against de Vere in the Napa County Action which mirrors the allegations made in the Adversary Proceeding. With Bankruptcy Court approval, the Trustee has hired state court counsel to defend SVC, and prosecute counter-claims in the Napa County Action. In addition, insurance defense counsel is representing the Estates.

Over a period of several months, with the assistance of the Bankruptcy Court and a bankruptcy judge who volunteered his time to serve as mediator, and, separately, through mediation at JAMS, the Trustee worked very hard to try to bring all parties to the table and reach a global resolution of all claims, including any non-derivative claims the Sullivans assert against Finn. During that time, the Trustee kept the Court and parties apprised of his efforts to broker a global settlement. Unfortunately, a global settlement is not possible at this time. Thus, the Trustee has negotiated a compromise involving all principal parties in the Bankruptcy Cases save for the Sullivans.

DUANE MORRIS LLP
SAN FRANCISCO

DM3\5594535.5 R1034/00002

2

**NOTICE OF TRUSTEE'S INTENTION TO COMPROMISE CONTROVERSY WITH VARIOUS CREDITORS AND LITIGANTS - CASE NO. 17-10065-RLE**

Case 17-10065 Doc# 421 Filed 04/23/18 Entered 04/23/18 12:43:44 Page 40 of 101

The terms of the compromise are described below. However, for sake of clarity and avoidance of doubt, the proposed compromise does not resolve claims between the Finn Parties and the Sullivans. The terms of the compromise are as follows:

Upon entry of a final order approving this compromise, the Former Employee Claims will be withdrawn with prejudice. The Napa County Action (including the Estates' Cross-Complaint against de Vere) will be dismissed with prejudice. All of the Parties to the Napa County Action will execute a release of any and all claims against each other, including a waiver of § 1542 of the California Civil Code, and will bear their own attorneys' fees and costs.

Moreover, the Finn Claims will be subordinated to all trade debt claims reflected in the Debtors' schedules and proofs of claim currently on file in the Bankruptcy Cases, to the extent such claims are allowed. Finn will undertake full responsibility to completely resolve the Former Employee Claims without increasing the Finn Claims, *i.e.*, Finn will not seek indemnification from the Estates for sums paid to resolve the Former Employee Claims, or expenses incurred in resolving these claims. However, the Finn Claims are not being liquidated or otherwise resolved and settled as part of this compromise.

The Trustee, on behalf of the Estates, will dismiss all of the Estates' claims against the Finn Parties and de Vere in the District Court Action with prejudice. The Estates will execute a release of any and all claims against the Finn Parties, including a waiver of § 1542 of the California Civil Code. However, the Sullivans' claims against Finn and Trust Company of American, Inc. in the District Court Action will not be dismissed and are not being released as part of this compromise.

The Trustee believes this compromise is in the best interest of creditors and the Estates. In making this determination, the Trustee took into account (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of creditors (collectively, the "A&C Factors"). In re A&C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986).

Probability of Success. This factor supports the proposed compromise. As an initial matter, the Trustee believes the Estates are solvent. In other words, funds in the Estates should be sufficient to pay all claims in full. The Settling Creditors' claims and defenses, and those held by the Estates, if litigated to conclusion are hard to quantify and predict. There is great uncertainty as to the ultimate outcomes. The Court is well familiar with the docket, but among other things, the Former Employee Claims have been amended from time-to-time, their former counsel has been disqualified by Order of the Court, and the same claims asserted in the Bankruptcy Cases are heading to trial in the Napa County Action. Meanwhile, in the Adversary Proceeding and District Court Action, the Estates will be forced to continue incurring expenses prosecuting their claims against Finn and de Vere. If Finn were ultimately to prevail in the District Court Action and obtain a defense verdict, he would assert his alleged entitlement to indemnification for his accruing attorneys' fees and costs, which would inflate his claim substantially higher than it is now. In short, there are unforeseeable twists and turns in these disputes, and the Trustee cannot realistically advise the Court that the Estates' success is probable, much less predictable.

DUANE MORRIS LLP
SAN FRANCISCO

DM3\5594535.5 R1034/00002

3

NOTICE OF TRUSTEE'S INTENTION TO COMPROMISE CONTROVERSY
WITH VARIOUS CREDITORS AND LITIGANTS - CASE NO. 17-10065 RLE

Case 17-10065   Doc 402-1   Filed 04/02/21   Entered 04/02/21 15:44:47   Page 42
of 101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>Difficulties in Collection</u>.  The difficulty in ultimately collecting against Finn is uncertain in one respect.  While the Trustee believes that Finn can respond, in funds, to any judgment, the Trustee is absolutely certain that Finn will exhaust any and all available appeals, motions for reconsideration and the like in the event the District Court rules against Finn. This will drive up fees substantially.  The Estates' ability to collect on a potential judgment against de Vere is unknown.  With respect to the Former Employee claims, this factor is neutral because the Estates are not asserting claims against the Former Employees.  Rather, if this compromise is approved, there will be over $9 million in unsecured claims withdrawn from the Estates.

<u>Complexity, Delay and Expense of Litigation</u>.  This factor strongly supports the proposed compromise.  At present, absent a compromise, the Napa County Action will continue to proceed to trial, judgment, and any appeals that follow.  The District Court Action will proceed on a similar track.  Given the history between the Settling Creditors and the Sullivans, the Trustee believes it will take many years to fully and finally resolve these disputes, all at great cost and significant delay to the Estates.  Moreover, in the Napa County Action, coverage counsel may discontinue its defense on behalf of the Estates.

<u>Paramount Interest of Creditors</u>.  This factor also strongly supports the proposed compromise.  When approved by this Bankruptcy Court, the compromise will result in the withdrawal of over $9 million of unsecured claims in the Bankruptcy Cases.  It will also resolve the Napa County Action and Adversary Proceeding in full, while resolving all the Estates' claims in the District Court Action.  With these disputes fully and finally resolved, the Trustee will be in a position to either proceed with a structured dismissal, or, more likely, a simple Chapter 11 plan. In either instance, this compromise will benefit creditors in that the intractable disputes between the Estates and the Settling Creditors will be resolved, clearing the way for an orderly conclusion to these cases.

**PLEASE TAKE FURTHER NOTICE** that the Trustee intends to apply to the above-entitled Court for an order approving this compromise.  Bankruptcy Local Rule 9014 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed in the event that you have an objection to the compromise as proposed.  To that end:

**Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**

**Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**

**If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default.**

**In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

Case 17-10065    Doc# 402-1   Filed 04/23/21   Entered 04/23/21 13:24:44   Page 43
of 101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DUANE MORRIS LLP
SAN FRANCISCO

Any objections or requests for hearing should be filed with the United States Bankruptcy Court, 99 South "E" Street, Santa Rosa, California 95404. A copy of the objection should be served on the Office of the United States Trustee and counsel for the Trustee at the address shown below. The Office of the United States Trustee is located at 450 Golden Gate Avenue, 5th Floor, Suite #05-0153, San Francisco, California 94102. For further information regarding the foregoing, please contact counsel for the Trustee at the address shown below.

Dated:  January 31, 2019                    **DUANE MORRIS LLP**

By: /s/ Aron M. Oliner (152373)
ARON M. OLINER
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, California 94105-1127
Telephone:  (415) 957-3000
Facsimile:  (415) 957-3001
Email:  roliner@duanemorris.com
Attorneys for Chapter 11 Trustee
TIMOTHY W. HOFFMAN

DM3\5594535.5 R1034/00002                    5

**NOTICE OF TRUSTEE'S INTENTION TO COMPROMISE CONTROVERSY**

**WITH VARIOUS CREDITORS AND LITIGANTS - CASE NO. 17-10065 RLE**
Case 17-10065 Doc# 709-21 Filed 03/28/19 Entered 03/28/19 12:43:44 Page 45 of 101

```
1
2
3
4
5
6
7
8
```
Aron M. Oliner (SBN: 152373)
Geoffrey A. Heaton (SBN: 206990)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email: roliner@duanemorris.com

Counsel for Chapter 11 Trustee
TIMOTHY W. HOFFMAN

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SANTA ROSA DIVISION

| In re | Case No. 17-10065 RLE |
|---|---|
| SVC, | (Jointly Administered) |
| Debtor. | Chapter 11 |
| | **CERTIFICATE OF SERVICE** |

| In re | |
|---|---|
| SVP, | |
| Debtor. | |

I am a citizen of the United States, over the age of 18 years, and not a party to or interested in the within entitled cause. I am an employee of Duane Morris LLP and my business address is One Market Plaza, Spear Street Tower, Suite 2200, San Francisco, California 94105-1127. I am readily familiar with the business practice for collection and processing of correspondence for mailing and for transmitting documents by U.S. Mail, FedEx, fax, email, courier and other modes. On January 31 2019, I served the following document:

- **NOTICE OF TRUSTEE'S INTENTION TO COMPROMISE CONTROVERSY WITH VARIOUS CREDITORS AND LITIGANTS; OPPORTUNITY FOR HEARING**

DM3\5601645.1 R1034/00002

1

DUANE MORRIS LLP
SAN FRANCISCO

COS / NOTICE OF TRUSTEE'S INTENTION TO COMPROMISE CONTROVERSY WITH VARIOUS
CREDITORS AND LITIGANTS, CASE NO. 17-10065 RLE

Case: 17-10065   Doc# 465-1   Filed: 01/31/19   Entered: 01/31/19 23:44:42   Page 24
of 36

**X**   <u>BY MAIL</u>: by placing (☐ the original) (☒ a true copy) thereof enclosed in a sealed envelope, addressed as set forth below, and placing the envelope for collection and mailing following my firm's ordinary business practices, which are that on the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco, California, with postage fully prepaid.

<u>**COURT MAILING MATRIX – ATTACHED**</u>

**X**   <u>BY OVERNIGHT DELIVERY</u>: by placing (☐ the original) (☒ a true copy) thereof enclosed in a sealed FedEx envelope addressed as set forth below, and placing the envelope for collection and transmittal by FedEx following my firm's ordinary business practices, which are that on the same day correspondence is placed for collection, it is deposited in the ordinary course of business with FedEx for overnight next business day delivery.

*(Chambers Copy)*
The Honorable Roger L. Efremsky
Attn: Courtroom Deputy
United States Bankruptcy Court
Northern District of California
Oakland Division
1300 Clay Street #300
Oakland, CA 94612

    I declare under penalty of perjury under the laws of the United States of American that the foregoing is true and correct and that this declaration was executed on January 31, 2019, in San Francisco, California.

