| | |
|---|---|
| PHILIP S. WARDEN (SBN 54752) | |
| philip.warden@pillsburylaw.com | |
| NAN MCGARRY (SBN 318677) | |
| nan.mcgarry@pillsburylaw.com | |
| PILLSBURY WINTHROP SHAW PITTMAN LLP | |
| Four Embarcadero Center, 22nd Floor | |
| San Francisco, CA 94111-5998 | |
| Telephone: 415.983.1000 | |
| Facsimile: 415.983.1200 | |

*Attorneys for Stephen A. Finn
and Winery Rehabilitation, LLC*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>SVP,<br><br>            Debtor. | Case No. 17-10067-RLE<br><br>CHAPTER 11<br><br>**DECLARATION OF JONATHAN M. COHEN**<br><br>Date: January 31, 2020<br>Time: 10:00 a.m.<br>Place: 1300 Clay Street, Second Floor<br>       Courtroom 201<br>       Oakland, CA 94612<br>Judge: Hon. Roger Efremsky |

I, Jonathan Cohen, declares under penalty of perjury as follows:

1. I have personal knowledge of the following, and if called as a witness, would and could testify competently thereto.

2. My office represents Angelica de Vere, Teresa Sullivan, Sonyia Grabski, Elizabeth Matulich, and Trinity Scott in the SVC bankruptcy action as well as the previously litigated employment claims against SVC which were filed in Napa County Superior Court (Case No. 26-67976).

3. Our first appearance in the Napa County case was on August 21, 2018 after the Buchalter firm was disqualified.

- 1 –

Case No. 17-10065-AJ

4. The Napa County case was hard fought and there were objections to my clients' claims in the bankruptcy case.

5. We believed that our clients' claims in the Napa County case had significant value, along with their claims in the bankruptcy proceeding.

6. It was my understanding that prior to our involvement, the winery was sold, but the sales price was never disclosed so we did not know how much cash would remain in SVC.

7. We also understood that there was a $2.5M plus claim by SVP against the assets of SVC, which would, if fully allowed, take all the funds from SVC, leaving that entity insolvent.

8. Given this possibility and Kelly Sullivan's contention that she was insolvent, we mediated the Napa County case and bankruptcy claims with Mr. Hoffman as the trustee for the Chapter 11 estates.

9. Ultimately, we reached a settlement with Mr. Hoffman which also involved Mr. Finn and the claims against him by the trustee.

10. As part of the settlement, my clients dismissed the Napa County case and gave up their entire $9M in claims, and in return Mr. Finn would assign to my clients all of his recoveries from the bankruptcy estates up to a level that would, if paid, provide some level of compensation for my five clients.

11. The Settlement Agreement provides, in Recital T, that "Finn has agreed to provide confidential consideration to the Former Employees to resolve the Former Employees' claims." On this basis, and based on the entire three-way settlement negotiation among myself, Mr. Finn's counsel, and the Trustee's counsel, I am informed and believe that the Trustee understood and agreed that Mr. Finn's and WR's Siegal and indemnity claims were a potential source of recovery for my clients.

## Objection to Claims

I have read and specifically respond to Docket No. 52, filed on November 27th entitled, OBJECTION TO CLAIMS.

12. That Objection is not supported by any declaration, nor anything indicating personal knowledge, nor evidence showing the actual intent of the parties. The parties to the agreement

- 2 -

were Timothy Hoffman as Chapter 11 Trustee, represented by Ron Oliner; Steve Finn and Winery Rehabilitation, represented by Philip Warden; and the five women who were represented by my law firm, Joseph & Cohen. The Objection was filed on behalf of Andrea Wirum, who was not a party to the settlement.

13. I have reviewed the Application and the pleadings filed in connection with the compromise and the emails and communications among the parties, which are attached to Philip Warden's declaration. These documents confirm my understanding that the intent of the compromise was that Mr. Finn's claims and those of Winery Rehabilitation were not affected—at all. As articulated above, that is important to my clients because those five women gave up their claims in return for an assignment of the recovery, we all expected.

14. There was never any intent nor any discussion much less agreement to waive or impair such claims; to the contrary, we all agreed, and the record reflects, that Mr. Finn would pursue his Siegal and indemnity claims, to benefit my clients.

15. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: January 13, 2020

                                        */s/ Jonathan M. Cohen*
                                        Jonathan M. Cohen

- 3 -