/s/ Deanna Micros (xxx-xx-5693)
DEANNA MICROS

DUANE MORRIS LLP
SAN FRANCISCO

DM3\5601645.1 R1034/00002

2

Label Matrix for local noticing
0971-1
Case 17-10065
Northern District of California
Santa Rosa
Thu Jan 31 12:12:11 PST 2019

ADP Retirement Services
3700 Business Drive
Sacramento, CA 95820-2140

AFIS Benefits & Insurance Services
5858 Horton Street
Suite 350
Emeryville, CA 94608-2025

AT and T Mobility
PO Box 6463
Carol Stream, IL 60197-6463

AT&T Mobility II LLC
%AT&T SERVICES INC.
KAREN A. CAVAGNARO  LEAD PARALEGAL
ONE AT&T WAY, SUITE 3A104
BEDMINSTER, NJ. 07921-2693

Alhambra & Sierra Springs
PO Box 660579
Dallas, TX 75266-0579

Andrea Cow
7 Scott Place
Greenbrae, CA 94904-3026

Andrea Crow
c/o Matthew J. Shier
shierkatz RLLP
930 Montgomery Street, Suite 600
San Francisco, CA 94133-4601

Angelica De Vere
C/O Philip J. Terry, Esq.
100 B Street, Suite 400
Santa Rosa, CA 95401-6376

Angelica de Vere
c/o Valerie Bantner Peo, Esq.
Buchalter, a Professional Corporation
55 Second Street, 17th Floor
San Francisco, CA 94105-3493

Anthem Blue Cross
PO Box 54630
Los Angeles, CA 90054-0630

Anthem Blue Cross
PO Box 9051
Oxnard, CA 93031-9051

Autumn Cruzan
PO Box 2702
Yountville, CA 94599-2702

Beyers Costin Simon, PC
200 Fourth Street, Suite 400
Santa Rosa, CA 95401-8535

Biagi Brothers, Inc.
787 Airpark Road
Napa, CA 94558-7515

Bill Tucker Studios
23 E. 4th Street
Hinsdale, IL 60521-4402

Bittner & Company, LLC
PO Box 168
American Canyon, CA 94503

Bittner and Co., LLC
115 Dahlia Street
Saint Helena, CA 94574-2116

Bob & Duffs Pest Control
1370 Trancas Street
Suite 139
Napa, CA 94558-2912

Bodega Shipping Co.
659 Main Street
Saint Helena, CA 94574-2004

CA Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

CA Franchise Tax Board
Bankruptcy Group
P.O. Box 2952
Sacramento, CA 95812-2952

Caireen Sullivan
1983 Ocean Avenue
Santa Cruz, CA 95060

California Dept of Food and Ag.
1220 N Street
Sacramento, CA 95814-5603

Castellucci Napa Valley
PO Box 106
Rutherford, CA 94573-0106

CoPower
Dept 34604
P.O. Box 39000
San Francisco, CA 94139-0001

Jonathan M. Cohen
Joseph and Cohen, P.C.
1855 Market Street
San Francisco, CA 94103-1112

Jay D. Crom
Bachecki, Crom & Company, LLP
400 Oyster Point Blvd. Suite 106
South San Francisco, CA 94080-1917

Andrea Crow
c/o Matthew J. Shier
shierkatz RLLP
930 Montgomery Street, 6th Floor
San Francisco, CA 94133-4634

Crystal of America
PO Box 27523
New York, NY 10087-2752

Case: 17-10065   Doc# 425-1   Filed: 04/03/19   Entered: 04/03/19 13:43:42   Page 26 of 51

Angelica De Vere
c/o Valerie Bantner Peo
55 Second St., 17th Fl.
San Francisco, CA 94105-3493

Cecily A. Dumas
Pillsbury Winthrop Shaw Pittman LLP
4 Embarcadero Center, 22 Fl
San Francisco, CA 94111-4128

ETS Laboratories
899 Adams Street
Suite A
Saint Helena, CA 94574-1160

Elizabeth Matulich
C/O Philip J. Terry, Esq.
100 B Street, Suite 400
Santa Rosa, CA 95401-6376

Elizabeth Matulich
c/o Valerie Bantner Peo
Buchalter, A Professional Corporation
55 2nd St., 17th Fl.
San Francisco, CA 94105-3493

Employment Development Dept.
PO Box 826880
Sacramento, CA 94280-0001

Enartis Vinquiry
7795 Bell Road
Windsor, CA 95492-8519

FIRST INSURANCE FUNDING CORP.
P.O.BOX 7000
Carol Stream, IL 60197-7000

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Fair Harbor Capital, LLC
Ansonia Finance Station
PO Box 237037
New York, NY 10023-0028

Jacob M. Faircloth
Law Office of Steven M. Olson
100 E St. #104
Santa Rosa, CA 95404-4605

Michael C. Fallon
Law Offices of Michael C. Fallon
100 E St. #219
Santa Rosa, CA 95404-4606

Reno F.R. Fernandez
Macdonald Fernandez LLP
221 Sansome St. 3rd Fl.
San Francisco, CA 94104-2331

John D. Fiero
Pachulski, Stang, Ziehl, and Jones
150 California St. 15th Fl.
San Francisco, CA 94111-4554

Stephen A Finn
Pillsbury Winthrop Shaw Pittman, LLP
Four Embarcadero Ctr, 22nd Fl.
San Francisco, CA 94111-4128

Ford Credit
PO Box 552679
Detroit, MI 48255-2679

Ford Motor Credit Company
c/o Law Offices of Austin P. Nagel
111 Deerwood Road, Ste.305
San Ramon, CA 94583-1530

(p)FORD MOTOR CREDIT COMPANY
P O BOX 62180
COLORADO SPRINGS CO 80962-2180

Paul Garvey
dba Garvey Brothers Vineyard
Management Company
c/o Macdonald Fernandez LLP
221 Sansome Street, Third Floor
San Francisco, CA 94104-2323

Garvey Brothers Vineyard Management Company
Attn: Paul Garvey c/o Macdonald Fernande
221 Sansome Street, Third Floor
San Francisco, CA 94104-2323

Ghirardo CPA
7200 Redwood Blvd.
Suite 403
Novato, CA 94945-3249

Goode Company
655 Park Court
Rohnert Park, CA 94928-7940

Sonyia Grabski
c/o Valerie Bantner Peo
55 Second St., 17th Fl.
San Francisco, CA 94105-3493

Hartford Group Benefits
P.O. Box 783690
Philadelphia, PA 19178-3690

Geoffrey A. Heaton
Duane Morris LLP
1 Market, Spear Tower #2200
San Francisco, CA 94105-1127

Timothy W. Hoffman
P.O. Box 1761
Sebastopol, CA 95473-1761

IRS
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Kelleen F. Sullivan
P.O. Box 396
Rutherford, CA 94573-0396

Kelleen Sullivan
P.O. Box 396
Rutherford, CA 94573-0396

Lynette C. Kelly
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05-0153
San Francisco, CA 94102-3661

Kokjer, Pierotti, Maiocco & Duck LLP
351 California Street, Suite 300
San Francisco, CA 94104-2422

Chris D. Kuhner
Kornfield Nyberg Bendes Kuhner & Little
1970 Broadway #600
Oakland, CA 94612-2218

Law Office of Steven M. Olson
100 E Street
Suite 104
Santa Rosa, CA 95404-4605

Matheson Tri-Gas, Inc.
Dept. LA 23793
Pasadena, CA 91185-3793

Elizabeth Matulich
c/o Valerie Bantner Peo
55 Second St., 17th Fl.
San Francisco, CA 94105-3493

Moschetti Espresso
11 Sixth Street
Vallejo, CA 94590-6913

Austin P. Nagel
Law Offices of Austin P. Nagel
111 Deerwood Rd. #305
San Ramon, CA 94583-1530

Napa Printing Design Studio & Mail Ctr.
630 D Airpark Rd
Napa, CA 94558-7528

Napa Valley Designs
P.O. Box 396
Rutherford, CA 94573-0396

Napa Valley Vintners Assn.
PO Box 141
Saint Helena, CA 94574-0141

Occidental Technical Group LLC
PO Box 665
Saint Helena, CA 94574-0665

Office of the U.S. Trustee / SR
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05-0153
San Francisco, CA 94102-3661

Aron M. Oliner
Law Offices of Duane Morris
1 Market Spear Tower #2200
San Francisco, CA 94105-3104

Steven M. Olson
Law Offices of Steven M. Olson
100 E St. #104
Santa Rosa, CA 95404-4605

(p)PACIFIC GAS & ELECTRIC COMPANY
PO BOX 8329
STOCKTON CA 95208-0329

PG&E
5507160621-8
Box 997300
Sacramento, CA 95899-7300

PG&E
5548827285-1
Box 997300
Sacramento, CA 95899-7300

Penning Landscapes, Inc.
68 Coombs Street
# D11
Napa, CA 94559-3979

Philomena Gildea
22 Church Street
Weston, MA 02493-2004

Printing Services - Napa Valley
574 Gateway Drive
Napa, CA 94558-7517

Ramondin USA, Inc.
791 Technology Way
Napa, CA 94558-7505

Republic Indemnity
PO Box 7878
San Francisco, CA 94120-7878

Ross Sullivan
1322 El Bonita Avenue
Saint Helena, CA 94574-2121

Rutherford River Ranch
2352 Pine Street
San Francisco, CA 94115-2715

SVC
P.O. Box G
1090 Galleron Road
Rutherford, CA 94573-0907

Trinity Scott
c/o Valerie Bantner Peo
55 Second St., 17th Fl.
San Francisco, CA 94105-3493

Scott laboratories
PO Box 398198
San Francisco, CA 94139-8198

Sean Sullivan
P.O. Box 5543
Napa, CA 94581-0543

Matthew J. Shier
shierkatz RLLP
930 Montgomery St. 6th Fl.
San Francisco, CA 94133-4624

Case: 17-10065   Doc# 421   Filed: 04/03/09   Entered: 04/03/09 16:34:42   Page 49 of 61

Peter Simon
Beyers Costin
200 4th St #400
PO Box 8
Santa Rosa, CA 95402-0008

Sonyia Grabski
C/O Philip J. Terry, Esq.
100 B Street, Suite 400
Santa Rosa, CA 95401-6376

Sonyia Grabski
c/o Valerie Bantner Peo, Esq.
Buchalter, A Professional Corporation
55 Second Street, 17th Floor
San Francisco, CA 94105-3493

St. Helena Self Storage
950 Vintage Avenue
Saint Helena, CA 94574-1406

Stanley Convergent Sec. Sol.
Dept Ch 10651
Palatine, IL 60055-0001

(p)CALIFORNIA STATE BOARD OF EQUALIZATION
ACCOUNT REFERENCE GROUP MIC 29
P O BOX 942879
SACRAMENTO CA 94279-0029

State Water Boards
PO Box 1888
Sacramento, CA 95812-1888

Stephen A. Finn
C/O Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Ctr. 22nd Fl.
San Francisco, CA 94111-4128

Ross Sullivan
1322 El Bonita Avenue
St. Helena, CA 94574-2121

Teresa Sullivan
c/o Valerie Bantner Peo
55 Second St., 17th Fl.
San Francisco, CA 94105-3493

Sullivan Vineyards Partners
P.O. Box G
1090 Galleron Road
Rutherford, CA 94573-0907

Sullivan Vineyards Partnership
Law Offices Michael C. Fallon
100 E Street
Ste 219
Santa Rosa, CA 95404-4606

Sunshine Foods Partners
1115 Main Street
Saint Helena, CA 94574-2090

Telepacific Communications
PO Box 509013
San Diego, CA 92150-9013

Teresa Sullivan
C/O Philip J. Terry, Esq.
100 B Street, Suite 400
Santa Rosa, CA 95401-6376

Teresa Sullivan
c/o Valerie Bantner Peo, Esq.
Buchalter, A Professional Corporation
55 Second Street, 17th Fl.
San Francisco, CA 94105-3493

Thomas R. Harnett LLC
965 Marina Drive
Napa, CA 94559-4744

Toyota Material Handling
PO Box 398526
San Francisco, CA 94139-8526

Trinity Scott
C/O Philip J. Terry, Esq.
100 B Street, Suite 400
Santa Rosa, CA 95401-6376

Trinity Scott
c/o Valerie Bantner Peo
Buchalter, A Professional Corporation
55 2nd St., 17th Fl.
San Francisco, CA 94105-3493

Trove Professional Services, LLC
2081 Center St.
Berkeley, CA 94704-1204

U.S. Attorney
Civil Division
450 Golden Gate Ave.
San Francisco, CA 94102-3661

UBF Consulting, Inc.
2033 North Main St., Ste. 700
Walnut Creek, CA 94596-3713

Uline
Attn.: Accounts Receivable
P.O. Box 88741
Chicago, IL 60680-1741

Upper Valley Disposal
PO Box 382
Saint Helena, CA 94574-0382

VSP
7400 Gaylord Parkway
Frisco, TX 75034-9463

Valley Internet
4160 Suisun Valley Road E-712
Fairfield, CA 94534-4016

Verizon Wireless
P.O. Box 660108
Dallas, TX 75266-0108

Vicard Generation 7
1370 Trancas St. # 141
Napa, CA 94558-2912

Vin65-WineDirect
1190 Airport Blvd., Ste. 101
Napa, CA 94558-7573

```
Vision Service Plan              Vite USA, Inc.                        Philip S. Warden
P.O. Box 45210                   c/o Chris D. Kuhner                   Pillsbury Winthrop Shaw Pittman LLP
San Francisco, CA 94145-5210     Kornfield Nyberg Bendes Kuhner & Little   4 Embarcadero Center, 22nd Fl.
                                 1970 Broadway, Suite 600              San Francisco, CA 94111-4128
                                 Oakland, CA 94612-2218


Winery Rehabilitation, LLC       Winery Rehabilitation, LLC           Wineshipping
7103 South Revere Parkway        c/o Pillsburty Winthrop Shaw Pittman LLP   50 Technology Court
Centennial, CO 80112-3936        Four Embarcadero Ctr. 22nd Fl.        Napa, CA 94558-7519
                                 San Francisco, CA 94111-4106


iPayment, Inc.
PO Box 3429
Westlake Village, CA 91359-0429
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Ford Motor Credit Company, LLC   PG&E                                 State Board of Equalization
P.O. Box 62180                   PO BOX 8329                          P.O. Box 942879
Colorado Springs, CO 80962       C/O BANKRUPTCY IXB7                  Sacramento, CA 94279
                                 STOCKTON, CA 95208
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)AT&T Mobility                 (u)Thomas G. Eddy                    (d)Fair Harbor Capital, LLC
PO Box 6463                                                           Ansonia Finance Station
Carol Stream, IL 60197-6463                                          PO Box 237037
                                                                     New York, NY 10023-0028


(u)Garvey Brothers Vineyard Management Compan   (d)Kelleen Sullivan   (d)UBF Consulting, Inc.
                                 P.O. Box 396                         2033 North Main St, Ste. 700
                                 Rutherford, CA 94573-0396            Walnut Creek, CA 94596-3713


End of Label Matrix
Mailable recipients   126
Bypassed recipients     6
Total                 132
```

Case: 17-10133   Doc# 421   Filed: 04/03/09   Entered: 04/03/09 16:34:42   Page 53 of 36

## File a Notice:

[17-10065 SVC](#)

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 1 (Santa Rosa) |
| Assets: y | Judge: RLE | Case Flag: JNTADMN |

### U.S. Bankruptcy Court

### Northern District of California

Notice of Electronic Filing

The following transaction was received from Aron M. Oliner entered on 1/31/2019 at 1:11 PM PST and filed on 1/31/2019

**Case Name:**     SVC
**Case Number:**     [17-10065](#)
**Document Number:** [408](#)

**Docket Text:**
Notice Regarding *[Notice of Trustee's Intention to Compromise Controversy with Various Creditors and Litigants; Opportunity for Hearing]* Filed by Trustee Timothy W. Hoffman (Attachments: # (1) Certificate of Service) (Oliner, Aron)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\Users\dmicros\Desktop\SVC\Notice of Trustee's Intention to Compromise Controversy with Various Creditors & Litigants.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=1/31/2019] [FileNumber=34970095-0] [ad2d7d04ecf6d17892bf9d55c3847b4ef2eb07823a8852d4368757f55ef23caea8 db9c0ed9df404b030c9c486cbf17e0094c750f544d893be459a8ca84dee375]]
**Document description:** Certificate of Service
**Original filename:** C:\Users\dmicros\Desktop\SVC\COS re Notice of Trustee's Intention to Compromise Controversy with Various Creditors & Litigants.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=1/31/2019] [FileNumber=34970095-1] [68ad5523ac646af9cde2486c6e9d11e0edc62a9695ce4f4bd9baf5ba90c7cde0b7 bd2fd645f5c7c04ab57d861e4a7a6adfc8ce11a5104b3ec66b92aff0917b2f]]

**17-10065 Notice will be electronically mailed to:**

Jonathan M. Cohen on behalf of Creditor Angelica De Vere
jcohen@josephandcohen.com, donna@josephandcohen.com

Jonathan M. Cohen on behalf of Creditor Elizabeth Matulich
jcohen@josephandcohen.com, donna@josephandcohen.com

Jonathan M. Cohen on behalf of Creditor Sonyia Grabski
jcohen@josephandcohen.com, donna@josephandcohen.com

Jonathan M. Cohen on behalf of Creditor Teresa Sullivan

jcohen@josephandcohen.com, donna@josephandcohen.com

Jonathan M. Cohen on behalf of Creditor Trinity Scott
jcohen@josephandcohen.com, donna@josephandcohen.com

Jay D. Crom
jcrom@bachcrom.com

Cecily A. Dumas on behalf of Creditor Winery Rehabilitation, LLC
cecily.dumas@pillsburylaw.com

Cecily A. Dumas on behalf of Creditor Stephen A Finn
cecily.dumas@pillsburylaw.com

Jacob M. Faircloth on behalf of Debtor SVC
jacob.faircloth@smolsonlaw.com

Michael C. Fallon on behalf of Creditor Sullivan Vineyards Partnership
mcfallon@fallonlaw.net, manders@fallonlaw.net

Michael C. Fallon on behalf of Debtor SVC
mcfallon@fallonlaw.net, manders@fallonlaw.net

Michael C. Fallon on behalf of Debtor SVP
mcfallon@fallonlaw.net, manders@fallonlaw.net

Michael C. Fallon on behalf of Plaintiff SVP
mcfallon@fallonlaw.net, manders@fallonlaw.net

Reno F.R. Fernandez on behalf of Creditor Garvey Brothers Vineyard Management Company
reno@macfern.com, ecf@macfern.com

Reno F.R. Fernandez on behalf of Creditor Paul Garvey
reno@macfern.com, ecf@macfern.com

John D. Fiero on behalf of Interested Party Kelleen Sullivan
jfiero@pszjlaw.com, ocarpio@pszjlaw.com

John D. Fiero on behalf of Interested Party Ross Sullivan
jfiero@pszjlaw.com, ocarpio@pszjlaw.com

John D. Fiero on behalf of Responsible Ind Ross Sullivan
jfiero@pszjlaw.com, ocarpio@pszjlaw.com

Geoffrey A. Heaton on behalf of Trustee Timothy W. Hoffman
gheaton@duanemorris.com, dmicros@duanemorris.com

Timothy W. Hoffman
twh1761@yahoo.com, ca73@ecfcbis.com

Lynette C. Kelly on behalf of U.S. Trustee Office of the U.S. Trustee / SR
lynette.c.kelly@usdoj.gov, ustpregion17.oa.ecf@usdoj.gov

Chris D. Kuhner on behalf of Interested Party Vite USA, Inc.
c.kuhner@kornfieldlaw.com, g.michael@kornfieldlaw.com

Austin P. Nagel on behalf of Creditor Ford Motor Credit Company
melissa@apnagellaw.com

Office of the U.S. Trustee / SR
USTPRegion17.SF.ECF@usdoj.gov

Aron M. Oliner on behalf of Trustee Timothy W. Hoffman
roliner@duanemorris.com, dmicros@duanemorris.com

Steven M. Olson on behalf of Attorney Law Office of Steven M. Olson
smo@smolsonlaw.com

Steven M. Olson on behalf of Debtor SVC
smo@smolsonlaw.com

Steven M. Olson on behalf of Plaintiff SVC
smo@smolsonlaw.com

Steven M. Olson on behalf of Plaintiff SVP
smo@smolsonlaw.com

Matthew J. Shier on behalf of stockholders Andrea Crow
mshier@shierkatz.com, mterry@shierkatz.com

Philip S. Warden on behalf of Creditor Winery Rehabilitation, LLC
philip.warden@pillsburylaw.com, candy.kleiner@pillsburylaw.com

Philip S. Warden on behalf of Creditor Angelica De Vere
philip.warden@pillsburylaw.com, candy.kleiner@pillsburylaw.com

Philip S. Warden on behalf of Creditor Stephen A Finn
philip.warden@pillsburylaw.com, candy.kleiner@pillsburylaw.com

Philip S. Warden on behalf of Defendant Angelica De Vere
philip.warden@pillsburylaw.com, candy.kleiner@pillsburylaw.com

Philip S. Warden on behalf of Defendant Stephen A Finn
philip.warden@pillsburylaw.com, candy.kleiner@pillsburylaw.com

**17-10065 Notice will not be electronically mailed to:**

Thomas G. Eddy
,

Fair Harbor Capital, LLC
Ansonia Finance Station
PO Box 237037
New York, NY 10023

Kokjer, Pierotti, Maiocco & Duck LLP
351 California Street, Suite 300
San Francisco, CA 94104

Peter Simon
Beyers Costin
200 4th St #400
PO Box 8
Santa Rosa, CA 95402

UBF Consulting, Inc.
2033 North Main St., Ste. 700
Walnut Creek, CA 94596



**FOLD on this line and place in shipping pouch with bar code and delivery address visible**

1. Fold the first printed page in half and use as the shipping label.
2. Place the label in a waybill pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.
3. Keep the second page as a receipt for your records. The receipt contains the terms and conditions of shipping and information useful for tracking your package.

*Legal Terms and Conditions*

Tendering packages by using this system constitutes your agreement to the service conditions for the transportation of your shipments as found in the applicable FedEx Service Guide, available upon request. FedEx will not be responsible for any claim in excess of the applicable declared value, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the applicable FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of 100 USD or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is 500 USD, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see applicable FedEx Service Guide. FedEx will not be liable for loss or damage to prohibited items in any event or for your acts or omissions, including, without limitation, improper or insufficient packaging, securing, marking or addressing, or the acts or omissions of the recipient or anyone else with an interest in the package. See the applicable FedEx Service Guide for complete terms and conditions. To obtain information regarding how to file a claim or to obtain a Service Guide, please call 1-800-GO-FEDEX (1-800-463-3339).



# Your package has been delivered

Tracking # 785251342396

Ship date:
Thu, 1/31/2019

Delivery date:
Fri, 2/1/2019 8:57 am

Aron Oliner
Duane Morris LLP
San Francisco, CA 94105
US

**Delivered**

Hon. Roger L. Efremsky
U.S. Bankrupcty Court
1300 CLAY ST STE 300
OAKLAND, CA 94612
US



## Personalized Message

PSShip eMail Notification

## Shipment Facts

Our records indicate that the following package has been delivered.

| | |
|---|---|
| Tracking number: | 785251342396 |
| Status: | Delivered: 02/01/2019 08:57 AM Signed for By: S.STAPLES |
| Reference: | R1034.00002 |
| Signed for by: | S.STAPLES |
| Delivery location: | OAKLAND, CA |
| Delivered to: | Receptionist/Front Desk |
| Service type: | FedEx Priority Overnight® |
| Packaging type: | FedEx® Envelope |
| Number of pieces: | 1 |
| Weight: | 0.50 lb. |
| Special handling/Services: | Deliver Weekday |
| Standard transit: | 2/1/2019 by 10:30 am |

## This tracking update has been requested by:

| | |
|---|---|
| Company name: | Duane Morris LLP |
| Name: | Aron Oliner |
| Email: | roliner@duanemorris.com |

✉ Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 11:01 AM CST on 02/01/2019.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number above.

This tracking update has been sent to you by FedEx on behalf of the Requestor roliner@duanemorris.com. FedEx does not validate the authenticity of the requestor and does not validate, guarantee or warrant the authenticity of the request, the requestor's message, or the accuracy of this tracking update.

Standard transit is the date and time the package is scheduled to be delivered by, based on the selected service, destination and ship date. Limitations and exceptions may apply. Please see the FedEx Service Guide for terms and conditions of service, including the FedEx Money-Back Guarantee, or contact your FedEx Customer Support representative.

© 2019 Federal Express Corporation. The content of this message is protected by copyright and trademark laws under U.S. and international law. Review our privacy policy. All rights reserved.

Thank you for your business.

# EXHIBIT D

# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and among Angelica de Vere, Teresa Sullivan, Sonyia Grabski, Elizabeth Matulich, Trinity Scott, Stephen A. Finn, Winery Rehabilitation, LLC and Timothy W. Hoffman ("Trustee"), chapter 11 trustee of the bankruptcy estates ("Estates") of SVC and SVP (together, "Debtors").

## RECITALS

A.      On December 31, 2015, Angelica de Vere ("de Vere"), Teresa Sullivan ("Teresa"), Sonyia Grabski ("Grabski"), Elizabeth Matulich ("Matulich") and Trinity Scott ("Scott") (collectively, the "Former Employees") filed a complaint in Napa County Superior Court against SVC, Kelleen Sullivan and Ross Sullivan, asserting claims for, inter alia, wrongful termination, breach of contract, slander and civil assault, Case No. 26-67976 ("Napa County Action").

B.      On January 12, 2017, SVC filed a cross-complaint ("Napa County Cross-Complaint") against de Vere in the Napa County Action.

C.      On February 1 and 2, 2017, SVC and SVP, respectively, filed voluntary petitions for relief in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division ("Bankruptcy Court") under the provisions of chapter 11 of the Bankruptcy Code, Case Nos. 17-10065 RLE and 17-10067 RLE ("Bankruptcy Cases").

D.      On February 15, 2017, SVC filed its bankruptcy schedules [Docket No. 25], wherein it scheduled SVP as holding a general unsecured claim in the amount of $2,130,720.00 based upon a trade payable (the "SVP Intercompany Claim").

E.      On March 1, 2017, de Vere filed a general unsecured proof of claim in SVC's case in the amount of $1,046,826.00, assigned Claim No. 5 in SVC's case. On March 7, 2018, de Vere filed an amendment to Claim 5 in the amount of $3,822,060.00, assigned Claim No. 17 in SVC's case.

F.      On March 1, 2017, Teresa filed a general unsecured proof of claim in SVC's case in the amount of $185,769.00, assigned Claim No. 6. On March 9, 2018, Teresa amended Claim No. 6. As amended, Claim No. 6 is asserted in the amount of $1,717,000.00.

G.      On March 1, 2017, Grabski filed a general unsecured proof of claim in SVC's case in the amount of $429,134.00, assigned Claim No. 7. On March 15, 2018, Grabski amended Claim No. 7. As amended, Claim No. 7 is asserted in the amount of $2,019,500.00.

H.      On March 1, 2017, Matulich filed a general unsecured proof of claim in SVC's case in the amount of $305,000.00, assigned Claim No. 8. On March 16, 2018, Matulich amended Claim No. 8. As amended, Claim No. 8 is asserted in the amount of $1,012,000.00.

I.      On March 1, 2017, Scott filed a general unsecured proof of claim in SVC's case in the amount of $55,000.00, assigned Claim No. 9. On March 19, 2018, Scott amended Claim No. 9. As amended, Claim No. 9 is asserted in the amount of $485,000.00.

1

J.      On April 10, 2017, Winery Rehabilitation, LLC ("WR") filed Claim Nos. 11 and 12 in SVC's case against SVP and SVC, respectively, asserting secured claims in the amount of $9,940,098.42.

K.      On April 10, 2017, Finn filed Claim Nos. 13 and 14 in SVC's case against SVP and SVC, respectively, asserting secured claims in the amount of $4,656,692.36.

L.      On July 14, 2017, the Debtors, as debtors-in-possession, filed an adversary proceeding against Stephen A. Finn ("Finn") and de Vere, asserting claims for money damages and objection to the claims of Finn and de Vere, A.P. No. 17-01023 ("Adversary Proceeding").

M.      On August 29, 2017, the Trustee was appointed as chapter 11 trustee of the Estates, and succeeded to the Debtors as plaintiff in the Adversary Proceeding and cross-complainant in the Napa County Action.

N.      On October 6, 2017, Kelleen Sullivan and Ross Sullivan, who are not parties to this Agreement, filed a complaint against Finn and Trust Company of America, Inc. in the United States District Court for the Northern District California, San Francisco Division ("District Court"), asserting claims for, inter alia, breach of fiduciary duty and unfair business practices, Case No. 3:17-cv-05799-WHO ("District Court Action").

O.      On December 11, 2017, as authorized by the *Order Authorizing Trustee to (1) Sell Real and Personal Property Assets of Debtors Free and Clear of Liens and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f), and (2) Assume and Assign Executory Contracts Pursuant to 11 U.S.C. § 365* [Docket No. 249], the Trustee paid distributions to Finn and WR on account of their secured claims, in the aggregate amount of $17,798,383.20, from the proceeds of the sale of substantially all assets of the Debtors.

P.      On March 6, 2018, Finn amended Claim Nos. 13 and 14 to assert further secured claims for attorneys' fees in the amount of $200,000.00.  On September 11, 2018, Finn amended Claim Nos. 13 and 14 a second time to assert secured claims for attorneys' fees in the amount of $516,097.44 and to assert general unsecured claims for indemnification in an unliquidated amount.

Q.      On September 11, 2018, WR amended Claim Nos. 11 and 12 to assert further secured claims for attorneys' fees in the amount of $247,970.82.

R.      In November of 2018, the Adversary Proceeding was transferred to the District Court for consideration with the District Court Action.  The Adversary Proceeding is currently pending as Case No. 3:18-cv-07088-WHO.

S.      Finn, WR and the Former Employees (collectively, the "Settling Creditors") and the Trustee have engaged in settlement discussions concerning the matters set forth above.

T.      Finn has agreed to provide confidential consideration to the Former Employees to resolve the Former Employees' claims.

U.      The Former Employees are participating in this Agreement due to the economic benefit it provides in alleviating the need for further litigation.

2

**NOW THEREFORE**, in consideration of the foregoing, and intending to be bound as set forth herein, the Settling Creditors and the Trustee agree as follows:

## AGREEMENT

1.   <u>Withdrawal of Former Employee Claims</u>.   Claim Nos. 5, 6, 7, 8, 9 and 17 (collectively, the "Former Employee Claims") filed by the Former Employees shall be withdrawn with prejudice.  The Bankruptcy Court's order approving this settlement requires withdrawal of the Former Employee Claims with prejudice.

2.   <u>Subordination of Finn Party Claims</u>.  Claim Nos. 11, 12, 13 and 14 (collectively, the "Finn Party Claims") filed by WR and Finn shall be subordinated to all trade debt reflected in the Debtors' schedules and proofs of claim currently on file in the Bankruptcy Cases, to the extent such trade debt claims are allowed; provided, however, that the Finn Party Claims shall not be subordinated to the SVP Intercompany Claim or any part thereof.  For the avoidance of doubt, the amount of trade debt claims to which the Finn Party Claims shall be subordinated is anticipated to be approximately $250,000 in the aggregate.  The Bankruptcy Court's order approving this settlement provides for subordination of the Finn Party Claims as set forth herein.  Neither the Finn Party Claims nor the SVP Intercompany Claim are being liquidated or otherwise resolved by this Agreement. Except as set forth in this Agreement, the Parties reserve all rights as to the Finn Party Claims and the SVP Intercompany Claim.

3.   <u>Dismissal of Napa County Action</u>.  The Former Employees shall cause the claims against SVC in the Napa County Action to be dismissed with prejudice.  The Trustee shall cause the Napa County Cross-Complaint to be dismissed with prejudice.  The Former Employees' claims against Kelleen Sullivan shall be dismissed without prejudice.

4.   <u>Dismissal of Adversary Proceeding</u>.   The Trustee shall cause the Adversary Proceeding to be dismissed with prejudice.

5.   <u>Waiver of Right to Amend Proofs of Claims to Include Any Consideration Finn Provides to Former Employees</u>.   Finn and WR (together, the "Finn Parties") waive and release any rights to, and shall not, amend any of the Finn Party Claims to seek to recover any consideration provided to resolve the Former Employee Claims.

6.   <u>Costs and Expenses of Settlement</u>.  The Settling Creditors and the Trustee shall bear all their own costs, expenses and attorneys' fees incurred in connection with the Napa County Action, Adversary Proceeding, District Court Action and the Bankruptcy Cases, and the negotiation, preparation and application for Bankruptcy Court approval of this Agreement.

7.   <u>Approval by Bankruptcy Court</u>.  The Trustee shall cause his attorneys to obtain all necessary orders of the Bankruptcy Court to approve this Agreement. If the Agreement is not approved by the Bankruptcy Court, it shall be of no force or effect.

8.   <u>Release of Claims</u>.

(a)   Except as expressly set forth herein, the Former Employees, for themselves and on behalf of any and all parties claiming by or through them, hereby forever release and discharge the Trustee, his agents, attorneys, successors, representatives and the Estates (together,

3

the "Trustee Released Parties") from any and all causes of action, actions, liabilities, demands, obligations, costs, expenses, or claims (hereinafter collectively "Claims") of any nature whatsoever, whether arising before or after the commencement of the Bankruptcy Cases, including, without limitation, any Claims that arise under the United States Bankruptcy Code, whether such Claims are known, unknown, suspected, unsuspected, fixed, contingent, liquidated, unliquidated, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, and which have existed at any time up until the date of this Agreement.  For the avoidance of doubt, the Trustee Released Parties do not include Kelleen Sullivan or Ross Sullivan.

      (b)     Except as expressly set forth herein, the Trustee, on behalf of SVC and SVP and on behalf of himself, his agents, attorneys, successors, representatives, and any and all parties claiming by or through him or the Estates, including all officers, directors, shareholders, independent contractors, employees, subsidiaries, affiliates, partners, joint venturers, co-venturers, insurers, investors, licensees, and all persons acting by, through, under, or in concert with them, hereby forever releases and discharges the Settling Creditors, their agents, attorneys, successors, representatives, officers, directors, shareholders, independent contractors, employees, subsidiaries, affiliates, partners, joint venturers, co-venturers, insurers, investors, licensees, and all persons acting by, through, under, or in concert with them, from any and all causes of action, actions, liabilities, demands, obligations, costs, expenses, accounts, promises, indemnifications, losses or claims of any nature whatsoever, whether at law or in equity, arising before or after the commencement of the Bankruptcy Cases, including, without limitation, any Claims that arise under the United States Bankruptcy Code, and all Claims in the Napa County Cross Complaint, whether such Claims are known, unknown, suspected, unsuspected, fixed, contingent, liquidated, unliquidated, matured, unmatured, disputed, undisputed, legal, equitable, due or become due, secured, or unsecured, and which they now have or hold or which have existed at any time up until the date of this Agreement, and expressly including any Claims asserted in the Adversary Proceeding now pending in the District Court (Case No. 3:18-cv-07088-WHO), and any and all Claims which could have been brought by the Estates or Trustee, on a direct or derivative basis, in any court or through the pursuit of any administrative agency or governing body.  For avoidance of doubt, the Trustee is providing the Settling Creditors with the broadest possible release he may provide on behalf of the Estates, and is  releasing any and all Claims held by the Estates including any claims that could have been brought by the Estates including all derivative claims. See Stein vs. United Artists 691F.2nd 885 (9th Circuit 1982).  The Trustee is not releasing any Claims held directly and exclusively by Ross Sullivan or Kelleen Sullivan as individuals, but the Trustee is releasing Claims of the Estate that could discharge derivative or indirect claims by Ross Sullivan or Kelleen Sullivan, including (without limitation) Claims by or through the Debtor, its Estates, or either of their agents. With respect to the matters released herein, the Former Employees and the Trustee acknowledge that they have each been advised to consult with legal counsel and are familiar with the provisions of California Civil Code Section 1542 and expressly waive any and all rights they each may have under § 1542, which provides as follows:

      A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

      This Agreement together with the releases herein contained, shall be binding upon and inure to the benefit of the heirs, executors, administrators, personal representatives, successors-in-

Case: 17-10065   Doc# 422-1   Filed: 04/08/21   Entered: 04/08/21 16:46:49   Page 63 of 101

interest, partners, directors, officers, insurers, employees, predecessors and assignees of the respective parties.

9.      Compromise of Disputed Claim.    The Settling Creditors and the Trustee acknowledge that the execution of this Agreement and consummation of the transactions contemplated hereby do not constitute an admission of liability or of any facts by any of the parties hereto.

10.     Representations and Warranties.   The parties each further expressly warrant and represent to one another as follows:

(a)     They have read this Agreement and consulted with their respective attorneys concerning its contents and legal consequences;

(b)     They have investigated the facts to the extent that they have deemed necessary in their sole discretion and have assumed any risk of mistake of fact and any facts proven to be other than or different from the facts now known to any of the parties and therefore intend this Agreement to be binding without regard to any mistake of fact or law relating to the subject matter of this Agreement;

(c)     They have taken all actions and obtained all authorizations, consents and approvals as are conditions precedent to their authority to execute this Agreement and thus warrant that they are fully authorized to bind the party for which they execute this Agreement; and

(d)     There has been and will be no assignment or other transfer of any claim released, or any part thereof.

The foregoing warranties and representations shall survive the execution and delivery of this Agreement.

11.     Integration.   This Agreement contains the entire agreement between the Settling Creditors and the Trustee regarding its subject matter.  This Agreement cannot be modified or amended, except in writing executed by the party to be charged.  Except as expressly set forth herein, there have been no representations or promises made by any party and relied upon by the other in entering into this Agreement.

12.     Execution of Documents.

(a)     The parties agree to act in good faith and to cooperate fully with and amongst one other in carrying out the provisions of this Agreement, and for that purpose the parties hereto each agree to execute any further documents which may be necessary to effectuate the transactions contemplated by this Agreement.

(b)     This Agreement may be executed in several counterparts and, as executed, shall constitute one agreement, binding on all parties who have executed a counterpart, notwithstanding that all parties are not signatories to the original or to the same counterparts.  All parties signing this Agreement acknowledge and represent they have complete authority to execute this Agreement.

5

(c)     This Agreement may be executed by telecopy or electronically submitted signatures. This Agreement shall be binding on all parties notwithstanding that all parties' telecopied or electronically submitted signature pages are not to the same counterparts.

13.     <u>Non-disparagement.</u> The Trustee, Debtors and Settling Creditors each agree that they will not make any disparaging or negative statements, whether written or oral, or engage in any negative communication about one another, including, but not limited to any communications about work, professional conduct or business. Trustee and Debtors further agree they will not disparage Former Employees' job performance or otherwise take any action which could reasonably be expected to adversely affect Former Employees', and each of their, personal or professional reputation.

14.     <u>Construction/Severability.</u> In the event of a suit or other legal proceeding arising out of this Agreement, any such action shall be brought in the Bankruptcy Court and the parties hereto shall submit to the jurisdiction of the Bankruptcy Court. If any provision of this Agreement shall be determined to be invalid, void or illegal, such provision shall be construed and amended in a manner which would permit its enforcement, but in no event shall such provision affect, impair or invalidate any other provision in this Agreement. Each party acknowledges that he/she/it has participated in the drafting of this Agreement and reviewed the terms of the Agreement and as such, no rule of construction shall apply in any interpretation of this Agreement which might result in this Agreement being construed in favor of or against any party, including without limitation, any rule of construction to the effect that ambiguities ought to be resolved against the drafting party.

15.     <u>Miscellaneous.</u>

(a)     Notwithstanding any provision contained in this Agreement to the contrary, in the event of a dispute relative to any provision in this Agreement, the prevailing party shall recover his/her/its reasonable attorneys' fees, costs and expenses incurred in enforcing this Agreement, in addition to any damages caused by such dispute.

(b)     Each party hereto warrants that he/she/it has made no assignment, and will hereafter make no assignment, of any claim, chose in action, right of action or any other right of any kind which is the subject of this Agreement or which is released pursuant to this Agreement, and that no other person or entity has or had any interest of any kind in the Claims referred to above.

(c)     As used in this Agreement, captions and paragraph headings are provided solely for convenience and shall not be deemed to restrict or limit the meaning of the text. The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning and not strictly for or against any of the parties

16.     <u>Governing Law.</u> This Agreement shall be governed by the laws of the State of California, without regard for choice-of-law provisions, and shall be utilized in construing or interpreting this Agreement and in enforcing the rights and remedies of the parties.

17.     <u>Notice.</u> Any notice required or permitted to be given pursuant to this Agreement shall be deemed effective upon personal delivery or within five days after deposit with the United

6

States Postal Service by certified mail, postage pre-paid, return receipt requested and addressed as follows, and to such other addresses as either party may designate in writing:

| | |
|---|---|
| If to the Former Employees: | Jonathan M. Cohen<br>Joseph & Cohen<br>Professional Corporation<br>1855 Market Street<br>San Francisco, CA 94103 |
| If to the Finn Parties: | Philip S. Warden<br>Pillsbury Winthrop Shaw Pittman LLP<br>Four Embarcadero Center, 22nd Floor<br>San Francisco, CA 94111-5998 |
| If to the Trustee: | Aron M. Oliner<br>Duane Morris LLP<br>One Market Plaza, Spear Tower, Suite 2200<br>San Francisco, CA 94105-1127 |

18.  <u>Terms Read and Understood</u>.  The undersigned hereby certify that they have read all of the foregoing Agreement, have conferred with counsel of their choosing pertaining to the same, fully understand all of the terms hereof, and have authority to enter into the foregoing Agreement.  The parties acknowledge and represent that they enter into this Agreement and all of the contemplated documents of their own free will and not due to any representation, commitment, promise, pressure or duress from any other party.

Dated:_____, 2019  _____
ANGELICA DE VERE

Dated:_____, 2019  _____
TERESA SULLIVAN

Dated:_____, 2019  _____
SONYIA GRABSKI

Dated:_____, 2019  _____
ELIZABETH MATULICH

Dated:_____, 2019  _____
TRINITY SCOTT

7

Dated:_____, 2019     _____
                                                                  STEPHEN A. FINN


                                                        WINERY REHABILITATION, LLC

Dated:_____, 2019     By:_____

                                                        Printed Name:_____

                                                        Title:_____




Dated:_____, 2019     _____
                                                                TIMOTHY W. HOFFMAN
                                                        Chapter 11 Trustee of the Bankruptcy Estates of
                                                                        SVC and SVP

8

**APPROVED AS TO FORM:**

JOSEPH & COHEN, P.C.

Dated:_____, 2019    By:_____
                                              JONATHAN M. COHEN
                                     Attorneys for Angelica de Vere, Teresa Sullivan,
                                        Sonyia Grabski, Elizabeth Matulich and
                                                    Trinity Scott

PILLSBURY WINTHROP SHAW PITTMAN LLP

Dated:_____, 2019    By:_____
                                               PHILIP S. WARDEN
                                       Attorneys for Stephen A. Finn,
                                 Winery Rehabilitation, LLC and Angelica de Vere
                                        in the Adversary Proceeding

DUANE MORRIS LLP

Dated:_____, 2019    By:_____
                                                ARON M. OLINER
                                      Attorneys for Timothy W. Hoffman,
                                              Chapter 11 Trustee

9

# EXHIBIT E

Aron M. Oliner (SBN: 152373)
Geoffrey A. Heaton (SBN: 206990)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email: gheaton@duanemorris.com

Counsel for Chapter 11 Trustee
TIMOTHY W. HOFFMAN

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>SVC,<br><br>          Debtor. | Case No. 17-10065 RLE<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**TRUSTEE'S CHAPTER 11 STATUS CONFERENCE STATEMENT**<br><br>Date:     May 21, 2019<br>Time:    1:30 p.m.<br>Place:   1300 Clay Street, Room 201<br>            Oakland, CA 94612<br>Judge:  The Hon. Roger L. Efremsky |
| In re<br><br>SVP,<br><br>          Debtor. | |

Timothy W. Hoffman, the duly appointed, qualified and acting Chapter 11 Trustee in these jointly administered cases ("Trustee") respectfully submits this Chapter 11 status conference statement, and represents as follows:

Case 17-10067 Doc# 430-2 Filed 05/13/20 Entered 05/13/20 15:48:44 Page 70 of 101

On May 8, 2019, this Court approved the Trustee's comprehensive settlement with various creditors in the case over the objection of Ross and Kelleen Sullivan (the "Sullivans"). On May 10, 2019, the Trustee submitted a form of order approving that compromise. As of this writing, the lodging period has not yet run and it is unknown whether or when the Sullivans may submit their own form of order, consistent with comments made in open court on May 8 by their counsel.

Once consummated, the result of the recently approved settlement and compromise is a much simplified and direct path forward in this case. The Trustee does not believe that conversion to chapter 7 is in the best interest of creditors. Neither is a structured dismissal (even were the Office of the United States Trustee to approve such an approach, which it will not) possible because of the remaining outstanding claims in the case. Thus, the most realistic and sensible path forward is a simple chapter 11 plan.

The Trustee believes that he can file a proposed plan and disclosure statement within the next 30-45 days. This would be a "pot plan" and, at confirmation, would provide for the immediate payment of all trade debt. The remaining funds in these administratively consolidated estates will be allocated to each estate and held in trust pending resolution of the remaining few claims in the case, namely, the claims of Stephen Finn and Winery Rehabilitation.

In light of still pending litigation in the District Court between Mr. Stephen Finn and Winery Rehabilitation, on the one hand, and the Sullivans, on the other hand, it does not appear possible to liquidate the claims held by Mr. Finn and Winery Rehabilitation until that litigation is resolved. The proposed plan will require that all funds be held in trust. The Sullivans will not be able to access the funds to pursue their separate claims against Finn and Winery Rehabilitation. The Trustee believes that the confirmation of a proposed plan will not be difficult to obtain in these circumstances. It is perhaps the best use of the Court's time to schedule a continued

DUANE MORRIS LLP
SAN FRANCISCO

Chapter 11 status conference coincident with the first hearing on the Trustee's proposed plan and disclosure statement.

       Respectfully submitted,

Dated:  May 13, 2019                        **DUANE MORRIS LLP**

                                By: /s/ Aron M. Oliner (152373)
                                      Aron M. Oliner
                                      Counsel to Chapter 11 Trustee
                                      TIMOTHY W. HOFFMAN

DUANE MORRIS LLP
SAN FRANCISCO

3

# EXHIBIT F



1    Aron M. Oliner (SBN: 152373)

2    Geoffrey A. Heaton (SBN: 206990)

     **DUANE MORRIS LLP**

3    One Market Plaza

     Spear Street Tower, Suite 2200

4    San Francisco, CA 94105-1127

     Telephone: (415) 957-3000

5    Facsimile: (415) 957-3001

     Email: gheaton@duanemorris.com

6

7    Counsel for Chapter 11 Trustee

     TIMOTHY W. HOFFMAN

The following constitutes the order of the Court.
Signed: May 20, 2019

_____
Roger L. Efremsky,
U.S. Bankruptcy Judge

8

9             **UNITED STATES BANKRUPTCY COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11             **SANTA ROSA DIVISION**

12

13    In re                           Case No. 17-10065 RLE

14    SVC,                        (Jointly Administered)

15            Debtor.           Chapter 11

16                               **ORDER AUTHORIZING TRUSTEE TO**

                                **ENTER INTO COMPROMISE**

17                               **CONTROVERSY WITH VARIOUS**

                              **CREDITORS AND LITIGANTS**

18

19    In re

20    SVP,

21            Debtor.

22

23          On the basis of the Application for Order Authorizing Trustee to Enter into Compromise

24 with Various Creditors and Litigants ("Application"), due and proper notice having been given,

25 no objection having been filed, and good cause appearing therefor,

26         **IT IS HEREBY ORDERED** as follows:

27         1.      The Application is approved.

28

DUANE MORRIS LLP
SAN FRANCISCO

DM3\5614494.2 R1034/00002            1

**ORDER AUTHORIZING TRUSTEE TO COMPROMISE CONTROVERSY WITH VARIOUS LITIGANTS**

2. Chapter 11 trustee Timothy W. Hoffman, Angelica de Vere, Teresa Sullivan, Sonyia Grabski, Elizabeth Matulich, Trinity Scott, Stephen A. Finn and Winery Rehabilitation, LLC are authorized to execute any and all documents and to take any and all steps necessary and proper to compromise the controversy as described in the Application.

3. Claim No. 5 in SVC's case filed by Angelica de Vere, and any amendments thereto, are hereby withdrawn with prejudice.

4. Claim No. 17 in SVC's case filed by Angelica de Vere, and any amendments thereto, are hereby withdrawn with prejudice.

5. Claim No. 6 in SVC's case filed by Teresa Sullivan, and any amendments thereto, are hereby withdrawn with prejudice.

6. Claim No. 7 in SVC's case filed by Sonyia Grabski, and any amendments thereto, are hereby withdrawn with prejudice.

7. Claim No. 8 in SVC's case filed by Elizabeth Matulich, and any amendments thereto, are hereby withdrawn with prejudice.

8. Claim No. 9 in SVC's case filed by Trinity Scott, and any amendments thereto, are hereby withdrawn with prejudice.

9. Consistent with paragraph 2 of the Settlement Agreement, nothing in this Order allows or disallows any claims filed by Winery Rehabilitation, LLC, or Stephen A. Finn, including but not limited to Claim Nos. 11, 12, 13 and 14 (collectively, the "Finn Party Claims"). The Finn Party Claims shall be subordinated in their entirety to all trade debt reflected in the captioned debtors' schedules and proofs of claim currently on file in the Bankruptcy Cases, to the extent such claims are allowed, provided, however, that the Finn Party Claims shall not be subordinated to the general unsecured claim in the amount of $2,130,720.00 listed in SVC's bankruptcy schedules [Docket No. 25] as a trade payable due SVP.

DUANE MORRIS LLP
SAN FRANCISCO

10. The Settlement Agreement and the approval of the compromise herein shall have no effect on claims possessed by Ross and Kelleen Sullivan, in their individual capacities, against Mr. Finn or any of his affiliates or entities, which are not being released under the Settlement Agreement.

11. Notwithstanding anything to the contrary in paragraph 8(b) of the Settlement Agreement, no release of the Buchalter law firm or any of its past or present attorneys shall be effected herein. Any and all claims the Debtors and Trustee may have against Buchalter shall be expressly preserved.

*** END OF ORDER ***

**APPROVED AS TO FORM AND CONTENT.**

Dated: May 10, 2019        **PILLSBURY WINTHROP SHAW PITTMAN LLP**

BY: /s/ Philip S. Warden (54752)
     Attorneys for Stephen A. Finn,
     Winery Rehabilitation, LLC and Angelica de Vere

DUANE MORRIS LLP
SAN FRANCISCO

**ORDER AUTHORIZING TRUSTEE TO COMPROMISE CONTROVERSY WITH VARIOUS LITIGANTS**

# COURT SERVICE LIST

[All parties entitled to service are ECF registered in this case.]

DM3\5614494.2 R1034/00002

4

DUANE MORRIS LLP
SAN FRANCISCO

**ORDER AUTHORIZING TRUSTEE TO COMPROMISE CONTROVERSY WITH VARIOUS LITIGANTS**

# EXHIBIT G

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE ROGER L. EFREMSKY, JUDGE

| | |
|---|---|
| In Re: | ) Case No. 17-10065-RLE-11 |
| | ) (Corrected transcript) |
| | ) <u>TRUSTEE'S APPLICATION for</u> |
| SULLIVAN VINEYARDS CORPORATION, | ) <u>ORDER AUTHORIZING TRUSTEE to</u> |
| | ) <u>ENTER INTO COMPROMISE with</u> |
| | ) <u>VARIOUS CREDITORS and</u> |
| Debtor. | ) <u>LITIGANTS</u> |
| | ) May 8, 2019 |
| | ) Oakland, California |

<u>Appearances</u>:

| | |
|---|---|
| For the Sullivan Family: | John D. Fiero, Esq.<br>Pachulski Stang Ziehl & Jones<br>150 California Street, 15th Floor<br>San Francisco, California  94111-4500 |
| | Daniel Mason, Partner<br>Furth Salem Mason & Li, LLP<br>101 California Street, Suite 2710<br>San Francisco, California  94111 |
| For the Creditor Employees: | Jonathan Cohen<br>Joseph & Cohen, PC<br>1855 Market Street<br>San Francisco, California  94103 |
| For Creditors Winery Rehabilitation, LLC and Stephen A. Finn: | Philip S. Warden, Esq.<br>Pillsbury Winthrop Shaw Pittman LLP<br>4 Embarcadero Center, 22nd Floor<br>San Francisco, California  94111-5998 |
| For Chapter 11 Trustee Timothy W. Hoffman: | Ron Oliner, Esq.<br>Law Offices of Duane Morris<br>1 Market, Spear Tower Suite 2200<br>San Francisco, California  94105-3104 |
| Digital Court Recorder: | United States Bankruptcy Court<br>Clerk of the Court<br>Lydia Menendez<br>1300 Clay Street, Third Floor<br>Oakland, California  94612 |
| Certified Electronic Transcriber: | Palmer Reporting Services |

Proceedings recorded by digital recording;
transcript produced by federally-approved transcription service.

1  <u>Monday, May 8, 2019</u>                                    <u>2:23 o'clock p.m.</u>

2                    P R O C E E D I N G S

3        THE COURT:  I'll take up line item 6, Case 17-10065.

4        MR. OLINER:  Good afternoon, Your Honor.  Ron Oliner,

5  Duane Morris, counsel for Chapter 11 Trustee Timothy Hoffman.

6        THE COURT:  All right.  Good afternoon.

7        MR. FIERO:  Good afternoon, Your Honor.  John Fiero of

8  Pachulski Stang for the Sullivan family and also with me here is

9  Dan Mason of the Furth, Salem and Mason firm and he is counsel

10  in the matter proceeding before Judge Orrick.

11        THE COURT:  All right.  Very good.  Thank you.

12        MR. WARDEN:  Good afternoon, Your Honor.  I'm Philip

13  Warden for the — for Mr. Finn and for Ms. De Vere and for Winery

14  Rehabilitation.  Thank you, sir.

15        THE COURT:  Good afternoon.

16        MR. COHEN:  And good afternoon, Your Honor.  Jonathan

17  Cohen on behalf of the creditor employees.

18        THE COURT:  All right.  Good afternoon.

19        MR. OLINER:  It is an auspicious day in this case,

20  where we have, subject to your approval, solved — I don't want

21  to give it a percentage, but a whole big chunk of this case.

22  And it's been in our papers and probably flawed, but the

23  benefits are large.  Parties will undoubtedly characterize it

24  differently, but from the trustee's perspective this gets rid of

25  $9 million in claims that we've defined are the five ladies in

Case: 17-10065   Doc# 4012   Filed: 03/27/20   Entered: 03/27/20 14:34:24   Page 2 of 231

1  the case are being waived, are gone from the estate.  Mr.
2  Warden's client is taking care of them, paying them.  We don't
3  know how much or how that's resolved.  We always deem those
4  claims very puffy, as you know.  But the bottom line is that's
5  gone.
6           THE COURT:  All right.
7           MR. OLINER:  The — Mr. Warden's clients' claims,
8  remaining claims, the so-called indemnity claims, to which Mr.
9  Fiero has objected, and I think that's either tabled or in the
10  ether somewhere, are not being liquidated, and so whatever — any
11  basis to object to them survives today.  And they're — but they
12  are because Mr. Warden's clients have agreed, being
13  subordinated, to trade, so the third parties who aren't sending
14  lawyers to court every day through the life of this case are
15  going to get paid.  There's absolutely immutably funds to pay
16  them in full.
17           THE COURT:  And that's about a quarter of a million?
18           MR. OLINER:  I think that's right.  Right in that
19  range.
20           The estate's lawsuit against Mr. Warden's clients,
21  which was filed by Steve Olson, not the trustee, in which I
22  think we have characterized it as at least very, very similar to
23  the claims that have been asserted by the Sullivans individually
24  in Mr. — in Judge Orrick's court, that's gone too.  We are
25  giving — we are dismissing those estate's — that estate's

Case: 17-10067   Doc# 412   Filed: 03/27/20   Entered: 03/27/20 14:34:24   Page 81
of 101

1  adversary proceeding against Mr. Warden's clients with

2  prejudice.

3          The estate is giving Mr. Warden's clients the broadest

4  possible release.  The universe of claims that this estate has,

5  including 1542 language, are gone.  Now that's all I really want

6  to say about that.  The — there has been some back and forth,

7  and I don't want to characterize or put words in the mouths of

8  way too many lawyers in the courtroom, about what is and isn't

9  being given up.  I think each side can tell you what they think

10 the order should contain.  It's a deal that makes eminent sense

11 for the estate.  It turns an 800-paid gorilla of a case into, I

12 don't know, I'm sort of embellishing here, a much smaller

13 gorilla, one that we can handle, because then we'll know we have

14 a pot of money, a couple of remaining issues, these claims by

15 Mr. Finn's client, the intercompany claim with which I think

16 you're familiar, and then we will move forward with some kind of

17 an exit strategy from there.

18          So unless you have questions, I —

19          THE COURT:  I think the only — I have a couple of

20 things just to clarify.  I want to be clear.  It's my

21 understanding that the former employees, the five ladies as you

22 refer to them, that with regards to the Sullivans, they are

23 going to dismiss the Napa action but without prejudices to the

24 Sullivans, and that's really not part of — I just —

25          MR. OLINER:  Yeah.

Case: 17-10067   Doc# 4012   Filed: 03/27/20   Entered: 03/27/20 14:34:24   Page 82 of 101

1      THE COURT:  — want to be clear about that.

2      MR. OLINER:  Yeah.  Thank you.  And you reminded me, I

3  forgot to say something else as well.  With respect to that,

4  there was much ink spilled, much pressure on the trustee to

5  include the ladies specifically in this settlement agreement,

6  and that's a whole second tranche of lawyers.  And we held fast

7  and said you guys solve that on your own.

8      Someone else can tell you what's going on there.

9  Despite the initial objection filed by Mr. Fiero suggesting that

10  that's a condition precedent to this deal, it's not.  And what

11  has gone on between the ladies in state court and the Napa

12  County case, that's not our problem.

13      THE COURT:  Right.

14      MR. OLINER:  We'd like it not to be our problem.

15      I forgot to mention one more thing.  It was raised by

16  Mr. Fiero and appropriately so.  Buchalter, they came in, they

17  were riven with conflict, they were disqualified, they had to be

18  pushed out forcefully with court orders.  When we in our

19  language in the settlement agreement included a very broad

20  release of all attorneys, et cetera, et cetera, we did not

21  intend to include a release of the Buchalter firm.  That will be

22  specifically carved out in the form of order.  It was raised by

23  the Sullivans' lawyer.  It's been surfaced by — with everybody.

24  No one is standing in the way of that, so we —

25      THE COURT:  And it carves out the Buchalter firm as

Case: 17-10067   Doc# 4412   Filed: 03/27/20   Entered: 03/27/20 14:34:24   Page 83
of 101

1   well as the attorneys at Buchalter that worked on the case?

2            MR. OLINER:  Correct.

3            THE COURT:  Okay.  All right.  The other question I

4   have is that with regards to the matter of Kelleen F. Sullivan,

5   et al. versus Stephen A. Finn, et al., Case Number 3:17CV05799,

6   before Judge Orrick, it's my understanding that this settlement,

7   that it should be clear that this motion, if approved by the

8   court, is not intended and should not be interpreted as serving

9   to release any claims held by any member of the Sullivan family

10  as individuals against any defendant in the district court

11  action noted above, if there is one, because Judge Orrick has

12  not ruled on that.  He had some tentative decisions saying there

13  might be something that survives, but I want to make it clear

14  that this is not — the settlement does not attempt to release

15  any of their individual claims that they would have the right to

16  bring individually. It's only releasing the estate's actions.

17           MR. OLINER:  The settlement agreement, and I'm going

18  to sound like I'm playing a little bit of gamesmanship with you,

19  it's not my intention, there are attorneys —

20           THE COURT:  I'm using Mr. Fiero's word —

21           MR. OLINER:  Yes, I know you are.

22           THE COURT:  — when he filed in — and I want — Mr.

23  Warden might have a different way of —

24           MR. OLINER:  I need —

25           THE COURT:  — and might agree with it but have

Case: 17-10067   Doc# 412   Filed: 03/27/20   Entered: 03/27/20 16:34:24   Page 84
of 101

1    different language.  I was just using that to paraphrase it for

2    purposes of the question.

3            MR. OLINER:  I'm going to yield in just a few seconds

4    for these counsels to argue about that.  The settlement

5    agreement offers only this:  The broadest possible release of

6    the estate's claims that can be given to Mr. Warden's clients.

7    Lawyers will want to put language into the order which either

8    colors Judge Orrick's next move one way or the other.  I'm going

9    to leave that here.  I'm well aware of Mr. Fiero's position and

10   how he wants some clarity there.  I'll just leave that to Your

11   Honor.

12           THE COURT:  Okay.  All right.  Mr. Fiero.

13           MR. FIERO:  Your Honor, John Fiero for the Sullivans.

14   Thank you for honing in on the one issue that we want to walk

15   out of here with clarity about, and that is, just as you read

16   into the record, that no individual claim of a Sullivan family

17   member is affected by this settlement; that the trustee was not

18   trying to give up such claims; and that there was no bargain by

19   which they should be surrendered.

20           And to that end, Your Honor, I circulated this morning

21   a proposed form of order which marks up the trustee's form of

22   order that had been circulated earlier among counsel.  And this

23   is what I can report.  And in that, I tried to thread that exact

24   needle, preserving all Sullivan family member claims.  And when

25   I say Sullivan family member claims, I mean Ross and Kelley and

Case: 17-10067   Doc# 4412   Filed: 03/27/20   Entered: 03/27/20 14:34:24   Page 85
of 101

1    I mean their siblings, everyone who has an ownership interest in

2    SVC.

3          And with regard to that, Your Honor, I think the

4    trustee's position is they're agnostic to the mark-up and

5    they're okay with the way it is, but they don't want to stand up

6    and say, yes, this is a good iteration of our bargain, but I

7    think that is the truth.  I know that Mr. Finn doesn't agree

8    with the mark-up that I've sent.  And I haven't had a chance to

9    connect with Mr. Cohen about his views, although I would expect

10   he would be agnostic as well because his clients are riding off

11   into the sunset and it is the Sullivans who are left to deal

12   with Mr. Finn.

13          And so if it would be okay, Your Honor, I'd like to

14   approach and hand up the redline of Mr. Oliner's order that I

15   circulated this morning so that the Court can see what language

16   we would propose be in the order.  Mr. — every lawyer in the

17   courtroom who cares about this, Your Honor, has a copy of this

18   order, I've handed it out this afternoon.  And so I think it

19   might just help frame our discussion.  But with that, I don't

20   have anything more to add.  You understand our position and

21   we've tried to encapsulate it in this marked-up order.

22          THE COURT:  Okay.  Let me just make a preliminary

23   comment.  Mr. Oliner would prepare an order, parties disagree

24   with it.  What I typically do is ask the respective counsels to

25   submit an order and specifically save our client with 99.9

Case: 17-10067   Doc# 412   Filed: 03/27/20   Entered: 03/27/20 16:34:24   Page 86 of 101

1  percent of these particular clauses we think should be written

2  this way, I would then ask you to submit a letter with that.

3  I've looked at it.  If I felt comfortable, didn't have any

4  questions, I'd probably choose the one that I think is most

5  appropriate.  If I have any issues, then I'd get everybody back

6  on the phone or have another hearing on this.  Preliminarily,

7  that's how I would deal with this.

8          I'd be happy to take a look at it today.  On the other

9  hand, Mr. Warden just got this, I'm assuming, today, and so he's

10 not really going to be in a position to say yea or nay.  But I

11 would be happy to hear comments from Mr. Warden about that,

12 because one of the things that comes to my mind, and again I

13 haven't looked at the lawsuit that was filed before Judge Orrick

14 in some time, but the — Mr. Warden's position is, is it's all

15 derivative, so with this release by the trustee, that suit goes

16 away.  Judge Orrick has kind of issued a tentative saying,

17 'Well, I think something may survive.'

18          But one of the questions that comes to my mind is if

19 the Sullivans individually have a cause of action that they can

20 bring, not the estate, the estate has no authority to bring, but

21 it's something they and only they individually could bring, I

22 think that's clear, but my question would be what if there is a

23 cause of action, and again I haven't thought this through, but

24 if there was an action possibly the estate and the Sullivans

25 could both bring that possibly would just be derivative, but

Case: 17-10067   Doc# 4412   Filed: 03/27/20   Entered: 03/27/20 14:34:24   Page 87
of 101

1    that would be my only concern, whether it'd be some potential

2    gray area.

3          MR. FIERO:  Your Honor, I believe that we are

4    acknowledging that if the claims are derivative, if they

5    actually are corporate claims, that they are resolved by this

6    settlement and there's nothing we can do about it.

7          THE COURT:  Okay.

8          MR. FIERO:  But with regard to individual claims, we

9    think that, A, the Sullivans as equity owners of the debtor

10   certainly have standing to —

11         THE COURT:  Right.

12         MR. FIERO:  — to weigh in on the settlement; and, B,

13   that this Court should not be interested in any way in resolving

14   that dispute.  It's completely outside of what's happening in

15   this Court.

16         THE COURT:  I think my discussions with Judge Orrick

17   has been that to the extent that there are individual causes of

18   action between the Sullivans, Finn, and WR — Winery

19   Rehabilitation, I have no jurisdiction over that, they're not

20   before me, and that would be something that would be decided in

21   the district court, which will lead —

22         MR. FIERO:  Yes, Your Honor.  And this language that

23   I'd like to hand up sort of goes to that —

24         THE COURT:  Okay.  If you — you could, you could.

25         MR. FIERO:  It's in the very last paragraph, Your

Case: 17-10057  Doc# 401-2  Filed: 05/27/20  Entered: 05/27/20 16:34:24  Page 188 of 201

1    Honor, paragraph 10.

2              THE COURT:  Okay.  All right, thank you.

3              MR. [SPEAKER]:  Second to last.

4              MR. FIERO:  Oh, I'm sorry.  Second to last.

5              Is there an 11?

6              THE COURT:  All right.  Mr. Warden, go ahead.

7              MR. WARDEN:  Thank you, Judge.

8              THE COURT:  Mr. Warden, if you're more comfortable

9    there, you're —

10             MR. WARDEN:  No, I'm happy to stand.  I get to sit all

11   day.

12             Your Honor, Mr. Fiero seems to think he represents

13   somebody other than the clients that he appears for.  I'm

14   looking at his pleading, his response, and he says in the

15   caption:  Attorneys for Equity Owners Ross, Sullivan, and

16   Kelleen Sullivan.  So I have no idea why we keep talking about

17   any member of the Sullivan family.  They don't — he doesn't

18   represent — they have not appeared.  They're not a party to this

19   settlement.  So what is it, they're asking for general releases

20   and they're asking to modify the order.  He's not a party to the

21   settlement.

22             THE COURT:  Well, let's — I guess my point would be

23   here, assuming the others — there are, what, three other

24   siblings — if they're not a party to it, they're not going to be

25   bound by it.  And if the trustee is just saying, 'I'm giving the

Case: 17-10067   Doc# 441-2   Filed: 05/13/20   Entered: 05/13/20 16:44:24   Page 89
of 101

1  broadest possible release to Mr. Finn and his related entities,'

2  okay.  It wouldn't be having any effect on any individual causes

3  of action that they might have against Mr. Finn and related

4  entities.  So whether he represents them formally or put it in

5  writing, we've had this discussion before, Mr. Fiero had made a

6  statement from the podium, and I think it's one of the last two

7  hearings, indicating that those papers indicate Ross and Kelleen

8  he does represent and his spoken with the other three siblings.

9  I guess that's my recollection, so.

10         MR. WARDEN:  Well, I just don't think there — that

11  even mentioning them is appropriate.  And I think any order that

12  purports to deal with them is entirely ineffective.  They're not

13  before the Court.  As best I know, they're not creditors.  They

14  have no standing in this Court.

15         But to the more important issue which is this order, I

16  saw this at about 1:59 and I've not studied it.

17         THE COURT:  Understood, understood.

18         MR. WARDEN:  But, Your Honor, we file — or the trustee

19  filed this entire motion on April the 3rd.  Why did we wait

20  until this afternoon to do this?  There's no reason.  I really

21  think that it's a package deal.  The trustee, to his credit,

22  bent over backwards and did concede various things to Mr. Fiero.

23  He said, 'Okay, I'll carve out.  I didn't intend to affect

24  Buchalter,' fine, I didn't object to that.  But the rest of it's

25  a package.  It was a package deal.  I think everybody's happy

Case: 17-11007   Doc# 401-2   Filed: 05/21/20   Entered: 05/21/20 16:34:24   Page 120
of 231
Case: 17-11007   Doc# 440-2   Filed: 05/13/20   Entered: 05/13/20 16:34:24   Page 90
of 201

1   with it.  If I were a creditor, a trade creditor, I'd be very

2   happy.  And I think it clears a whole lot of the air and I

3   really see no reason to disturb any of this.  I agree with your

4   —

5          THE COURT:  Mr. Warden, let's — if I can stop you

6   there, if that's the case then we have a problem with Buchalter

7   because this was filed April 30th, why don't I have language

8   that deals carving out Buchalter specifically?  It's not

9   anything I have.

10         MR. WARDEN:  I'll defer to the trustee on that.

11         MR. OLINER:  I think I might have to fall on my sword

12   here.  For one, —

13         THE COURT:  I'm not blaming you.  I'm just pointing

14   out —

15         MR. OLINER:  Yeah.  No, you're right.

16         THE COURT:  — that these are things that just happen

17   when you're putting a settlement together.

18         MR. OLINER:  A couple things.  One, Mr. Warden spoke

19   it and I need to correct it.  Mr. Fiero circulated this kind of

20   language in a form of order long before today.  I was working

21   dutifully to get these parties to come together on it.  It might

22   have been modified slightly today from what he offered before,

23   but hardly has this sat in on ice since I filed a motion.

24         THE COURT:  Right.

25         MR. OLINER:  I have been circulating forms of order

Case: 17-10057   Doc# 401-2   Filed: 05/27/20   Entered: 05/27/20 16:34:24   Page 91 of 101

1    and trying to get parties together.

2            Agnostic is kind of correct.  That was Mr. Fiero's

3    word.  I want to get the deal approved and get on with the case.

4            THE COURT:  Right.

5            MR. OLINER:  We agreed, I think it's in the papers we

6    filed, but not in the form of order that I have submitted to

7    Your Honor, —

8            THE COURT:  Right,

9            MR. OLINER:  — the Buchalter carveout.  What you said

10   a few moments ago may be the wisest course because these — these

11   parties —

12           THE COURT:  We're not going to get it resolved yet.

13   I'm offering an opportunity for counsel to be heard today —

14           MR. OLINER:  Right.

15           THE COURT:  — if there's something they want to

16   articulate for my benefit.  But I think what I'm going to have

17   is I'm going to ask you to submit a form of order.

18           MR. OLINER:  Right.

19           THE COURT:  I have Mr. Warden and Mr. Fiero say, okay,

20   — Mr. Warden might say, 'I am happy with all this' or 'I looked

21   at what Mr. Fiero is approaching, nonsense, I don't want

22   anything to do with it,' and then you can give me your proposed

23   —

24           MR. OLINER:  And then you pick.

25           THE COURT:  — language changes, and I'll look at it.

Case: 17-10057   Doc# 401-2 Filed: 05/21/20 Entered: 05/21/20 16:34:24   Page 42 of 201

1    And if I have a question, I'll either get you back on the phone

2    or have another hearing if necessary.

3            MR. OLINER:  Or prepare your own form of order.

4            THE COURT:  Yeah.  Correct.

5            MR. OLINER:  Sure.  That's, I think, the best way.  I

6    don't mean to cut anybody short.

7            THE COURT:  All right.  So, Mr. Warden, I guess my

8    question for you today that I'm going to do this and afford

9    everybody the opportunity, is there something that you want me —

10   you want to bring to my attention, because absent until I

11   actually see language that people had an opportunity, I think it

12   might be just be premature, and the question I would have at

13   this juncture:  Does anybody have any opposition to the

14   settlement as proposed with the understanding we've got some

15   dispute over the language and we'll have specific language

16   dealing with the carveout of the Buchalter firm and the

17   attorneys who handled the case?

18            Is there something else somebody would want to add

19   today?

20            MR. WARDEN:  I've seen no opposition, Your Honor.

21            THE COURT:  My — and I'm not —

22            MR. WARDEN:  The last day, I think the time to object

23   was extended —

24            THE COURT:  Right.

25            MR. WARDEN:  — twice.

Case: 17-10057   Doc# 441-2   Filed: 05/27/20   Entered: 05/27/20 16:34:24   Page 93
of 201

 1          THE COURT:  All right.

 2          MR. WARDEN:  So —

 3          THE COURT:  What I'm prepared to do is say that the

 4   *A&C Properties* have been met here.  I'm going to go ahead and

 5   approve the settlement with the understanding that Mr. Oliner

 6   will submit a form of order, provide it to Mr. Fiero and Mr.

 7   Warden, and anybody else who would like to look at that who has

 8   appeared in this case with respect to the settlement.  You will

 9   have seven days after that order to submit your own order, just

10   a brief coverletter that simply says:  Here's what we had.  This

11   is the specifics.

12          I can look at it.  If I'm comfortable with certain

13   language, I could take the trustee's final, I could end up

14   adopting, or I may get people back on the phone just to give an

15   opportunity if I have some questions, but that's how I intend on

16   handling this.  Okay?

17          MR. OLINER:  Terrific.

18          THE COURT:  All right.

19          MR. FIERO:  Your Honor, could I just add two points?

20          THE COURT:  Go ahead.

21          MR. FIERO:  The first is that, yes, I do represent all

22   five Sullivan family members and I've got signed engagement

23   letters that say that.

24          THE COURT:  Okay.

25          MR. FIERO:  I'm just double-checking my file, but I

Case: 17-10057   Doc# 441-2   Filed: 05/21/20   Entered: 05/21/20 14:34:24   Page 104 of 201
Case: 17-10057   Doc# 440   Filed: 05/13/20   Entered: 05/13/20 16:34:24   Page 104 of 111

1    know my engagement letter went to all five of them.

2              THE COURT:  Okay.

3              MR. FIERO:  And then with respect to this idea that

4    the Sullivans did not object, they did object.  We filed a

5    written objection.  You read from it from the bench.  And the

6    order that I handed up, you know, as a way to frame the

7    discussion is entirely consistent with what we said in our

8    pleading.  And, with that, we'll go ahead and do the letter

9    brief.  Thank you.

10             THE COURT:  Okay.  Mr. Warden.

11             MR. WARDEN:  May I make a few other comments?

12             THE COURT:  Sure.

13             MR. WARDEN:  I agree with Your Honor that Your Honor

14   has no jurisdiction over the individuals.  They're not parties.

15   And so I — nothing Your Honor says is going to, in effect,

16   dictate to the district court what he does.  I think we can all

17   agree on that.

18             I really don't understand why Mr. Fiero says he

19   objected.  He calls it a supplemental response and then he filed

20   something else called a response.  He didn't say objection.  But

21   if we're treating it as an objection, okay, sobeit.  I'm not

22   really sure, I think the key here is the agreement itself, and I

23   want to put on the record that the agreement is the agreement

24   and all of this peripheral comments and all of the discussion

25   that's gone on in any and all applications, those are all

Case: 17-10057   Doc# 440-2   Filed: 05/27/20   Entered: 05/27/20 16:34:24   Page 95
of 101

1  subsumed within the order.  The order is what governs.  And I

2  trust —

3           THE COURT:  Right.  And what I'm acknowledging is that

4  I am looking in this order to specifically state, talking about

5  the Buchalter carveout.  There is a 9th Circuit decision that

6  just came down talking about a consensual statement and how

7  things might affect issue or claims preclusion.  This is a

8  consensual agreement that has been reached between the parties,

9  but I wanted — but see the language on the carveout for the

10  Buchalters, there is an issue that any individual causes of

11  action that the Sullivans have are not included.  The trustee is

12  only giving the broadest release as to claims that the estate

13  has against Mr. Finn and the related entities.

14           With that being said, I'm approving the compromise.

15           And I guess the next question I have, assuming we get

16  over the hurdle of getting the agreed language, is:  Where do we

17  go from here?  Because, as I see it, we have Mr. Warden's

18  clients' claims, we have objections to the same.  The trustee is

19  going to be in a position as a result of the subordination to

20  pay all of the quarter of a million in trade creditors, but then

21  we have the action pending before Judge Orrick.

22           And the question I'm raising is this something that

23  would make more sense for the reference to be withdrawn,

24  possibly?  So that it's all before Judge Orrick or just let

25  Judge Orrick deal with his end of the litigation, we put

Case: 17-10057   Doc# 470-2   Filed: 05/27/20   Entered: 05/27/20 16:34:24   Page 96
of 101

1   everything on hold here, or do we pursue — I don't know how we

2   pursue the claims litigation here until potentially that lawsuit

3   — because that part of your claim is — is based on

4   indemnification.  So I don't need answers today, but I want you

5   to think about this, how we're going to proceed going forward.

6           Mr. Oliner.

7           MR. WARDEN:  Your —

8           MR. OLINER:  I have some comments, but I will wait —

9           THE COURT:  Let me hear from trustee's counsel first.

10          MR. WARDEN:  If I can respond, I think I can answer

11  one of the questions the Court posed.  You said what if there

12  were an action that potentially was — could be brought by the

13  Sullivans, but they both had a derivative claim, or words like

14  that, let's remember the rules.

15          Derivative claims, the proceeds are paid to the

16  estate, paid to the trustee.  They are not paid to the

17  individuals.  And, remember, Mr. Finn has not one, not two, but

18  three forms of indemnity, plus the *Siegel* (phonetic) case.  And

19  one of the cases we're settling today is the adversary.  And the

20  first claim for relief says, I object to the — one of Mr. Finn's

21  claims — that's been paid.  It's been paid in full.  It's *res*

22  *judicata* under the 9th Circuit law.  So I don't really think

23  there is a whole lot of mystery here.  I think it's, frankly,

24  pretty simple.

25          I'm — I would argue against removing the reference.  I

Case: 17-10057  Doc# 440-2  Filed: 05/21/20  Entered: 05/21/20 16:34:24  Page 97
of 201

1  —

2       THE COURT:  I just threw it out.  I'm not — I'm not —

3  I was just saying I won't — I'm trying to get just an

4  understanding as how we're going to move forward in the

5  bankruptcy court and what the timing and what are the parties

6  thinking about, just for my edification.

7       So, Mr. Oliner, if you could tell me —

8       MR. OLINER:  From here?  Sure.

9       THE COURT:  Yes.

10      MR. OLINER:  Sure.  Unless you want me to —

11      THE COURT:  No, from there is fine.

12      MR. OLINER:  Thank you.  So the trustee has certainly

13  given some thought to what happens after we get through the

14  hump, the hurdle, as it were.  And, you know, we have a pot of

15  money.  After today, we have considerably fewer folks who want

16  it or have rights to it.

17      Conversion, that's going to delay folks.  It's another

18  trustee, a set of lawyers.  It's going to deplete further.

19  Where I think I've heard you say, I have the sense that you know

20  the — the trustee, my client's done a yeoman's job.  So where we

21  come out is probably a very simplified process, a pot plan.  It

22  would be a plan and disclosure statement.  We'll flesh this out

23  at a status conference statement we will file a week before the

24  21st, which is where you have continued the Chapter 11 status —

25      THE COURT:  Right.

Case 17-10057  Doc# 441-2  Filed 05/21/20  Entered 05/21/20 14:34:24  Page 98
of 101

1    MR. OLINER:  — conference, where either through the

2  plan crucible, most likely, we will immediately pay out the

3  trade creditors.  And then Jim Hoffman, assuming he is the

4  liquidating agent or otherwise, the fellow who is still standing

5  on the other side of confirmation, he just holds the money.

6    THE COURT:  Okay.

7    MR. OLINER:  As you have correctly pointed out, Judge

8  Orrick has to figure out — you know, the claims of Finn, these

9  indemnity claims, have to be liquidated to or objected to.  The

10  intercompany claim isn't liquidated.  And then the question is

11  in these administratively-consolidated estates, who is getting

12  what.  So a highly-inactive — if that's a proper connection of

13  the words — liquidating trustee on the other side of a very

14  simplified confirmation, it seems to us, the trustee hasn't

15  taken a position on who gets what so much as just sitting back,

16  not billing much time, —

17    THE COURT:  Gotcha.

18    MR. OLINER:  — holding money.  That's how we see the

19  future.

20    THE COURT:  Okay, all right.

21    MR. OLINER:  Tentatively.

22    THE COURT:  All right.  Then that's — answers the

23  question I have today, so I'm approving this.  I'll look for an

24  order.  Again, circulate it.  After you receive it, file it with

25  the Court.  Then in seven days after that, if there's a

Case: 17-10057   Doc# 401-2   Filed: 05/21/20   Entered: 05/21/20 16:34:24   Page 99
of 101

1   disagreement, submit a letter with your proposed language for

2   either whatever sections of the order that you have a

3   disagreement with, then I'll look at that.  And if I have

4   questions, I'll get you back on the phone or require another

5   hearing, if necessary, but it will most likely with be resolved

6   with a phone call, if that at all.

7           MR. OLINER:  I think you can anticipate that by

8   tomorrow we will have done our part, we will — no disrespect —

9   submit the form of order that we had previously agreed to

10  without the new language.

11          THE COURT:  Okay.

12          MR. OLINER:  I have no doubt pursuant to the comments

13  made that within the lodging period, Mr. Fiero will offer his

14  language, and you decide.

15          THE COURT:  Okay, very good.  All right.

16          MR. OLINER:  Thank you.

17          THE COURT:  Thank you very much.

18          MR. WARDEN:  Thank you, Your Honor.

19          MR. FIERO:  Thank you, Your Honor.

20      (The hearing was adjourned at 2:50 o'clock p.m.)

21                          —o0o—

22

23

24

25

Case: 17-10067   Doc# 4012   Filed: 05/27/20   Entered: 05/27/20 14:54:44   Page 200 of 201

```
State of California          )
                             )    SS.
County of San Joaquin        )




        I, Susan Palmer, certify that the foregoing is a true
and correct transcript, to the best of my ability, of the above
pages, of the digital recording provided to me by the United
States Bankruptcy Court, Northern District of California, of the
proceedings taken on the date and time previously stated in the
above matter.

        I further certify that I am not a party to nor in any
way interested in the outcome of this matter.

        I am a Certified Electronic Reporter and Transcriber
by the American Association of Electronic Reporters and
Transcribers, Certificate Nos. CER-124 and CET-124; and also a
Certified Verbatim Reporter-Master (CVR-M) by the National
Verbatim Reporters Association, Member ID No. 3418.  Palmer
Reporting Services is approved by the Administrative Office of
the United States Courts to officially prepare transcripts for
the U.S. District and Bankruptcy Courts.
```

Susan Palmer
Palmer Reporting Services

Dated May 23, 2019
(Corrected transcript
 dated May 24, 2019)